IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>   Plaintiff,<br><br>   v.<br><br>THE STATE OF TENNESSEE AND THE TENNESSEE BUREAU OF INVESTIGATION,<br><br>   Defendants. | CIVIL NO. 2:24-cv-2101<br><br>JURY DEMAND |

## COMPLAINT

Plaintiff, United States of America, respectfully alleges:

1. The United States brings this suit against the State of Tennessee (the State) and the Tennessee Bureau of Investigation (TBI) (Defendants), to enforce Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12131-34, as amended, and its implementing regulation, 28 C.F.R. Part 35.

2. Defendants unlawfully discriminate against individuals with human immunodeficiency virus (HIV), a disability, in their maintenance and enforcement of Tennessee's aggravated prostitution statute, Tenn. Code Ann. § 39-13-516, which is a felony offense. This law subjects people living with HIV to harsher criminal penalties for engaging in prostitution, a misdemeanor offense, because of their HIV status and regardless of any actual risk of harm. Tennessee law also categorizes aggravated prostitution as a "violent sexual offense," mandating registration on the Tennessee Sex Offender Registry (registry), typically for life.

3. District attorney (DA)'s offices prosecute individuals with HIV for aggravated prostitution, elevating what would otherwise be a misdemeanor to a felony based solely on a

person's disability. The State, through the TBI, then enforces the sex offender registration and reporting requirements because of convictions for aggravated prostitution. The State's aggravated prostitution statute and the requirements under the sex offender registration statute triggered by an aggravated prostitution conviction subject people living with HIV to more severe criminal sanctions because of their disability, HIV, in violation of Title II of the ADA.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under Title II of the ADA, 42 U.S.C. § 12133, and 28 U.S.C. §§ 1331 and 1345.

5. This Court may grant the relief sought in this action pursuant to 28 U.S.C. §§ 2201-02 and 42 U.S.C. § 12133.

6. The United States has authority to seek a remedy for violations of Title II of the ADA. 42 U.S.C. § 12133; 28 C.F.R. pt. 35, subpt. F.

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in the State of Tennessee and a substantial part of the events giving rise to this action occurred in this district.

## PARTIES

8. Plaintiff is the United States of America.

9. Defendants are the State of Tennessee and the TBI, a department of the government of the State of Tennessee. Tenn. Code Ann. § 38-6-101. The TBI is responsible for maintaining the State Sex Offender Registry. Tenn. Code Ann. § 40-39-204(a).

10. The State of Tennessee and the TBI are "public entities" within the meaning of 42 U.S.C. § 12131(1) and 28 C.F.R. § 35.104 and are therefore subject to Title II of the ADA and its implementing regulations.

11.     Complainant and aggrieved individuals whose allegations of discrimination are discussed herein are qualified individuals with disabilities who are protected by Title II of the ADA because they have HIV, which substantially limits one or more major life activities. 42 U.S.C. § 12102; 28 C.F.R. § 35.108.

## FACTS

### Tennessee's Aggravated Prostitution Statute

12.     In Tennessee, criminal misdemeanor and felony laws fall into different classes, which determine the severity of potential sentence length and amount of fines. Misdemeanors range from Class C, the least severe, to Class A, the most severe. Felonies range from Class E, the least severe, to Class A, the most severe.

13.     It is a Class B misdemeanor to "engage in, or offer to engage in, sexual activity as a business, [serve] as an inmate in a house of prostitution, [or] loiter [] in a public place for the purpose of being hired to engage in sexual activity." Tenn. Code Ann. § 39-13-512(6).

14.     A Class B misdemeanor is punishable by to up to six months imprisonment and up to a $500 fine. *Id*. § 40-35-111(e)(2).

15.     In 1991, the Tennessee General Assembly enacted Tenn. Code Ann. § 39-13-516, the aggravated prostitution statute.

16.     The aggravated prostitution statute makes it a Class C felony "when, *knowing that such person is infected with HIV*, the person engages in sexual activity as a business or is an inmate in a house of prostitution or loiters in a public place for the purpose of being hired to engage in sexual activity." *Id*. § 39-13-516 (emphasis added). "Sexual activity" is defined to include any sexual relations. *Id.*

17.     A person convicted of a Class C felony is subject to imprisonment of three to 15

years and a fine up to $10,000. *Id*. § 40-35-111(b)(3).

