## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA; ) ) Plaintiff, ) ) v. ) ) THE STATE OF TENNESSEE and the ) TENNESSEE BUREAU OF ) INVESTIGATION; ) ) Defendants. ) ) | Case No. 2:24-cv-02101<br><br>Chief Judge Lipman<br><br>Magistrate Judge Pham |

### MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO CONSOLIDATE

Defendants move to consolidate this matter with case *OUTMemphis et al, v. Bill Lee, et al*, Case No. 2:23-cv-2670-SHL-CGC. Consolidation will ensure that common questions of law and fact are adjudicated consistently and efficiently, without prejudice to any party, in a manner consistent with the dictates of the Supreme Court's interpretation of Fed. R. Civ. P. 42. "[T]he impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724, 724 n. 10 (1966) (citing Fed. R. Civ. P. 42). Counsel for the United States does not oppose this motion.

Consolidation is appropriate when two cases "involve a common question of law or fact." Fed.R.Civ.P 42(a). Consolidation is a matter within the trial court's discretion. *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993). "Cases that have common questions of law or fact can be consolidated 'for the economy and convenience of the court and of the parties.'" *Grant v. David's Constr.*, No. 3:21-CV-00104, 2022 WL 610792, at *1 (M.D. Tenn. Mar. 1, 2022) (quoting

1

*3D Enters. Contr. Corp. v. Harpeth Valley Utils. Dist.*, No. 3:05-0594, 2006 WL 8457621, at *3 (M.D. Tenn. Oct. 11, 2006)). The underlying objective of consolidation is "to administer the court's business with expedition and economy while providing justice to the parties." *Advey v. Celotex Corp.*, 962 F.2d 1177, 1180 (6th Cir. 1992) (quoting 9 Wright & Miller, Federal Practice and Procedure, § 2381 (1971)).

Courts should consider (1) whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, (2) the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, (3) the time to conduct multiple lawsuits as against a single one, and (4) the relative expense to all concerned of the single-trial, multiple-trial alternatives. *Colonial Pipeline Co. v. Metro. Nashville Airport Auth.*, No. 3:20-CV-00666, 2020 WL 12893864, at *1 (M.D. Tenn. Dec. 11, 2020) (citing *Cantrell*, 999 F.2d at 1011). Each of these four factors supports consolidation of these two cases.

There are common questions of law for both cases. Each case challenges the same two Tennessee laws: (1) the Aggravated Prostitution statute, and (2) the related sex offender registry requirements.[1] Given that each lawsuit challenges the same two laws, and are based on nearly identical legal arguments, the risk of inconsistent verdicts is substantial if the two cases were to proceed separately.

There are also common questions of fact that pervade each case. Consolidating these cases will avoid burdening multiple experts and fact witnesses with litigation costs by allowing the parties to coordinate discovery efforts. For example, by consolidating the cases and operating under a single scheduling order, the parties could arrange for witnesses to submit to joint

---

[1] The Tennessee General Assembly recently passed, and the Governor recently signed into law, a broad repeal of the registry laws challenged in this case. *See* 2024 Tenn. Pub. Acts, c. 545, available at https://perma.cc/9ZMW-NMP7.

depositions, or, at a minimum, avoid conflicting and duplicative scheduling of depositions. Further, if the parties proceed to a joint trial,[2] judicial resources will be best preserved by hearing the identical witnesses one time, instead of twice, thereby allowing the Court to adjudicate the claims "with expedition and economy while providing justice to the parties." *Advey*., 962 F.2d at 1180.

It will save the Court time and resources to have these cases consolidated and will not risk prejudicing any party. Counsel for the United States does not oppose consolidation. Counsel for the OUTMemphis plaintiffs has expressed concern that consolidation might adversely impact discovery in their case. Should the Court consolidate the two cases, Defendants respectfully request the Court address this concern by ordering the parties to meet and confer before conducting a status conference to consolidate the scheduling between the cases in such a way that is agreeable to and does not prejudice any party.

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

*/s/ Cody N. Brandon*
CODY N. BRANDON (BPR# 037504)
Managing Attorney

JOHN R. GLOVER (BPR# 037772)
Assistant Attorney General

Law Enforcement &
Special Prosecutions Division

---

[2] The federal government has requested that the issue of joining trials be reserved for further discussion. This Motion to Consolidate addresses consolidation only; Defendants propose that specific questions about scheduling, discovery, or the propriety of a joint trial should be addressed separately with the Court.

3

                                              Office of the Tennessee
                                              Attorney General & Reporter
                                              PO Box 20207
                                              Nashville, TN  37202
                                              Off. (615) 532-7400
                                              Fax (615) 532-4892
                                              Cody.Brandon@ag.tn.gov
                                              John.Glover@ag.tn.gov

## CERTIFICATE OF SERVICE

   I hereby certify that a true and exact copy of the foregoing was filed and served via the Court's electronic filing system on this the 25th day of March 2024, upon:

Kristen Clarke
Assistant Attorney General
Civil Rights Division

Stephanie M. Berger
Trial Attorney
Disability Rights Division

U.S. Department of Justice
150 M Street NE
Washington, D.C. 20002

                     */s/ Cody N. Brandon*
                     CODY N. BRANDON