**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 2:24-cv-02101** |
| | ) | |
| **STATE OF TENNESSEE, and** | ) | **Chief Judge Sheryl H. Lipman** |
| **TENNESSEE BUREAU OF** | ) | |
| **INVESTIGATION,** | ) | **Chief Magistrate Judge Tu M. Pham** |
| | ) | |
| **Defendants.** | ) | |

---

**DEFENDANTS' MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION TO STAY**

---

Defendants move the Court to stay proceedings until July 15, 2024. The Tennessee General Assembly has recently amended Tenn. Code Ann. §§ 40-32-105; 40-39-202, -207, -218, ("the SOR statutes"), upon which the federal government's claims rely, and the new amendments will go into effect on July 1, 2024. 2024 Tenn. Laws Pub. Ch. 545 (S.B. 181) (Exhibit 1). Considering the threshold defects with the federal government's claim, as well as substantive changes in the law on which it is based, it makes little sense to conduct further proceedings at this time. As explained herein, the Court should stay all proceedings, including discovery, until 14 days after the amended law goes into effect, at which time the parties can update the court on how the change in the law affects the present litigation.

**BACKGROUND**

The federal government has sued the State of Tennessee and the Tennessee Bureau of Investigation claiming that Tennessee's aggravated prostitution statute, and the collateral consequences of conviction under that statute, violate the Americans with Disabilities Act. (Dkt.

1

1.)  Under the scheduling order proposed by the parties, written discovery must be completed by October 28, 2024.

The federal government's suit runs parallel to a suit by private plaintiffs challenging the same statutes.  Michelle Anderson and Jane Does 2, 3, and 4, (collectively "the individual plaintiffs") and OUTMemphis filed suit against Tennessee Governor Bill Lee, Attorney General Jonathan Skrmetti, TBI Director David Rausch, and Tennessee Department of Correction Commissioner Frank Strada.  (No. 2:23-cv-02670, Dkt. 1.)  Defendants moved to dismiss, (No. 2:23-cv-02670, Dkt. 59), after which Plaintiffs amended their complaint, (No. 2:23-cv-02670, Dkt. 62.)  Pending before this court is Defendants' motion to dismiss the amended complaint.  (No. 2:23-cv-02670, Dkt. 66.)  Under the operative scheduling order, written discovery in that case must be completed by July 12, 2024.  (No. 2:23-cv-02670, Dkt. 53.)  Defendants have asked that this case brought by the federal government be consolidated with the case brought by the private plaintiffs.

Central to both the private plaintiffs' and the federal government's complaints are the effects that mandatory registration as a sexual offender have on individuals convicted of aggravated prostitution.  The federal government refers to the impact of registration requirements in no less than 41 of the 74 allegations in its Complaint.  (No. 2:24-cv-02101, Dkt. 1, ¶¶ 2, 3, 9, 19-37, 40, 42, 50-64, 72, 74.)  And the federal government's single claim for relief alleges that "[t]he Defendants' conduct in maintaining and enforcing the aggravated prostitution statute and the associated registry requirements constitutes discrimination."  (No. 2:24-cv-02101, Dkt. 1, ¶ 72.)  Likewise, the private plaintiffs refer to this impact in no less than 195 of the 436 allegations

in their Amended Complaint.[1]  (Dkt. 62, ¶¶ 2-6, 8-10, 15-17, 20-21, 23, 78, 87, 98, 102, 104-171, 175, 177, 197-98, 203-15, 218, 235-46, 251, 253, 257, 260-62, 267-82, 287-90, 293-94, 296-301, 304-05, 307-19, 367, 373, 379, 384, 389-92, 395, 398-99, 402, 404-05, 408-10, 412, 413, 416-20, 427, 431-35.)  Six of the private plaintiffs' counts specifically challenge the SOR statutes (Counts IV, V, VI, VII, VIII, X), and every single count explicitly refers to the impact of registration as support for the private plaintiffs' claims (*See* Dkt. 1, ¶¶ 373, 379, 384, 389, 395, 402, 408, 417, 427, 432).

