# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
AT MEMPHIS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:24-cv-02101** |
| | ) | |
| **THE STATE OF TENNESSEE and the** | ) | **Chief Judge Lipman** |
| **TENNESSEE BUREAU OF** | ) | |
| **INVESTIGATION;** | ) | **Magistrate Judge Pham** |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**[PROPOSED] SCHEDULING ORDER**

Pursuant to written notice, a scheduling conference was held on April 3, 2024.  Present were Stephanie M. Berger and Ali N. Szemanski, counsel for Plaintiff, and Cody N. Brandon, John R. Glover, and David M. Rudolph, counsel for Defendants.  At the conference, the following dates were established as the final deadlines for:

**INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)**: April 26, 2024

**MOTIONS TO JOIN PARTIES**: July 2, 2024

**MOTIONS TO AMEND PLEADINGS**: July 2, 2024

**MOTIONS TO DISMISS**: _____ [1]

---

[1] The parties could not reach agreement on a universal deadline for motions to dismiss.  The United States proposes April 10, 2024, which is the date on which Defendants' response to the current Complaint is due.  Defendants propose July 19, 2024, which would leave approximately two weeks after 2024 Tenn. Pub. Acts, c. 545 takes effect on July 1, 2024, and after the July 2, 2024 deadline to amend pleadings, for any new or supplemental motions to dismiss.

1

**ALTERNATIVE DISPUTE RESOLUTION:**

    **(a)**    **ADR DEADLINE PURSUANT TO ADR PLAN RULE 4.3(a):**

        To later be determined by the Court

        Mediator must file Mediation Certification Form:
https://www.tnwd.uscourts.gov/pdf/content/MediationCertificationForm.pdf

    **(b)**    **SELECTION OF MEDIATOR PURSUANT TO ADR PLAN RULE 5.4(c)2:**

        **STIPULATION FILING DATE:** To later be determined by the Court.

        (If the parties fail to agree upon a Mediator by this deadline, the Court shall select a Mediator for the case from the Court's Mediator list and shall issue an Order notifying the parties of the Mediator's identity)

**COMPLETING ALL DISCOVERY**: June 14, 2025

    **(a) DOCUMENT PRODUCTION AND INTERROGATORIES[2]**: October 28, 2024

    **(b) REQUESTS FOR ADMISSIONS**: April 15, 2025

    **(c) DEPOSITIONS OF FACT WITNESSES**: January 15, 2025

    **(d) SUPPLEMENTATION OF RESPONSES TO WRITTEN DISCOVERY**: November 15, 2025

    **(e) EXPERT WITNESS DISCLOSURES (Rule 26)**:

        **(1) DISCLOSURE OF PLAINTIFFS' RULE 26 EXPERT INFORMATION**: March 14, 2025

        **(2) DISCLOSURE OF DEFENDANTS' RULE 26 EXPERT INFORMATION**: April 14, 2025

        **(3) EXPERT WITNESS DEPOSITIONS**: June 14, 2025

---

[2] The parties shall serve requests at least forty-five days before the deadline to complete written discovery to allow sufficient time for responses by the deadline for completion of discovery.

2

**MOTIONS TO EXCLUDE EXPERTS/DAUBERT MOTIONS:** July 26, 2025

**FILING DISPOSITIVE MOTIONS**: September 12, 2025

**JOINT PROPOSED PRETRIAL ORDER DUE:** January 2, 2026
(E-Mail Joint Proposed Pretrial Order in Word or WordPerfect format to:
ECF_Judge_Lipman@tnwd.uscourts.gov)

**PRETRIAL CONFERENCE DATE:** January 9, 2026 at 9:00 a.m.
(All counsel participating in the trial must be present in person at the pretrial conference)

**NON/JURY TRIAL:** January 20, 2026 at 9:30 a.m. Trial is anticipated to last approximately fourteen days.

The parties do not consent to trial before the Magistrate Judge.

**OTHER RELEVANT MATTERS**:

As required by Local Rule 26.1(e), the parties have conferred as to whether they will seek discovery of electronically stored information ("e-discovery") and the parties have reached an agreement that they intend to negotiate a separate protocol regarding e-discovery and will comply with the default standards described in Local Rule 26.1(e) until such time the parties reach an agreement and the court approves their e-discovery plan.

Pursuant to agreement of the parties, if privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver.

Pursuant to Local Rule 16.3(d), within 7 days of completion of ADR, the parties shall file a notice via ECF confirming that the ADR was conducted and indicating whether it was successful or unsuccessful, without disclosing the parties' respective positions at the ADR. The mediator must file a Mediation Certificate form, as noted above.

Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60 shall, be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

The opposing party must file a response to any opposed motion. Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.

Neither party may file an additional reply to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 56, without leave of the court. Pursuant to Local Rule 7.2(c), if a party believes that a reply is necessary, it shall file a motion for leave to file a reply within seven days of service of the response, setting forth the reasons why a reply is required.

*__This order has been entered after consultation with the parties. Absent good cause shown, the deadlines set by this order will not be modified or extended.__*

**IT IS SO ORDERED,** this _____ day of April, 2024.

_____
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE

4