# EXHIBIT 3

THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| OUTMEMPHIS, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>BILL LEE, et al.,<br><br>        Defendants. | Civil Action No.: 2:23-cv-02670-SHL-CGC<br><br>PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and the applicable Local Rules of the Western District of Tennessee, Plaintiffs, by and through its counsel, request that Defendants answer the following requests for production within thirty (30) days of service. Defendants' obligation to respond to these requests for production ("Discovery Requests") is continuing, and Defendants' response is to be supplemented to include subsequently acquired information in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

**DEFINITIONS**

1. The terms "**Defendants**," "**You**," and "**Your**," mean Defendants Bill Lee, in his official capacity as Governor of Tennessee ("LEE"); Jonathan Skrmetti, in his official capacity as the Attorney General and Reporter of Tennessee ("SKRMETTI"); David Rausch, in his official capacity as Director of the Tennessee Bureau of Investigation ("RAUSCH"); and Frank Strada, in his official capacity as Commissioner of the Tennessee Department of Correction ("STRADA"), and their present and former employees, predecessors in interest, successors in interest, agents,

1

attorneys, consultants, investigators, representatives, accountants, financial advisors, and any other person acting on their behalf, pursuant to their authority, or subject to their control.

2. The term "**Plaintiffs**" means Plaintiffs Michelle Anderson, Jane Doe 2, Jane Doe 3, Jane Doe 4, and OUTMemphis.

3. The term "**document(s)**" has its broadest possible meaning under Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure and includes, but is not limited to, all of the following in Your actual or constructive possession, custody, or control: all written, typed, printed, recorded, textual, graphic or photographic matter, however produced or reproduced, any notes or drafts, and all copies on which any mark, alteration, writing, or any other change from the original has been made. The term "**document(s)**" includes all electronic media on which responsive information is stored or recorded, including, but not limited to, all computer and internet databases, indexes, floppy disks, hard drives, zip drives, USB drives, CD-ROMs, DVD-ROMs, tapes, or other computer storage, e-mails, text messages, social media posts, secure messaging platforms, and video or audio recordings.

4. The term "**communication(s)**" means any transmission of information between persons by any means or medium, whether in original, draft, or copy form, whether stored in hard copy, on tape, or electronically, and whether oral or in writing, including: conversations; correspondence; electronic mail; facsimile transmissions; recordings; telephone or message logs; notes or memoranda; and any translations. The term "**communication(s)**" includes Your internal communications and memoranda and communications between You and any other person.

5. The terms "**person**," "**persons**," or "**individual**" shall include all natural persons, corporations, firms, partnerships, associations, joint ventures, trusts and estates, business entities,

any city, state, or federal government entity or agency, and any other form of legal entity, whether real or fictitious.

6. A document, communication, or thing "**relating to**," "**related to**," "**concerning**," "**pertaining to**," or "**regarding**" a subject shall mean all documents, communications, or things that directly or indirectly constitute, contain, embody, concern, evidence, show, comprise, reflect, identify, state, refer to, deal with, comment on, respond to, describe, involve, mention, discuss, record, support, negate, or are in any way pertinent idto that subject.

7. The term "**any**" shall include the word "**all**," and vice versa.

8. The terms "**and**," "**or**," and "**and/or**" shall be construed conjunctively and disjunctively, whichever makes the discovery request more inclusive so as to bring within the scope of the request all documents that might otherwise be construed to be outside of its scope.

9. Singular forms of nouns or pronouns encompass their plural forms and vice versa, and any verbs encompass all tenses.

10. The terms "**identify**" or "**identity**," when used in reference to a natural person, shall mean to state their full name, current or last known home and business addresses, current or last known employer and position held, and current or last known personal and business telephone numbers.

11. The terms "**identify**" or "**identity**," when used with respect to a person or individual other than a natural person, shall mean to state its full name, address, telephone number, and the nature of its organization (*e.g.*, corporation, partnership, association, etc.).

