**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

**UNITED STATES OF AMERICA**

    **Plaintiff,**

    **v.**

**THE STATE OF TENNESSEE AND THE**
**TENNESSEE BUREAU OF**
**INVESTIGATION,**

    **Defendants.**

**Case No. 2:24-cv-02101**

**Chief Judge Sheryl H. Lipman**

**Chief Magistrate Judge Tu M. Pham**

---

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STAY**

---

Plaintiff United States responds in opposition to the Motion to Stay filed by Defendants

State of Tennessee and the Tennessee Bureau of Investigation (TBI), ECF No. 19.  A stay would

prejudice the United States without furthering judicial economy or efficiency, while Defendants

will not be prejudiced in the absence of a stay.  Accordingly, their motion should be denied.

**BACKGROUND**

The United States filed suit against Defendants under the Americans with Disabilities Act

(ADA) for their maintenance and enforcement of a state law that imposes harsher criminal

penalties against people living with human immunodeficiency virus (HIV), regardless of any

actual or potential risk of transmission.  Tennessee's aggravated prostitution statute, Tenn. Code

Ann. § 39-13-516, elevates conduct that would otherwise be a misdemeanor to a Class C felony,

solely because the individual has a disability: HIV.  Compl. ¶¶ 13-16.  The Class C felony

exposes individuals to increased penalties, as compared to the misdemeanor offense of

1

prostitution.  Compl. ¶¶ 14, 17.  Tennessee has also required individuals convicted of aggravated

prostitution to register as sex offenders and classified them as violent sex offenders mandating

lifelong registration since 2010.  Compl. ¶¶ 21-23.

Tennessee Senate Bill 181 was passed by the Tennessee General Assembly on February

22, 2024, and was signed into law by the Governor on March 11, 2024.  ECF No. 19, Exhibit 1

(2024 Tenn. Laws Pub. Ch. 545 (S.B. 181)).  This legislation repeals the requirement for

individuals to register for the sex offender registry if convicted of aggravated prostitution in the

future, effective July 1, 2024.  The legislation also permits individuals currently on the registry to

request termination of their registry requirements by Defendant TBI but fails to establish criteria

for when such termination will be granted.  The legislation also makes convictions for

aggravated prostitution eligible for expunction for human trafficking victims, subject to

limitations.  However, it expressly does not alter or repeal Tennessee's aggravated prostitution

statute, which is what triggers the need to register as a sex offender in the first place.  The United

States' complaint challenges the legality of the enforcement and maintenance of that underlying

criminal offense under the ADA and seeks a declaratory judgment, injunctive relief, and

compensatory damages for individuals harmed by the Defendants' actions, none of which are

cured or even altered by the new legislation.

## LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to

control the disposition of the causes in its docket with economy of time and effort for itself, for

counsel and for litigants."  *Ohio Env't Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir.

1977) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)).  District courts therefore

have wide latitude and discretion to grant stays.  *See F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d

611, 627 (6th Cir. 2014). Whether a stay is proper is case-specific and the burden is on the party requesting the stay to show the circumstances "justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433-34 (2009). A court, however, "must tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Env't Council*, 565 F.2d at 396.

In considering whether a stay is proper, district courts generally balance the hardships between the moving and non-moving parties, as well as assess whether a stay would "further the interest in economical use of judicial time and resources." *Derrick v. Friar*, No. 2:17-cv-02741, 2022 WL 20742544, at *1 (W.D. Tenn. Dec. 9, 2022) (quoting *IBEW, Local Union No. 2020 v. AT&T Network Sys.*, 1989 WL 78212, at *8 (6th Cir. July 17, 1989)). As the Supreme Court has observed, a stay "is not a matter of right," even in instances where there is the possibility of irreparable injury. *Nken*, 556 U.S. at 433 (quoting *Virginian R. Co. v. United States*, 272 U.S. 658, 672 (1926)).

## ARGUMENT

Defendants have not established that a stay of proceedings is warranted. Neither the balance of hardships between the moving and non-moving parties, nor judicial economy and efficiency warrant even a limited stay.

