UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
*Western Division*
*Office of the Clerk*

*Wendy R. Oliver, Clerk*  *Deputy-in-Charge*
*242 Federal Building*  *U.S. Courthouse, Room 262*
*167 N. Main Street*  *111 South Highland Avenue*
*Memphis, Tennessee 38103*  *Jackson, Tennessee 38301*
*(901) 495-1200*  *(731) 421-9200*

---

NOTICE OF SETTING
Before Chief Judge Sheryl H. Lipman, United States District Judge

---

April 3, 2024

RE: 2:24-cv-2101-SHL
**United States of America v State of Tennessee, et al**

Dear Sir/Madam:

A NON-JURY TRIAL has been SET before Chief Judge Sheryl H. Lipman on TUESDAY, JANUARY 20, 2026 at 9:30 A.M. in Courtroom No. 1, 11th floor of the Federal Building, Memphis, Tennessee.

A PRETRIAL CONFERENCE will be held on FRIDAY, JANUARY 9, 2026 at 9:00 A.M. in Courtroom No. 1, 11th floor of the Federal Building, Memphis, Tennessee.

A PROPOSED JOINT PRETRIAL ORDER must be furnished to the Court by JANUARY 2, 2026.

**<span style="color:red">PLEASE SEE ATTACHED INSTRUCTIONS.</span>**

If you have any questions, please contact the case manager at the telephone number or email address provided below.

Sincerely,
WENDY R. OLIVER, CLERK
BY:  *s/Melanie Mullen*,
Case Manager for Chief Judge Sheryl H. Lipman
901-495-1255
melanie_mullen@tnwd.uscourts.gov

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
Office of the Clerk

**PRETRIAL PROCEDURES: Non-Jury Trials**

Prior to the pretrial conference, counsel must do the following:

A.      Complete all discovery.

B.      Exchange information as to the ultimate issues of law and fact, eliminate unnecessary or irrelevant issues that appear in the pleadings or discovery, arrive at all possible stipulations, and exchange documents and exhibits which will be offered in evidence at trial.

C.      Two weeks before the trial, file Motions in Limine. Responses are due five (5) days after the Motion is filed.

D.      One week before the pretrial conference, separately submit proposed findings of fact and conclusions of law. *See* Local Rule 16.4.

E.      Also, one week before the trial, submit a single proposed Joint Pretrial Order that covers the items listed below. If unable to agree, submit a proposed joint pre-trial order including all matters agreed upon and a list specifying items of disagreement. Plaintiff=s attorney is responsible for initiating the proposed pretrial order. All counsel are responsible for ensuring the proposed pretrial order is timely filed. The proposed pretrial order shall contain the following:

    1.    In the caption, a complete listing of all parties who remain in the case as of the date the document is filed. Do not use "et al."

    2.    Any remaining jurisdictional questions and the parties' positions on the issues;

    3.    A list of pending motions;

    4.    The respective contentions of the parties, including contentions as to liability and the nature and amount of damages;

    5.    A statement of uncontested facts (possible sources include the pleadings, discovery, or admission of counsel);

    6.    An agreed-upon list of contested issues of fact that explain the nature of the parties' dispute;

7. An agreed-upon list of contested issues of law, such as negligence, contributory negligence, etc., that will govern the trial.  This is not to be a restatement of the disputed facts.  If either party insists on a triable issue, include it in the pretrial order as a triable issue unless the court decides otherwise at the pretrial conference.

8. A list of exhibits (except documents for impeachment only) to be offered in evidence by the parties, and, to the extent possible, a stipulation on their admissibility.  If the parties cannot stipulate, then the objections must be noted in the proposed pretrial order.  To the extent possible, objections shall be ruled on at the pretrial conference.

   The parties are expected to have complied with Federal Rules of Civil Procedure 26(a)(3)(C) on pretrial disclosures.  That rule requires disclosures of witnesses, deposition testimony, and exhibits, (other than impeachment evidence), to the opposing counsel thirty days before trial.  Within fourteen days thereafter, the opposing party must serve and file a list disclosing any objection, together with the grounds therefor, to the admissibility of any exhibit, deposition testimony, or witness testimony.

   Before the conference, each party shall furnish to the other party for copying and inspection all exhibits which are to be offered in evidence.

9. A list of witnesses, indicating those who <u>will</u> be called, in the absence of reasonable notice to opposing counsel to the contrary, and those who only <u>may</u> be called. Any objection to a witness must be noted in the proposed joint pretrial order.  If any Rule 702 (Aexpert@) witnesses, including treating physicians who will give expert testimony, are listed, the witness shall be identified as such, along with the subject matter of the expert testimony.  Opposing counsel shall specify any objection to the witness=s expertise or testimony in the proposed joint pretrial order.  To the extent possible, objections will be ruled on at the pretrial conference.

   Deposition testimony to be offered at trial, and the basis for allowing such testimony.  If a party desires to offer deposition testimony into evidence at the trial, s/he shall designate only those relevant portions to be read.  All objections to any such testimony must be noted in the proposed joint pretrial document so that the court may rule prior to trial.  To the extent possible, objections will be ruled on at the pretrial conference.

10. An estimate of the length of the trial.

11. The amount of the ascertainable damages.  The listing of the amount of damages shall not constitute an agreement as to the recoverability of same unless so stated.

12. The names of all attorneys interested in the case and copies of all interested firms= letterheads.

13. A list of any special equipment such as video cassette recorders, overhead

  projectors, easels, computers, etc. that the parties intend to bring for use at the trial.  (The court provides a presentation system including counsel table monitors, witness monitor, an HD ceiling projector, a 75-inch HD television monitor for the jury, a document camera, and a video distribution system for these components.  The court does not provide personal computers or laptops to counsel, however, at the Court's discretion, counsel may access the video distribution system with their own laptops to disseminate computer generated evidence.  Connection types are HDMI, lightning, display port, mini display port, and USB-C.)

ALL ATTORNEYS WHO WILL TRY THE CASE ARE REQUIRED TO ATTEND THE PRETRIAL CONFERENCE.   The parties are not required to attend the conference.  The attorneys will be generally familiar with pretrial procedures and come to the conference with full authority to accomplish the purpose of the conference, which is to simplify and define the triable issues, expedite the trial, and save expense.  At the conference, counsel will report to the Court the prospects of settlement. For a discussion of pretrial conferences, see 23 Federal Rules Decisions 129-138.

If an attorney fails to appear at the pretrial conference or to comply with these directions set forth herein, an <u>ex parte</u> hearing may be held and judgment of dismissal or default or other appropriate sanctions entered.

After the pretrial conference, the Court will enter a Pretrial Order which shall govern the conduct at trial and will constitute the final statement of the issues involved.

These procedures apply to *pro se* litigants as well as attorneys.