# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| OUTMEMPHIS; MICHELLE ANDERSON; JANE DOE 2; JANE DOE 3; and JANE DOE 4, <br><br> Plaintiffs, <br> v. <br><br> BILL LEE, in his official capacity as Governor of Tennessee; JONATHAN SKRMETTI, in his official capacity as Attorney General and Reporter of Tennessee; DAVID RAUSCH, in his official capcity as Director of the Tennessee Bereau of Investigation; and FRANK STRADA, in his offical capacity as Commissioner of the Tennessee Department of Correction, <br><br> Defendants. <br>----------------------------------------------------------<br> UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> STATE OF TENNESSEE, and TENNESSEE BUREAU OF INVESTIGATION, <br><br> Defendants. | Case Nos.  2:23-cv-2670 <br> 2:24-cv-02101 <br><br> Chief Judge Lipman |

## REPLY IN SUPPORT OF
## STATE ENTITY DEFENDANTS' MOTION TO STAY

For the reasons addressed in the State of Tennessee's and the Tennessee Bureau of Investigation's ("State Entity Defendants") Memorandum in support of their Motion to Stay (No.

1

2:24-cv-02101, Dkt. 19-1),[1] these proceedings should be stayed until July 15, 2024. The federal government has failed to demonstrate any actual prejudice that will accrue to it over a three-month stay.

## ARGUMENT

### I. The Federal Government Will Not Be Prejudiced—the State Entities Will.

A three-month stay for the purpose of letting an amendment that significantly alters the statutes challenged by the federal government does not prejudice whatever "unique and important" interest the federal government has in suing Tennessee. (No. 2:24-cv-02101, Dkt. 20, at 3.) Tennessee's aggravated prostitution statute was first enacted in 1991. 1991 Tenn. Pub. Acts, c. 281, § 2; (No. 2:24-cv-02101, Dkt. 1, ¶ 15). More than three decades later, the federal government finally decided that the statute violated Title II of the ADA.[2] Its assertion now that it has an interest "to redress this discrimination as expeditiously as possible" (No. 2:24-cv-02101, Dkt. 20, at 4), is belied by its own 33-year delay.[3] A stay of three months will hardly affect whatever amorphous interest the federal government has in hunting down decades-old statutes.

Meanwhile, the State Entity Defendants have shown a pressing need for delay. They are about to be forced to endure litigation and discovery that will be unnecessary and redundant. The State Entity Defendants are not asking to avoid "routine elements of litigation." (No. 2:24-cv-

---

[1] Except where specifically noted, citations to the docket are to filings in the lead case, No. 2:23-cv-02670.

[2] The ADA was enacted a year before Tennessee's aggravated prostitution statute. Pub. L. No. 101-336, Title II, § 201 (1990).

[3] The reason for this delay may be more than just lethargy. That the federal government can even sue under Title II—and collect money damages *for other parties*—is a novel and dubious proposition. *See United States v. Florida*, 21 F.4th 730, 748 (11th Cir. 2021) (Newsom, J., dissenting from denial of rehearing en banc) (reasoning that allowing the federal government to sue under Title II "creates a nonexistent cause of action, vests the federal government with sweeping enforcement authority that it's not clear Congress intended to give, and, in the doing, upsets the delicate federal-state balance").

2

02101, Dkt. 20, at 6.) They are asking the Court to spare them the hardship of the *duplicative* litigation that is in store if a three-month stay is not granted.

## II. The Federal Government Misreads the Amendments.

The federal government's opposition to a stay is also based on a misreading of the short bill that significantly alters the operative law in this case: 2024 Tenn. Pub. Acts, c. 545. Public Chapter 545 is very clear. Come July 1, 2024, the subsections currently codified at Tenn. Code Ann. §§ 40-39-202(20)(A)(iii) and 40-39-202(31)(X) will be "amended by deleting the section[s] in [their] entirety." 2024 Tenn. Pub. Acts, c. 545, §§ 2-3. Those subsections, respectively, define aggravated prostitution committed before July 1, 2010, as a "sexual offense," Tenn. Code Ann. § 40-39-202(20)(A)(iii), and aggravated prostitution committed on or after July 1, 2010, as a "violent sexual offense," Tenn. Code Ann. § 40-39-202(31)(X). That is important because the restrictions and obligations imposed by the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification and Tracking Act of 2004 ("the Act") apply to "offenders"—a term defined by the Act as "sexual offender, violent sexual offender and violent juvenile sexual offender," Tenn. Code Ann. § 40-39-202(9). *See, e.g.,* Tenn. Code Ann. §§ 40-39-203(a)(1) ("the offender shall register"); -211 ("no sexual offender . . . or violent sexual offender . . . shall knowingly establish a primary or secondary residence"); -213 ("Every offender . . . shall be responsible for obtaining a valid driver license or photo identification card that has been properly designated . . ."). So, come July 1, 2024—when aggravated prostitution is completely removed from the definition of "offender," "sexual offender," and "violent sexual offender"—the provisions applicable to offenders will, by *immediate* operation of statute, no longer be triggered by an aggravated prostitution conviction.