18. Individuals charged under the aggravated prostitution statute are also ineligible for judicial diversion, which allows a person facing criminal charges to have the charges dismissed and expunged if they plead guilty and successfully comply with conditions set by a court. *Id*. §§ 40-35-313(a)(1)(B)(i)(c), (ii)(a).

**Sex Offender Registry Requirements for Individuals Convicted of Aggravated Prostitution**

19. Under the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification and Tracking Act of 2004, Tenn. Code Ann. § 40-39-201, the TBI is responsible for maintaining and publishing a centralized record system of those convicted of sexual offenses including aggravated prostitution, *id.* § 40-39-204(a).

20. The TBI is also responsible for notifying law enforcement when individuals are not in compliance with registration requirements, *id*. § 40-39-206(b), and determining whether a registrant is a "sexual offender" or "violent sexual offender" and therefore the length of their registry requirement, *see id*. §§ 40-39-202(19), (20), (30).

21. Individuals convicted of aggravated prostitution before June 30, 2010, were required to register with the state registry, but could petition TBI to terminate their registration requirements after 10 years of compliance if they had only one conviction under the statute. *See id.* § 40-39-202(20); § 40-39-207(a). Individuals with more than one conviction for aggravated prostitution are required to register as sex offenders for life, regardless of the date of conviction. *See id*. §§ 40-39-202(17)(A)(iii) (classifying aggravated prostitution as a sexual offense); *id.* § 40-39-207(f)(1)(A) (requiring lifetime registration for someone convicted of aggravated prostitution who was previously convicted of one or more sex offenses).

22. After June 30, 2010, aggravated prostitution was re-classified as a "violent"

sexual offense under Tennessee law. *See id*. § 40-39-202(31).

23. As a result, a person convicted of even a single count of aggravated prostitution after June 30, 2010, must register and comply with the registry's requirements for life. *See id*. § 40-39-202(31), § 40-39-207(g)(2).

24. A person required to register as a sex offender solely for an aggravated prostitution conviction may be removed from the registry only by petitioning the sentencing court based on the person's status as a victim of a human trafficking offense, a sexual offense, or domestic abuse. *Id*. § 40-39-218(a).

25. Individuals on the registry are restricted in where they may live, work, and go in public. Individuals convicted of aggravated prostitution may not live or accept employment within 1,000 feet of any school, day care center, other childcare facility, or public park, playground, recreation center, or athletic field. *Id*. § 40-39-211(a)(1).

26. These requirements restrict many of the areas where people can live and work in densely populated cities like Memphis. Many individuals on the registry find it difficult or impossible to find anywhere they can live or work without violating the registry's requirements.

27. Individuals on the registry for aggravated prostitution also may not be on the premises of any of the facilities in paragraph 26 unless they have a "legitimate" reason to be there, such as having custody of a child who is at that location. *Id*. § 40-39-211(d).

28. Individuals on the registry for aggravated prostitution may not be alone with minors in a private area, including extended family members such as nieces, nephews, and grandchildren. *See id*. § 40-39-211(k)(2).

29. Individuals on the registry for aggravated prostitution must report in person four times a year to update their registration with a designated law enforcement agency. *Id*. § 40-39-

204.  If a person is homeless, they must report once per month.  *Id.*

30. Individuals on the registry for aggravated prostitution must pay an annual fee of $150 per year in connection with their registration as sex offenders, *id.*, although individuals who are indigent or financially unable to pay may have the fee waived.  *Id*. § 40-39-305(b).

31. Individuals on the registry for aggravated prostitution must report changes in residence, employment, or education status within 48 hours.  *Id*. § 40-39-203(a)(1), (6).

32. If an individual violates registry requirements, TBI "shall make the information available [ ] to the district attorney general, designated law enforcement agencies and the probation officer, parole officer or other public officer or employee assigned responsibility for the offender's supervised release."  *Id*. § 40-39-206(b).