On March 11, 2024, Governor Bill Lee signed a new law amending the SOR statutes that are at the hearts of the complaints.  (Ex. 1.)  Undersigned counsel conferred with the federal government's counsel on March 22, 2024 to discuss the amendments to the SOR statutes and the possibility of amendment of the federal government's Complaint.  During this conference, the federal government insisted it did not intend to amend its complaint in light of the new law.  On March 20, 2024, undersigned counsel also conferred with the private plaintiffs' counsel to discuss the amendments to the SOR statutes and the possibility of the plaintiffs again amending their complaint to reflect the changes in the law.  During this conference, the private plaintiffs' counsel insisted they do not intend to amend their complaint in light of the new law.

## LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The party seeking a stay of proceedings bears the burden of showing the "pressing need for delay, and that neither

---

[1] Even the private plaintiffs' lengthy dissertation on the science of HIV treatment and transmission spans only 40 allegations.  (Dkt. 1, ¶¶ 24-63.)

the other party nor the public will suffer harm from entry of the order." *Ohio Env't Council v. United States District Court, S. Dist. of Ohio*, 565 F.2d 393, 396 (6th Cir. 1977). Entry of an order staying proceedings "ordinarily rests with the sound discretion of the District Court." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014) (quoting *Ohio Env't Council v. U.S. Dist. Court*, 565 F.2d 393, 396 (6th Cir. 1977)). When considering whether to grant a stay, a court weighs three factors: "(1) any prejudice to the non-moving party if a stay is granted, (2) any prejudice to the moving party if a stay is not granted, and (3) the extent to which judicial economy and efficiency would be served by the entry of a stay." *Does #1-3 v. Lee*, No. 3:19-CV-00532, 2020 WL 4904663, at *1 (M.D. Tenn. Feb. 18, 2020) (quoting *Tennessee ex rel. Cooper v. McGraw-Hill Cos., Inc.*, No. 3:13-00193, 2013 WL 1785512, at *6 (M.D. Tenn. Apr. 25, 2013)).

## ARGUMENT

Come July 1, the SOR statutes that are the focal point of the complaints will be drastically altered. Under the amended law, individuals convicted of aggravated prostitution will be eligible for expunction of their conviction. 2024 Tenn. Pub Acts, c. 545, § 1. Aggravated prostitution will no longer be an offense that requires registration as any type of sexual offender. 2024 Tenn. Pub. Acts, c. 545, §§ 2-3. Any individual currently registered as a sexual offender solely because of an aggravated prostitution conviction will be eligible for termination of registration requirements immediately. 2024 Tenn. Pub. Acts, c. 545, § 5.

This sea change in the laws that are central to the allegations of both complaints justifies a stay of these proceedings. Numerous courts, including courts in Tennessee, have recognized the propriety of a stay when even proposed legislation would substantially alter facts central to the complaint or the relationship between the parties if adopted. *See, e.g. Jones v. Haynes*, 736 Fed. App'x 585, 588 (6th Cir. 2018) (recounting Tennessee district court's grant of stay in light of

proposed repeal of statutes that were subject of litigation); *Pavek v. Simon*, No. 19-cv-3000, 2020 WL 4013982, at *2-3 (D. Minn. July 16, 2020) (staying proceedings "until the end of the regular 2021 Minnesota Legislative session—or until legislation that moots or otherwise resolves this case is enacted, whichever occurs first"); *Does #1-3 v. Lee*, No. 3:19-cv-00532, Dkt. 43 (M.D. Tenn. Feb. 18, 2020) (staying proceedings while Tennessee General Assembly considered legislation that would moot action); *Luckey v. United States Department of the Navy*, No. 18-cv-4059855, 2019 WL 4059855, at *2 (N.D. Cal. Aug. 28, 2019) (staying proceedings until completion of Congressional session or action on proposed legislation affecting case); *Stinnie v. Holcomb*, 396 F. Supp. 3d 653, 660-61(W.D. Va. 2019) (staying proceedings until conclusion of Virginia's legislative session for Virginia to consider repeal of central statute); *Sukumar v. Nautilus, Inc.*, 842 F. Supp. 2d 951, 954-55 (W.D. Va. 2012) (recounting stay of proceedings while legislation that would affect litigation was pending in Congress).