12. The terms "**identify**" or "**identity**," when used in reference to a document, shall mean to state the date and author, type of document (*e.g.*, letter, email, text message, memorandum, telegram, chart, etc.) or some other means of identifying it, and its present location and custodian. Documents prepared before or after any period covered by these discovery requests but that relate

or refer thereto are to be included. If you are not in the possession of the document, "identify" or "identity" shall also mean describing in detail whether it was lost, destroyed, or otherwise disposed of and the accompanying circumstances.

13. The terms "**identify**" or "**describe**," when used with respect to an act, occurrence, contract, transaction, decision, statement, communication, or conduct (collectively, "act"), shall mean to describe in detail the event or events constituting the act, or what transpired; the place, the date, and time of the act; and to identify the persons involved in or with the act and the documents referring or relating to the act.

14. The term "Aggravated Prostitution" refers to T.C.A. § 39-13-516.

15. The term "Criminal Exposure" refers to T.C.A. § 39-13-109(a)(1).

16. The term "TN-SORA" refers to all versions of the Tennessee sexual offender registration acts, beginning with T.C.A. § 40-39-101 (1995) *et seq.* and continuing through Tennessee's Sexual Offender and Violent Sexual Offender Registration, Verification and Tracking Act, T.C.A. § 40-39-201 (2023) *et seq*.

## INSTRUCTIONS

1. In answering these Discovery Requests, You are required to not only furnish information based on Your own personal knowledge, but also information available to You, including but not limited to, nonprivileged information or facts in the possession of or known to Your attorneys, investigators, or anyone else acting on Your or their behalf.

2. If You object to any Discovery Request, in whole or in part, set forth the basis of Your objection with specificity, and respond to all parts of the Discovery Request to which You do not object.

3. **Claims of Privilege**. If You assert a claim of privilege to the production of any document requested, provide a written privilege log that identifies each document individually and for each such document, provide the following information:

   a. The nature or type of privilege claimed;
   b. A precise statement of the facts upon which the claim of privilege is based;
   c. The following information for each purportedly privileged document:
      i. The nature of the document, e.g., letter, memo, minutes, etc.;
      ii. The date it bears, if any;
      iii. The identity of the person preparing or sending it;
      iv. The identity of each person receiving it or any copy; and
      v. The subject matter of the document.

If you contend that only a portion of the document is privileged, provide a redacted copy of the document with a listing of the above information as to the redacted portion.

4. With respect to any Discovery Request, if You can provide some, but not all, of the information requested, provide the information You can and specifically identify each item for which You do not have sufficient information to fully respond.

5. You should produce all documents available to You or subject to Your access or control that are responsive to the Requests for Production. This includes documents in Your actual or constructive possession or control, as well as that of Your attorneys, investigators, experts, and anyone else acting on Your behalf.

6. If any responsive document was, but no longer is, in Your possession or subject to Your control, state whether the document is: (a) missing or lost; (b) destroyed; (c) transferred voluntarily or involuntarily to others; or (d) otherwise disposed of, and in each instance, identify the name and address of its current or last known custodian, and the circumstances surrounding such disposition.

7. All documents are to be produced in electronic form. As agreed, all documents will be produced in text-searchable PDF format, where possible. Each document shall be produced as a separate PDF file and Bates-stamped for identification.

8. **Native Files**. Unless otherwise agreed to by the parties, files that are not easily converted to image format, such as spreadsheet, audio and video, database, text (.csv or .txt) and drawing files, will be produced in native format. For any responsive Documents stored in electronic format, including email, Defendant will produce those Documents in searchable electronic format (i.e., single-page .tiff format with corresponding OCR or full-text files) through a file transfer protocol website, on CD-ROMs, DVD-ROMs, or portable or external hard drives, or through some other widely used electronic or optical storage media. All Microsoft Excel Documents, PowerPoint Documents, video, audio, and database-type files (e.g., Microsoft Access) will be produced in native format, and Plaintiff reserves the right to seek production of additional Documents, Communications, or categories of Documents in native format. Each native file should be named according to the Bates number it has been assigned and should be linked directly to its corresponding record.

9. Notwithstanding the foregoing, the parties may negotiate a separate production format (including native format) for any documents that are not reasonably producible or readable as PDF files, such as audio files or large spreadsheets.