The duty of the government regarding civil rights legislation is unique and important. This duty has been credited as "the highest public interest in due observance of all constitutional guarantees including those that bear the most directly on private rights, and it is perfectly competent for Congress to authorize the United States to be the guardian of that public interest." *United States v. Raines*, 362 U.S. 17, 27 (1960). The United States' interest in enforcing federal law is "independent of any claims of private citizens." *United States v. E. Baton Rouge Par. Sch.*

*Bd.*, 594 F.2d 56, 58 (5th Cir. 1979). In particular, Congress charged the Department of Justice with enforcement and implementation of Title II of the ADA, 42 U.S.C. §§ 12131-12134, which prohibits disability discrimination by public entities. Congress also expressed its intent to reserve a "central role" for the federal government in enforcing the ADA. 42 U.S.C. § 12101(b)(3). The United States has strong interests in pursuing Defendants' compliance with federal antidiscrimination law and relief for the victims of Defendants' past and current unlawful practices. These interests continue even with the passage of S.B. 181, which neither repeals Defendants' discriminatory law nor addresses the harms done to individuals previously convicted. The United States' ability to redress this discrimination as expeditiously as possible would be prejudiced by Defendants' request for an unnecessary stay.

On the other hand, if the stay is denied, there would be no prejudice to Defendants. Defendants argue that a stay is warranted because S.B. 181 is set to take effect on July 1, 2024, so they claim proceeding with discovery before then would waste resources. Defendants' argument is premised on the erroneous notion that this change in law moots the government's case. While the United States anticipates fully addressing any mootness arguments at the motion to dismiss stage, whether a case is moot turns on whether it is impossible for a court to award "any effectual relief," *Coal. for Gov't Procurement v. Fed. Prison Indus., Inc.*, 365 F.3d 435, 458 (6th Cir. 2004) (quoting *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992)), and a case or controversy "does not cease to exist merely by virtue of a change in the applicable law," *Hamilton Cnty. Educ. Ass'n v. Hamilton Cnty. Bd. of Educ.*, 822 F.3d 831, 835 (6th Cir. 2016) (citing *Cam I, Inc. v. Louisville/Jefferson Cnty. Metro. Gov't*, 460 F.3d 717, 719-

20 (6th Cir. 2006)).[1]  The change in law here, however, has no or little impact on the pending

action.  The aggravated prostitution statute at the heart of the United States' lawsuit remains

unaffected by S.B. 181.  The individuals harmed have not been made whole through removal

from TBI's sex offense registry and expungement of State records regarding their prior

registration, nor compensated for the economic harm suffered as the result of their aggravated

prostitution convictions.  The change in law likewise does not remove individuals from

Tennessee's sex offender registry or guarantee that individuals seeking removal will actually be

removed.  Instead, as Defendants acknowledge in their motion, individuals will only be

"eligible" for expunction as trafficking victims and "eligible" for termination.  Neither outcome

is automatic or guaranteed.  Nor does this new law compensate aggrieved persons for the harm

they have experienced because the TBI listed them on this registry because of convictions based

on their HIV status.[2]

---

[1] The cases relied upon by the Defendants in support of their motion to stay proceedings do not
support their argument at this stage of the litigation.  Unlike S.B. 181, which has been signed
into law, those cases dealt with pending, yet-to-be passed legislation that would have wholly
repealed the challenged statutes, such that a stay was appropriate while waiting to determine
whether the legislation would actually moot the pending litigation.  *See, e.g.*, *Jones v. Haynes*,
736 Fed. App'x 585, 588 (6th Cir. 2018) (granting a stay while waiting to determine whether
legislation would moot pending litigation); *Pavek v. Simon*, No. 19-cv-3000, 2020 WL 4013982,
at *2-3 (D. Minn. July 16, 2020) (same); *Does #1-3 v. Lee*, No. 3:19-cv-00532, 2020 WL
4904663, at *1 (M.D. Tenn. Feb. 18, 2020) (same); *Stinnie v. Holcomb*, 396 F. Supp. 3d 653,
660-61 (W.D. Va. 2019) (granting a stay while waiting to determine whether legislation would
moot pending litigation); *Sukumar v. Nautilus, Inc.*, 842 F. Supp. 2d 951, 954-55 (W.D. Va.
2012) (recounting stay of proceedings while legislation that would affect litigation was pending);
*Luckey v. U.S. Dep't of the Navy*, No. 18-cv-06071, 2019 WL 4059855, at *2 (N.D. Cal. Aug.
28, 2019) (staying proceedings to determine how pending legislation would affect case).  By
contrast, S.B. 181 has already passed.  More importantly, unlike the pending litigation in the
cited cases, S.B. 181 has limited impact on the United States' suit.  Nonetheless, Defendants can
raise arguments about why they believe S.B. 181 will moot the United States' claim now in a
motion to dismiss.  The Court is equipped to address these arguments now.
[2] As Defendants correctly point out in their motion, much of the United States' complaint
discusses the registry requirements and how they have negatively affected individuals convicted
of aggravated prostitution.  Even if individuals currently on the registry apply after July 1, 2024,