**III.    The Federal Government Glosses Over the Centrality of SOR Requirements to their Allegations.**

The federal government also prematurely insists that the State Entity Defendants should brief now whether this case will be moot come July 1, 2024.  (No. 2:24-cv-02101, Dkt. 20, at 6.)  But whether the private plaintiffs' claims are in fact moot is a question that is not yet ripe nor dispositive of the question of whether to stay the case.

The State Entity Defendants asserted that amendments "will likely" moot parts or all of the federal government's claim.  (No. 2:24-cv-02101, Dkt. 19-1, at 5.)  Based on the analysis in Part II, *supra*, the State Entity Defendants believe that prediction will come true.  But it is a prediction, and it is not necessary for the State Entity Defendants to prove now whether and to what extent the federal government's claims will be moot once the amendments become effective.  The burden for the State Entity Defendants in this motion is to show a "pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order."  *Ohio Env't Council v. United States District Court, S. Dist. of Ohio*, 565 F.2d 393, 396 (6th Cir. 1977).  The State Entity Defendants have done that by showing that discovery about the current state of affairs is likely to be obsolete or in need of significant duplication and that neither party will be prejudiced by the requested stay.

By spending their time proto-briefing the question of mootness, the federal government ignores that its own Complaint asserts that changes to the SOR statutes are critical to this litigation.  As noted in the State Entity Defendants' Memorandum, the federal government's single claim for relief alleges that "[t]he Defendants' conduct in maintaining and enforcing the aggravated prostitution statute and the associated registry requirements constitutes discrimination."  (No. 2:24-cv-02101, Dkt. 1, ¶ 72.)  And 41 of the 74 allegations in the Complaint refer to the impact of registration requirements.  (No. 2:24-cv-02101, Dkt. 1, ¶¶ 2, 3, 9, 19-37, 40, 42, 50-64, 72, 74.)  The facts about what Tennessee law requires of individuals convicted of aggravated prostitution

4

are about to be substantially altered come July 1. That change in circumstances is more than enough to justify a stay until July 15, 2024. (Dkt. 19-1, at 4-5 (collecting authorities)).

## CONCLUSION

The State Entity Defendants' Motion to Stay should be granted.

    Respectfully Submitted,

    JONATHAN SKRMETTI
    Attorney General and Reporter

    */s/ Cody N. Brandon*
    CODY N. BRANDON (BPR# 037504)
    Managing Attorney
    Senior Assistant Attorney General

    JOHN R. GLOVER (BPR # 037772)
    Assistant Attorney General

    DAVID RUDOLPH (BPR# 13402)
    Senior Assistant Attorney General

    Law Enforcement &
    Special Prosecutions Division
    Office of the Tennessee
    Attorney General & Reporter
    PO Box 20207
    Nashville, TN  37202
    Off. (615) 532-7400
    Fax (615) 532-4892
    Cody.Brandon@ag.tn.gov
    John.Glover@ag.tn.gov
    David.Rudolph@ag.tn.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on April 5, 2024, a true and exact copy of the foregoing was served via the court's electronic filing system upon counsel as follows:

Stella Yarbrough (BPR No. 033637)
Jeff Preptit (BPR No. 038451)
Lucas Cameron-Vaughn (BPR No. 036284)
ACLU FOUNDATION OF TENNESSEE
P.O. Box 120160
Nashville, TN 37212
Phone: (615) 320-7142
SYarbrough@aclu-tn.rog
JPreptit@aclu-tn.org
Lucas@aclu-tn.org

Alex Agathocleous (NY Bar 4227062)
Alexis Alvarez (NY Bar 5854278)
Jon W. Davidson (CA Bar 89301)
Rachel Meeropol (NY Bar 4100954)
AMERICAN CIVIL LIBERTIES UNION
125 Broad St., New York, NY 10004
Phone: (929) 585-0061
AAgathocleous@aclu.org
AlexisA@aclus.org
JonDavidson@aclu.org
RMeeropol@aclu.org

Lynly S. Egyes (NY Bar 4838025)
Milo Inglehart (NY Bar 5817937)
TRANSGENDER LAW CENTER
594 Dean Street, Suite 11
Brooklyn, NY 11238
Phone: 510 587-9898 Ext. 353
Lynly@transgenderlawcenter.org
Milo@transgenderlawcenter.org

Dale Melchert (NY Bar 5366554)
TRANSGENDER LAW CENTER
P.O. Box 70976
Oakland, CA 94612
Phone: (510) 587-9696 Ext. 354
Dale@transgenderlawcenter.org
*Counsel for the private plaintiffs*

Stephanie Berger
Ali Szemanski

U.S. Department of Justice
150 M Street NE
Washington, DC 20002
*Counsel for the United States*

*/s/ Cody N. Brandon*
CODY N. BRANDON