33. A violation of registry requirements, including the failure to timely report, constitutes a Class E felony, which is ineligible for suspension, diversion, or probation until a minimum sentence is served.  *Id*. §§ 40-39-208(a)-(b).  A first violation of the registry requirements is punishable by at least 90 days imprisonment and a $350 fine; a second violation by at least 180 days imprisonment and a $600 fine; and third and subsequent violations by at least one year imprisonment and a $1,100 fine.  *Id*. §§ 40-39-208(c)-(e).

34. Individuals convicted of aggravated prostitution after 2010 are identified as "violent" sexual offenders on their driver's licenses, and all individuals on the registry for aggravated prostitution must carry their driver's licenses or other government-issued photo identification cards whenever outside their homes—or they could be prosecuted for a Class E felony punishable by a fine of up to $250.  *Id*. §§ 40-39-213(a)-(b).

35. In addition, Defendants provide extensive personal information about individuals on the registry for aggravated prostitution on the TBI's publicly-searchable Sex Offender

Registry website, including their photo; name; date of birth; the sexual offenses of which the individual has been convicted and other criminal history; work, school, and home addresses; driver's license number; parole information; race and gender; and physical description.

36. A person visiting the site can click to see an offender's listed sexual offenses, along with the text of the statute under which the person has been convicted. Thus, for individuals with an aggravated prostitution conviction, their appearance on the registry reveals their HIV status to the public.

### Enforcement of the Aggravated Prostitution Statute in Shelby County

37. The majority of individuals on the registry in Tennessee solely because of convictions under the aggravated prostitution statute are in Shelby County.

38. Most individuals who are prosecuted for aggravated prostitution in Shelby County were initially arrested by the Memphis Police Department's Organized Crime Unit as part of decoy operations, where an undercover police officer poses as a potential customer to enforce prostitution laws.

39. DA's offices are responsible for elevating the prostitution misdemeanor charges to aggravated prostitution felony charges. An individual convicted for prostitution offenses must submit to HIV testing. *Id*. § 39-13-521(e). DA's offices may view an individual's HIV test results, when available, to determine whether there is probable cause to prosecute a person for aggravated prostitution. *Id.* If a person's HIV results are positive, a DA's office can either charge the person by criminal information with aggravated prostitution or seek a grand jury indictment on an aggravated prostitution charge.

40. Individuals are often given a "suspended" sentence which allows them to be put on probation first. In many of these cases, DA's offices will pursue a petition to revoke

7

suspended sentences if the individual violates the terms of their probation (including for failure to comply with sex offender registration requirements or to possess required identification). Once a suspended sentence is revoked, an individual cannot remain on probation.

41. As a result of either their initial convictions or these revocations, individuals convicted of aggravated prostitution often end up serving time in jail or prison, including in state-operated facilities.

42. The DA's Office in Shelby County has prosecuted individuals and secured guilty pleas for violations of the registry requirements by individuals who were solely on the registry for aggravated prostitution as recently as 2023.

## Aggrieved Individuals

43. Complainant A is a Black transgender woman who lives in Memphis, Tennessee.

44. Complainant A learned that she has HIV in 2008.

45. Complainant A was arrested on October 30, 2010, by the Memphis Police Department Organized Crime Unit and charged under Tenn. Code Ann. § 39-13-513 for prostitution near a church or school.  The Memphis Police Department was engaging in an undercover operation targeting street level prostitution.

46. In November 2010, the Shelby County DA's Office sought an indictment on two counts of aggravated prostitution before the Shelby County Grand Jury against Complainant A. The Grand Jury indicted Complainant A on both counts.

47. On April 30, 2012, Complainant A pled guilty to one count of Criminal Attempt, Aggravated Prostitution; the DA's Office dismissed her other charge.

48. Complainant A was sentenced to 2 years of incarceration and her sentence was suspended for 1 year, 9 months.  She was also sentenced to 1 year, 9 months of probation.

49. As a result of her criminal prosecution, Complainant A also owed and paid fines.

50. As a result of her conviction, Complainant A was compelled to register as a sex offender with the Memphis Police Department, which reports her information to TBI.

51. Complainant A must report four times per year to update her registration as a sex offender. Complainant A has also paid annual registration fees.