The case for a stay is even stronger where legislation that substantially alters litigation has been adopted but has not yet become effective.  Here, the new statutory amendments will likely render several of the claims moot.  *See Hill v. Snyder*, 878 F.3d 193, 204 (6th Cir. 2017) ("Legislative action ordinarily moots a case midstream, when a challenged provision is repealed or amended during the pendency of the litigation.").  And, given that numerous factual allegations supporting both complaints center squarely on the impact of registration, engaging in discovery about circumstances which will cease to exist after July 1, 2024, needlessly wastes the parties' resources.

The current state of this case and its private counterpart demonstrate that a stay will be a more efficient use of the court's and parties' time.  As reflected in the proposed scheduling order submitted by the parties in advance of the scheduling conference in this case, the parties disagree

about the effect the amendment of the law will have on the litigation, especially as it relates to Defendants' ability to seek dismissal of part or all of the suit based on the change in the law. (Exhibit 2.) And, if the private plaintiffs' discovery requests are indicative of the proof relevant to this case, substantial time will be spent on discovery of information that will change on July 1.[2] Of course, come July 1, any discovery about operation of the current law will become irrelevant if the amendment moots the federal government's claim. And at a minimum, the federal government will undoubtedly seek information about the amended law's operation from these same Defendants. So, whether this case is stayed or not, the parties will want to engage in written discovery about the amended laws. The only question is, in the meantime, whether Defendants will be forced to respond to discovery requests about a state of affairs that is about to evaporate.

The federal government will not be prejudiced by a stay. Should they choose to continue to press their claims after July 1, the Court will be more than capable of determining whether then-operative Tennessee law violates any federal statutes or constitutional guarantees. But, in the absence of a stay, Defendants will be prejudiced by being forced to engage in discovery that will necessarily become irrelevant or need to be duplicated after the change in law. And this Court would be asked to continue work on deciding a Motion to Dismiss that will either by mooted by an amended complaint or require supplemental briefing to reflect the significant change in the law.

Judicial economy and efficiency are best served by entry of a reasonable stay until July 15, 2024. At that time, the parties will be equipped to apprise the Court of the new path for this litigation in light of the change in law, including whether an amended complaint is necessary, whether updated briefing on the Motion to Dismiss would be appropriate, whether some or all

---

[2] The private plaintiffs served their first written discovery requests on March 26, 2024. (Exhibit 3.) Of the 31 requests for production, 23 ask for information related to the SOR statutes that have been amended effective July 1. (Exhibit 3, *see* Requests 3-7, 9-13, 17, 19-25, 27-31.)

defendants are entitled to a continued stay of discovery, and what adjustments to the scheduling

order to accommodate discovery are necessary.

## CONCLUSION

For the foregoing reasons, Defendants request that the Court stay all proceedings in this

matter, including discovery, until July 15, 2024.


Respectfully submitted,

JONATHAN SKRMETTI
ATTORNEY GENERAL & REPORTER

*/s/ Cody N. Brandon*
CODY N. BRANDON (BPR# 037504)
Managing Attorney
Assistant Attorney General

DAVID RUDOLPH (BPR# 13402)
Senior Assistant Attorney General

JOHN R. GLOVER (BPR #037772)
Assistant Attorney General

Office of the Tennessee
Attorney General and Reporter
P.O. Box 20207
Nashville, Tennessee 37202
Ph. (615) 532-7400
Fax (615) 532-4892
Cody.Brandon@ag.tn.gov
John.Glover@ag.tn.gov
David.Rudolph@ag.tn.gov

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2024, the foregoing was filed and served via the Court's electronic filing system on:

Stephanie Berger
Ali Szemanski
U.S. Department of Justice
150 M Street NE
Washington, DC 20002

*/s/ Cody N. Brandon*
CODY N. BRANDON