10. **Relevant Time Period.** These Document Requests call for the production of all discovery materials generated, prepared, sent, provided, received, in possession during, or relating to the period identified in each request. The Document Requests seek the production of all discovery materials that concern the Relevant Time Period or are necessary for a complete and correct understanding of any Document responsive to these Document Requests, whenever prepared. If Defendants identify any Document responsive to a Document Request but cannot determine the date of its generation or preparation, the discovery material shall be produced as if otherwise responsive to the Document Request.

11. If any documents responsive to this request were already produced through Defendants' Initial Disclosures, so indicate for each response and do not produce an additional copy.

## REQUESTS FOR PRODUCTION

I. **REQUESTS FOR ALL DEFENDANTS**

**REQUEST FOR PRODUCTION NO. 1:** Produce all documents and communications that pertain to the Plaintiffs in this Action from January 1, 2000 through the present.

**REQUEST FOR PRODUCTION NO. 2:** Produce all documents and communications related to the intent, purpose, and enforcement of Aggravated Prostitution, including legislative history inclusive of amendments, law enforcement guidance, instructions, policies, procedures, reports, guides, updates, notices, instructions, audio/video presentations, and data summaries from January 1, 1991 through the present. This Request does not seek production of documents that are specific to individual instances of enforcement of Aggravated Prostitution.

**REQUEST FOR PRODUCTION NO. 3:** Produce all documents and communications related to the sexual offender registration requirements for Aggravated Prostitution and Criminal Exposure under TN-SORA from January 1, 2010 through the present, including all manuals, training materials, forms, standardized letters, policies, procedures, guides, computer program guides, updates, notices, instructions, audio/video presentations, reports, and data summaries, used to administer, operate, and enforce the sex offender registry or describing the administration, operation and enforcement of the sex offender registry. This specifically includes:
   a. manuals, guides, instructions, contracts, or other documents related to the current sex offender registry database. Documents about prior computer programs used to operate the database need not be provided;
   b. all documents related to requirements and procedures for registration and reporting under TN-SORA;
   c. a copy of all standardized forms used by registrants and/or law enforcement personnel with regard to TN-SORA;
   d. a copy of all standardized notices, form letters, or other documents used to communicate with registrants or law enforcement with regard to TN-SORA, including all documents provided to registrants with underlying convictions of Aggravated Prostitution or Criminal Exposure or provided to law enforcement to inform them about TN-SORA's requirements, about amendments to TN-SORA, and about federal and state litigation related to TN-SORA;
   e. all documents related to determining whether an individual is noncompliant with the registry, including all documents regarding how cases of non-compliance should be handled; and
   f. all documents related to the processing of tips or complaints provided by the public about registrants, including all documents showing the number and nature of such tips or complaints.

This Request does not seek production of documents or communications specific to the registration or files of individual registrants.

**REQUEST FOR PRODUCTION NO. 4:** Produce all communications, including but not limited to communications with other Defendants, local law enforcement, or other government officials, regarding Aggravated Prostitution or TN-SORA from January 1, 2010 through the present. This Request does not seek production of communications specific to the registration or files of individual registrants.

**REQUEST FOR PRODUCTION NO. 5:** Produce all documents and communications regarding the December 1, 2023, U.S. Department of Justice Letter of Findings and Conclusions, DJ No. 204-70-85.

**REQUEST FOR PRODUCTION NO. 6:** Produce all documents and communications related to the intent or purpose of TN-SORA from January 1, 1994 through the present.

**REQUEST FOR PRODUCTION NO. 7**: Produce all documents and communications related to the impact of Aggravated Prostitution and TN-SORA on sex work, HIV transmission, HIV testing, public health, and public safety from January 1, 1990 through the present.

**REQUEST FOR PRODUCTION NO. 8:** Produce all documents and communication related to oversight of the administration and enforcement of Aggravated Prostitution and TN-SORA, such as investigations, audits, and reports, of any government office vested with any authority under law or contract regarding its compliance therewith, or assessment of its performance and related costs from January 1, 2000 through the present.