The issue of mootness can and should be addressed in Defendants' response to the United States' complaint due April 10, 2024. "[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Citizens Banking Corp. v. Citizens First Bancorp, Inc.*, No. 07-10985, 2007 WL 4239237, at *7 (E.D. Mich. Dec. 3, 2007) (citing *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005)). Defendants fail to show any hardship or inequity in their request for a stay, instead trying to recast routine elements of litigation, such as motions practice and discovery requests, as hardship. Defendants' desire to delay litigation does not establish a "pressing need for delay," *Ohio Env't Council*, 565 F.2d at 396. Even if Defendants could establish such need, this Court should grant a stay only if it determines that the non-moving party would not be unfairly prejudiced as a result. *See Landis*, 299 U.S. at 255 (noting there must be a "clear case of hardship or inequity" to justify a stay "if there is even a fair possibility" that the stay could harm another). Because granting a stay would unfairly restrict the United States from fulfilling its obligations under the ADA, the motion for stay should be denied.

Judicial economy and efficiency would not be served by a stay for the same reasons that Defendants would not be prejudiced in the absence of one. In this action, a stay would only serve to delay the case, delay a response to the complaint, delay any motion to dismiss, delay the entry of a scheduling order, and delay the resolution of the United States' ADA claim that would eventually proceed. This is not an instance where a stay will serve judicial economy by clarifying, limiting, or eliminating some, if any, of the issues in this case. *See Lincoln Mem'l Univ. Duncan Sch. of L. v. Am. Bar Ass'n*, No. 3:11-CV-608, 2012 WL 1180125, at *10 (E.D.

---

to be removed and are successfully removed—which the new law does not guarantee because individuals are only "eligible" to apply for removal—these allegations are relevant to the harm experienced by these individuals because of the discriminatory aggravated prostitution law.

6

Tenn. Apr. 2, 2012).  The aggravated prostitution statute remains untouched by S.B. 181, and individuals can still be subject to enhanced charges and punishments based solely on their HIV status.  The new legislation does not alter the fact that this Court will still ultimately need to resolve the question of whether the aggravated prostitution statute violates the ADA and what relief is due for Defendants' past conduct.

Because a stay would neither serve judicial economy nor prevent any harm to Defendants, the motion to stay proceedings should be denied so as not to prejudice the United States' interest in vindicating federal antidiscrimination law.

## CONCLUSION

For the foregoing reasons, Plaintiff United States opposes the Defendants' motion to stay proceedings.

DATE: April 2, 2024                                 Respectfully submitted,


                                                    REBECCA B. BOND
                                                    Section Chief

                                                    /s/ Ali N. Szemanski
                                                    KEVIN J. KIJEWSKI
                                                    Deputy Chief
                                                    STEPHANIE M. BERGER
                                                    Trial Attorney
                                                    NY Bar #5201439
                                                    ALI N. SZEMANSKI
                                                    Trial Attorney
                                                    PA Bar #327769

                                                    Disability Rights Section
                                                    Civil Rights Division
                                                    U.S. Department of Justice
                                                    150 M Street NE
                                                    Washington, D.C. 20002
                                                    202-307-0663

Stephanie.Berger@usdoj.gov
Ali.Szemanski@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was filed and served via the

Court's electronic filing system on this the 2nd day of April 2024, upon:


Cody N. Brandon
Managing Attorney
Assistant Attorney General

John R. Glover
Assistant Attorney General

David M. Rudolph
Senior Assistant Attorney General

Law Enforcement &
Special Prosecutions Division
Office of the Tennessee
Attorney General & Reporter
500 Charlotte Avenue
Nashville, TN 37202
Off. (615) 532-2552
Fax (615) 532-4892

Cody.Brandon@ag.tn.gov
John.Glover@ag.tn.gov
David.Rudolph@ag.tn.gov


s/ Ali N. Szemanski
ALI N. SZEMANSKI
Trial Attorney

9