52. Complainant A must report any change in her address within 48 hours to the Memphis Police Department. In November 2016, Complainant A was arrested for violating this requirement after being displaced by a fire over a weekend and not reporting the change in residence within 48 hours.

53. When Complainant A attempted to report the change after the weekend, she was arrested and prosecuted for Criminal Attempt, Violation of the Sex Offender Act, under Tenn. Code Ann. § 40-39-208, which is a Class A Misdemeanor. Complainant A pled guilty to the offense.

54. As a result of this prosecution, Complainant A owed and paid a bond and fines.

55. TBI lists Complainant A as a "violent" sexual offender on the registry.

56. TBI also reveals Complainant A's HIV status to the public by listing her offense of conviction and the text of the statutory provision.

57. Complainant A has struggled to find safe housing that complies with registry requirements, and she has experienced periods of homelessness.

58. Complainant A has struggled to find employment because employers run background checks and will not hire her because she is on TBI's registry.

59. Complainant A is prevented from spending time alone with her nephew because of her conviction.

60. Complainant A is also prevented by Tennessee law from changing her legal name to match her gender identity.

61. Complainant A has been prevented from equally participating in educational programming because of her conviction, because the programming was held in a church with a daycare and her in-person attendance would have violated the registry requirements.

62. Other aggrieved individuals have experienced similar harms as Complainant A as a result of being convicted under the aggravated prostitution law. These harms include difficulty finding employment and housing because of the registry restrictions on living or spending time near schools, childcare centers, or parks. Landlords and employers also refuse to rent to or hire individuals after a background check reveals that they are on TBI's registry.

63. In addition, other aggrieved individuals have been restricted in their ability to interact freely with members of the community, including their own extended family members, because they cannot spend time in locations where children may be present.

64. Other aggrieved individuals have also had their privacy violated by their HIV status being revealed publicly as a result of being on TBI's registry.

### **Advancement of Prevention and Treatment Options for HIV**

65. Since the passage of Tennessee's aggravated prostitution statute, there has been significant progress in the understanding of and treatment of HIV. Beliefs and assumptions that individuals with HIV will spread it, or that having HIV is a death sentence, are now outdated and unfounded.

66. Between 1992 and 2000, diagnostic tools and treatments, including antiretroviral therapy (ART), were authorized by the U.S. Food and Drug Administration (FDA). The spread of the AIDS epidemic continued to slow. In 2010, the National Institutes of Health announced

the results of a study showing that pre-exposure prophylaxis (or PrEP) substantially reduced the risk of HIV infection among men who have sex with men. In 2011, the Centers for Disease Control (CDC) issued interim guidance to health care providers on the use of PrEP as a prevention strategy and it was approved by the FDA in 2012.[1]

67. Beginning in 2014, researchers reported that antiretroviral therapy was highly effective at suppressing viral load and preventing transmission of HIV. In 2017, the CDC announced that people living with HIV who are on treatment and have undetectable viral loads have effectively no risk of transmitting the virus to sexual partners. Rates of transmission have continued to fall while rates of viral suppression continue to rise. As of 2021, more than half of people diagnosed with HIV were virally suppressed.[2]

68. Tennessee, through its legislature, enacted and continues to maintain an aggravated prostitution statute that does not require prosecuting entities to make any individualized determinations in order to achieve a conviction. Still, the State permits harsher penalties for people living with HIV through its aggravated prostitution law and then requires these individuals convicted under this law to register as sex offenders.

69. The CDC has called for states to repeal or update outdated laws and practices that criminalize behavior based on HIV status, noting that most HIV criminalization laws were passed when "very little" was known about HIV transmission and treatment and do not reflect current scientific and medical evidence and advances, including availability of ART and PrEP.

---

[1] *See, e.g.*, HIV.gov, *A Timeline of HIV and AIDS*, https://www.hiv.gov/hiv-basics/overview/history/hiv-and-aids-timeline; CDC, *HIV Treatment as Prevention*, https://www.cdc.gov/hiv/risk/art/index.html (last reviewed Aug. 9, 2023); CDC, *Viral Suppression and Barriers to Care*, https://www.cdc.gov/hiv/statistics/overview/in-us/viral-suppression.html (last reviewed June 23, 2023).