II.   ADDITIONAL REQUESTS FOR DEFENDANT LEE

**REQUEST FOR PRODUCTION NO. 9:**  Produce all communications between the Tennessee Governor's Office and any government office of the United States of America, including but not limited to the U.S. Department of Justice Office of Justice Programs, Office of Sex Offender Sentencing, Monitoring, Apprehending, Registering, and Tracking ("SMART") regarding:
  a. Aggravated Prostitution or TN-SORA;
  b. Criminal Exposure and its removal as a registerable offense from TN-SORA, T.C.A. § 40-39-201 (2023); and
  c. compliance with the Ryan White Comprehensive AIDS Resources Emergency Act of 1990, Pub. L. No. 101-381, S. 2240, 101st Cong. and the Adam Walsh Child Protection and Safety Act, Pub.L. 109-248 109th Cong.;

from January 1, 2000 through the present.

**REQUEST FOR PRODUCTION NO. 10:** Produce all documents and communications regarding:
  a. the enactment of Aggravated Prostitution in 1991;
  b. the enactment of the Sex Offender Registry Act of 1994 ("SORA"); and
  c. amendments to SORA in 2004, 2010, 2011, 2014, and 2015.

III.   ADDITIONAL REQUESTS FOR DEFENDANT SKRMETTI

**REQUEST FOR PRODUCTION NO. 11:** Produce all communications between the Attorney General and Reporter of Tennessee and any government office of the United States of America from January 1, 2010 through the present, including but not limited to the U.S. Department of

Justice Office of Justice Programs, Office of Sex Offender Sentencing, Monitoring, Apprehending, Registering, and Tracking ("SMART") regarding:
   a. Aggravated Prostitution or TN-SORA;
   b. Criminal Exposure and its removal as a registerable offense from TN-SORA, T.C.A. § 40-39-201 (2023); and
   c. compliance with the Ryan White Comprehensive AIDS Resources Emergency Act of 1990, Pub. L. No. 101-381, S. 2240, 101st Cong. and the Adam Walsh Child Protection and Safety Act, Pub.L. 109-248 109th Cong.

**REQUEST FOR PRODUCTION NO. 12:** Produce all documents, including but not limited to guidance, memoranda, directives and communications between the Attorney General and Reporter of Tennessee and the District Attorneys General Conference regarding Aggravated Prostitution and TN-SORA from January 1, 2010 through the present.

**REQUEST FOR PRODUCTION NO. 13:** Produce all documents and communication regarding:
   a. the enactment of Aggravated Prostitution in 1991;
   b. the enactment of Tennessee's Sex Offender Registry Act of 1994 ("SORA"); and
   c. amendments to SORA in 2004, 2010, 2011, 2014, and 2015.

**REQUEST FOR PRODUCTION NO. 14:** Produce all documents and communications regarding the National Association of Attorneys General December 9, 2021 letter to the American Law Institute regarding changes to the Model Penal Code.

**REQUEST FOR PRODUCTION NO. 15:** Produce all documents and communications regarding T.C.A. § 8-7-106(a)(2) and the Attorney General's role in appointing an attorney general pro tem.

**REQUEST FOR PRODUCTION NO. 16:** Produce all documents and communications, including but not limited to, guidance, memoranda, and directives regarding your authority to participate in criminal and civil appeals from January 1, 2010 through the present.

**REQUEST FOR PRODUCTION NO. 17:** Produce all documents and communications related to participation in criminal or civil appeals regarding Aggravated Prostitution and sex offender registration for the same under TN-SORA from January 1, 2000 through the present.

**REQUEST FOR PRODUCTION NO. 18:** Produce all documents and communications relating to internal charging guidance or instructions for Criminal Exposure from January 1, 2014 through the present.

IV.   **ADDITIONAL REQUESTS FOR DEFENDANT RAUSCH**

**REQUEST FOR PRODUCTION NO. 19:** Produce all documents and communications, including but not limited to, all manuals, training materials, forms, standardized letters, policies, procedures, guides, computer program guides, updates, notices, instructions, audio/video presentations, reports, and data summaries by your employees pertaining to the administration, operation and enforcement of TN-SORA or describing the administration, operation and enforcement of the Tennessee sex offender registry. This specifically includes:

   a. all documents related to determining whether offenses committed in a jurisdiction outside Tennessee require a person to register in Tennessee under T.C.A. § 40-39-202(1); and
   b. all documents related to the process or procedures for handling juvenile adjudications, adjudications under diversionary programs, and convictions that have been expunged, set aside, or pardoned, including any documents containing data regarding registrants with such adjudications or convictions.