[2] *See id.*

The CDC also notes that HIV criminalization laws "have not increased disclosure and may discourage HIV testing, increase stigma against people with HIV, and exacerbate disparities." [3]

## CLAIMS FOR RELIEF
### Violation of Title II of the Americans with Disabilities Act
### (42 U.S.C. §§ 12131-12134)

70. The foregoing paragraphs are incorporated herein.

71. All conditions precedent to the filing of this Complaint have occurred or been performed. *See* 28 C.F.R. pt. 35, subpt. F.

72. The Defendants' conduct in maintaining and enforcing the aggravated prostitution statute and the associated registry requirements constitutes discrimination on the basis of disability in violation of Title II of the ADA, 42 U.S.C. §§ 12131-12134, and its implementing regulation, 28 C.F.R. Part 35.

73. Title II of the ADA states that no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity. 42 U.S.C. § 12132. This provision protects individuals with disabilities from discrimination in all programs, services, or activities of the Defendants, including the maintenance and enforcement of state criminal law. The Defendants' maintenance and enforcement of the aggravated prostitution law, which subjects people to harsher criminal penalties solely because of their HIV status, regardless of any actual risk of harm, does not provide equal treatment in the Defendants' maintenance and enforcement of state criminal law.

74. The Defendants' maintenance and enforcement of the aggravated prostitution law

---

[3] CDC, *HIV Criminalization and Ending the HIV Epidemic in the U.S.*, https://www.cdc.gov/hiv/policies/law/criminalization-ehe.html (last reviewed Dec. 18, 2023).

and the associated registry requirements against individuals with the disability of HIV therefore discriminates against people living with HIV on the basis of their disability. 42 U.S.C. § 12132; 28 C.F.R. § 35.130(a).

## PRAYER FOR RELIEF

WHEREFORE, this Plaintiff United States prays that this Court:

  A. Grant judgment for the United States and declare that the aggravated prostitution statute, Tenn. Code Ann. § 39-13-516, and Defendants' maintenance, enforcement, and administration of it, violate Title II of the ADA, and its implementing regulation, 28 C.F.R. Part 35.

  B. Order Defendants to cease enforcement of the aggravated prostitution statute, including sex offender registration requirements and restrictions triggered solely by aggravated prostitution convictions.

  C. Order Defendants to remove individuals from the registry who are listed solely for convictions under the aggravated prostitution statute; for any individuals who would remain on the registry for other convictions, to remove all references to aggravated prostitution on their registry entry; and to refrain from adding any new individuals to the sex offender registry where the addition is based on an aggravated prostitution conviction.

  D. Order Defendants to terminate reporting requirements and cease notification of law enforcement as to the compliance status of individuals on the sex offender registry solely for convictions under the aggravated prostitution statute, pending their removal from the registry.

  E. Order Defendants to expunge all State records indicating that those with aggravated prostitution convictions (but no other sexual offenses) were ever registered on the registry, and to alert all agencies who were provided information regarding those with

aggravated prostitution convictions (including the Department of Motor Vehicles, courts, police departments, sheriff's departments, and the Federal Bureau of Investigation) that this information is no longer valid.

      F.    Award compensatory damages to Complainant A and other aggrieved individuals with aggravated prostitution convictions for injuries caused by the ADA violations alleged in this complaint, including for registry fees, court costs and fines, bonds, and attorneys' fees paid by the aggrieved individuals; and

      G.    Order such other appropriate relief as the interests of justice require.

## JURY DEMAND

Plaintiff United States of America requests a trial by jury under Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted this 15th day of February, 2024.

**FOR THE UNITED STATES OF AMERICA**

/s/ *Kristen Clarke*
KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

REBECCA B. BOND
Section Chief

/s/ *Stephanie M. Berger*
KEVIN J. KIJEWSKI
Deputy Chief
STEPHANIE M. BERGER
Trial Attorney
NY Bar #5201439
ALI N. SZEMANSKI
Trial Attorney
PA Bar #327769

Disability Rights Section
Civil Rights Division
U.S. Department of Justice
150 M Street NE
Washington, D.C. 20002
Telephone: (202) 307-0663
Stephanie.Berger@usdoj.gov