The timeframe for this request is January 1, 2014 through the present. This Request does not seek documents specific to individual instances of enforcement.

**REQUEST FOR PRODUCTION NO. 20:** Produce all documents pertaining to and all communications between the Tennessee Bureau of Investigation (TBI) and Federal agencies, other Tennessee state or local agencies, their contractors, and private entities coordinating enforcement and administration of TN-SORA with regard to individuals convicted of Aggravated Prostitution, including but not limited to:
   a. agreements to provide data about individuals registered, whether information was provided through automated data exchanges, and whether payments were made for such information;
   b. the mechanisms utilized to share data and to report violations of TN-SORA; and
   c. policies, guidance, manuals and memoranda governing the sharing of this data.

This Request does not seek production of documents specific to the registration or files of individual registrants, only cumulative or aggregate data and policies and procedures related to your sharing of the same. The timeframe applicable to this request is January 1, 2000 through the present.

**REQUEST FOR PRODUCTION NO. 21:** Produce all documents and communications pertaining to TBI investigations or participation in "compliance checks" for the enforcement and administration of Aggravated Prostitution and TN-SORA from January 1, 2010 through the present, including documents related to the date(s) of the operation, the geographic area of the operation, the law enforcement agency or agencies involved in the operation, the total number of law enforcement personnel involved in the operation, the number of registrants whose compliance was assessed in the operation, the number of registrants determined to be non-compliant, the number of registrants arrested, and/or the number of warrants issued. Please also provide any documents regarding any changes to or reductions in the number or type of sweeps being conducted. This request should include relevant documents from the September 28, 2023 and October 26, 2023 compliance checks.

**REQUEST FOR PRODUCTION NO. 22:** Produce all documents and communications pertaining to TBI's dissemination of TN-SORA registration information to law enforcement agencies, school and public housing agencies, employment-related agencies, social service entities, volunteer organizations, and any others who request such notifications, under T.C.A. § 40-39-214(a) from January 1, 2010 through the present.

**REQUEST FOR PRODUCTION NO. 23:** Produce all documents related to the costs of operating Tennessee's sex offender registry from January 1, 2014 through the present, including but not limited to:
   a. your budget for the Sex Offender Registry;

   b. the proportion of the budget spent specifically on Sex Offender Registration for those with Aggravated Prostitution convictions;
   c. documents concerning any other costs of TN-SORA enforcement for local law enforcement agencies, including costs of conducting compliance checks;
   d. documents related to federal funding for TN-SORA; and
   e. documents related to the collection of fees from registrants, including the amounts collected, the number of registrants paying fees, and usage of the funds collected.

**REQUEST FOR PRODUCTION NO. 24:** Produce all documents and communications pertaining to TBI's role in maintaining and making available a connection to TN-SORA for all criminal justice agencies with Tennessee Information Enforcement System (TIES) internet capabilities, T.C.A. § 40-39-204(a), from January 1, 2010 through the present.

**REQUEST FOR PRODUCTION NO. 25:** Produce all documents and communications pertaining to TBI's policies and procedures for processing requests for termination of TN-SORA requirements, including but not limited to TBI's process for conducting and evaluating background checks and assessing "substantial compliance," T.C.A. § 40-39-207, and all documents related to requests by individuals for removal from the registry who are required to register for convictions of Aggravated Prostitution and/or Criminal Exposure from January 1, 2010 through the present.

**REQUEST FOR PRODUCTION NO. 26:** Produce all documents, communications, and reports from January 1, 2010 through the present regarding recidivism data for those convicted of Aggravated Prostitution.

**REQUEST FOR PRODUCTION NO. 27:** For each year since the creation of the Tennessee sex offender registry, produce all documents and communications that contain the following data, either statewide or by county, regarding individuals registered for Aggravated Prostitution:
   a. the number of individuals charged with and the number convicted of violating any provision of the registry. Please specify for each separate type of violation (separate T.C.A. section or subsection) the number of individuals charged with that violation each year and the number convicted of that violation each year; and
   b. the average length of prison sentences imposed and the average length of jail sentences imposed for each separate type of violation.

**REQUEST FOR PRODUCTION NO. 28:** Produce all documents and communications related to the creation, documentation, and maintenance of exclusion zones under T.C.A. § 40-39-211(d)(1)(B) including but not limited to the maintenance and use of the ArcGIS exclusion zone map,[1] from January 1, 2014 through the present.

---

[1] Tenn. Bureau of Investigation, *Public_Safety/Corrections_TBI_Exclusion_Zones_Buffer (MapServer)*, ArcGIS, https://www.arcgis.com/home/webmap/viewer.html?url=https%3A%2F%2Ftnmap.tn.gov%2Farcgis%2Frest%2Fservices%2FPUBLIC_SAFETY%2FCORRECTIONS_TBI_EXCLUSION_ZONES_BUFFER%2FMapServer&source=sd (last visited Sept. 20, 2023).

**REQUEST FOR PRODUCTION NO. 29:** Produce all documents and communications related to keeping offenders informed of registration, verification, and tracking requirements, and sanctions under TN-SORA, T.C.A. § 40-39- 205(f), from January 1, 2014 through the present.

V.     **ADDITIONAL REQUESTS FOR DEFENDANT STRADA**

**REQUEST FOR PRODUCTION NO. 30:** Produce all documents, policies, reports, and communications regarding the Tennessee Department of Correction's (TDOC) role as a registering agency under T.C.A. §§ 40-39-201, 203 from January 1, 2010 through the present.

**REQUEST FOR PRODUCTION NO. 31:** Produce all documents and communications between the TDOC and Federal agencies, other Tennessee state or local agencies, their contractors and private entities coordinating enforcement and administration of TN-SORA for individuals convicted of Aggravated Prostitution, including but not limited to:
  a. agreements to provide data about such individuals, whether information was provided through automated data exchanges, and whether payments were made for such information;
  b. the mechanisms utilized to share data and to report violations of TN-SORA; and
  c. policies, guidance, manuals and memoranda governing the sharing of this data.

This Request does not seek production of documents specific to the registration or files of individual registrants, only cumulative or aggregate data and policies and procedures related to your sharing of same. The timeframe applicable to this request is January 1, 2000 through the present.

DATED this 26th day of March, 2024.

Respectfully submitted,

*/s/ Alexis Alvarez*
Alexis Alvarez* (NY Bar 5854278)
Alexis Agathocleous* (NY Bar 4227062)
Jon W. Davidson* ** (CA Bar 89301)
Rachel Meeropol* (NY Bar 4100954)
AMERICAN CIVIL LIBERTIES UNION
125 Broad St., New York, NY 10004
Phone: (863) 255-1928
AlexisA@aclu.org
AAgathocleous@aclu.org
JonDavidson@aclu.org
RMeeropol@aclu.org

Stella Yarbrough (BPR No. 033637)
Jeff Preptit (BPR No. 038451)

        Lucas Cameron-Vaughn (BPR No. 036284)
        ACLU FOUNDATION OF TENNESSEE
        P.O. Box 120160
        Nashville, TN 37212
        Phone: (615) 320-7142
        SYarbrough@aclu-tn.org
        JPreptit@aclu-tn.org
        Lucas@aclu-tn.org

        Lynly S. Egyes* (NY Bar 4838025)
        Milo Inglehart* (NY Bar 5817937)
        TRANSGENDER LAW CENTER
        594 Dean Street, Suite 11
        Brooklyn, NY 11238
        Phone: (510) 587-9696 Ext. 353
        Lynly@transgenderlawcenter.org
        Milo@transgenderlawcenter.org

        Dale Melchert* (NY Bar 5366554)
        TRANSGENDER LAW CENTER
        P.O. Box 70976
        Oakland, CA 94612
        Phone: (510) 587-9696 Ext. 354
        Dale@transgenderlawcenter.org

*Admitted *Pro Hac Vice*
** *Admitted only in California*