UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| OUTMEMPHIS, et al.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>BILL LEE, et al.,<br><br>　　　　Defendants.<br><hr>UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>STATE OF TENNESSEE, et al.,<br><br>　　　　Defendants. | Civil Action No. 2:23-CV-2670<br><br>Civil Action No. 2:24-CV-2101<br><br>Chief Judge Lipman |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES**

Pursuant to Federal Rule of Civil Procedure 37 and Local Rule 7.2(a)(1), Plaintiffs submit this memorandum in support of their Motion to Compel Discovery Responses from Defendants.

This motion is necessary because Defendants failed to respond to Plaintiffs' First Set of Requests for Production to Defendants, ECF No. 77-3 ("RFPs"), by the April 25, 2024 deadline.

Pursuant to Fed. R. Civ. P. 37, Plaintiffs' counsel made good faith but unsuccessful attempts to obtain responses to the RFPs without court action. As explained below, Defendants take the position that they are excused from meeting discovery deadlines because they have sought,

1

but have not yet received, a stay of all proceedings. *See* ECF No. 77. The materials sought through Plaintiffs' RFPs are discoverable and relevant, particularly in light of the change in law that is the subject of Defendants' motion to stay, *see* ECF No. 77-1. Accordingly, Plaintiffs respectfully request that the Court issue an order compelling Defendants to respond to Plaintiffs' RFPs.

## I. BACKGROUND FACTS

On March 26, 2024, Plaintiffs served their first RFPs on Defendants. ECF No. 71. On March 27, 2024, Defendants' counsel responded that the RFPs had been received and asked to confer regarding a categorical privilege log, custodians, and ESI search terms in a few weeks. Declaration of Alexis Alvarez ("Alvarez Decl.") Ex. A. at 12. Plaintiffs' counsel responded the same day that they would reach back out to confer on that timeframe. *Id*. at 11. Shortly thereafter, on March 29, 2024, Defendants filed a motion to stay all proceedings, including all discovery. ECF No. 77. The motion did not seek interim relief during its pendency. Plaintiffs opposed, Defendants filed a reply, and that motion is pending before the Court. ECF Nos. 78, 83.

On April 19, 2024, Plaintiffs' counsel emailed Defendants' counsel asking Defendants' counsel to propose times to confer regarding the privilege log, custodians, and ESI search terms. Alvarez Decl., Ex. A at 10. Defendants' counsel responded on April 22, 2024, that Defendants believed it would not make sense to discuss RFPs while the motion to stay was pending. *Id.* at 9. The next day, before Plaintiffs' counsel had a chance to respond, Defendants' counsel again emailed Plaintiffs' counsel indicating that they "understand the Motion to Stay to suspend Defendants' typical 30-day deadline to respond to Plaintiffs' RFPs" and asking if Plaintiffs share that same understanding. *Id.* at 8–9. Plaintiffs' counsel responded immediately that Plaintiffs do not agree that the pendency of a motion to stay itself suspends the time to respond without an order from the Court so providing and asked Defendants' counsel to share any authority to the contrary.

*Id.* at 8. The April 25, 2024, deadline for Defendants to respond to the RFPs passed without a response from Defendants nor production of any documents.

Plaintiffs' counsel emailed Defendants' counsel again on April 29, 2024, noting Plaintiffs' intention to file a motion to compel the responses, requesting Defendants' position on the motion, and offering to discuss the matter further. *Id.* at 7. On April 30, 2024, Defendants' counsel responded noting that they could confer with Plaintiffs' counsel "over the next few weeks" but expected to oppose the motion. *Id.* at 6. Defendants' counsel also requested that Plaintiffs set out their position briefly in writing for Defendants to consider. *Id.* On April 30 and May 1, 2024, Plaintiffs' counsel responded with case law demonstrating that the pendency of a motion to stay does not relieve a party from meeting discovery obligations and offering times to meet on May 1 or 2, 2024, or alternatively, to discuss via email or get Defendants' final position by May 3, 2024, at 12:00 p.m. *Id.* at 5–6. By letter dated May 2, 2024, Defendants further explained their position and offered to meet the following week. *See* Alvarez Decl., Ex. B. Plaintiffs responded that further meeting and conferring did not seem likely to be useful unless Defendants would consider agreeing to produce the documents by a date certain. Alvarez Decl., Ex. A. at 4. This motion follows.

Defendants' motion for a stay, and, in turn, their failure to meet their discovery obligations, is based in part on their argument that as of July 1, 2024, TN-SORA's reporting requirements and geographic restrictions will no longer apply to Plaintiffs, because they will no longer be "offenders," "sexual offenders" or "violent sexual offenders," as defined in the statute. ECF No. 83 at 2–3, *citing* T.C.A. §§ 40-39-202(9); 40-39-203; 40-39-211; 40-39-213; 2024 Tenn. Laws Pub. Ch. 545, SB0181/HB1384 ("SB 181"). To the extent Defendants' interpretation is correct, the same logic is applicable to individuals who were convicted of Criminal Exposure to HIV prior to July 1, 2023. Tenn. Laws Pub. Ch. 459, SB0807/HB0832 ("SB 807") went into effect on July

3

1, 2023 and removed Criminal Exposure to HIV from the list of violent sexual offenses requiring registration, just as SB 181 does for Aggravated Prostitution. Under Defendants' analysis, individuals convicted of Criminal Exposure to HIV are *at this moment* no longer "offenders," "sexual offenders," or "violent sexual offenders" and thus should no longer be subject to TN-SORA's reporting requirements. TBI is responsible for creating instructions to be provided to all registrants regarding compliance with TN-SORA and "[t]hrough press releases, public service announcements or through other appropriate public information activities" ensuring that all registrants are informed of TN-SORA's requirements. T.C.A. § 40-39-205(a), (f). However, a search of the Tennessee Sex Offender Registry demonstrates that multiple individuals convicted of Criminal Exposure to HIV and no other registrable offenses have re-registered since July 1, 2023. *See generally*, Tennessee Sex Offender Registry, available at sor.tbi.gov/search. In other words, Defendant Rausch is responsible for ensuring that registrants understand TN-SORA's requirements, yet Defendants' proffered read of SB 181 (and by extension SB 807) does not appear to have been made clear or effectuated by the agency. Far from justifying a stay, this confluence of facts demonstrates the urgency of discovery.

Plaintiffs' RFPs are not only carefully crafted with regard to Plaintiffs' claims and Defendants' alleged defenses, including sovereign immunity, but are also critical for the parties to understand the impact of SB 181. Specifically, Requests for Production No. 3 (requesting documents sent to registrants and law enforcement regarding enforcement of TN-SORA), No. 22 (requesting TBI's documents and communications pertaining to dissemination of TN-SORA registration information to law enforcement agencies), No. 25 (requesting TBI's documents and communication pertaining to requests for termination of TN-SORA requirements, including those regarding Criminal Exposure), and No. 29 (regarding TBI's documents and communications

4

related to keeping offenders informed of TN-SORA's requirements) are particularly relevant to understanding how SB 181 will operate. *See* ECF No. 77-3. Documents responsive to these requests, among other purposes, will provide clarity as to whether defense counsel's read of the statute is consistent with TBI's instructions to registrants. This will allow the parties to more efficiently resolve Plaintiffs' claims. Accordingly, the documents are relevant and subject to discovery in this action.

  **II.   ARGUMENT**

Plaintiff's Motion to Compel Discovery Responses should be granted because Defendants have blatantly disregarded their discovery obligations by refusing to respond to Plaintiffs' RFPs.

It is "of paramount importance that litigants be accorded the authority to seek out relevant evidence that they have been granted by the federal rules." *Farley v. Farley*, 952 F. Supp. 1232, 1239 (M.D. Tenn. 1997); *cf. Hickman v. Taylor*, 329 U.S. 495, 501 (1947) (discovery allows "the parties to obtain the fullest possible knowledge of the issues and facts before trial"). The Federal Rules of Civil Procedure provide parties in litigation an avenue to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" considering:

> the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). The Court of Appeals for the Sixth Circuit emphasizes that the rules of discovery are construed broadly and "encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Conti v. Am. Axle & Mfg.*, 326 F. App'x 900, 904 (6th Cir. 2009) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

Information is exempt from discovery only if the Court determines that

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C). Otherwise, "litigants are required to comply with all properly propounded document requests." *Varga v. Rockwell Int'l Corp.*, 242 F.3d 693, 697 (6th Cir. 2001) (citing Fed. R. Civ. P. 34); *see also Conti*, 326 F. App'x at 907 ("To allow a defendant to avoid his discovery obligations . . . frustrates the purpose of discovery, and runs counter to the Supreme Court's explicit instruction that discovery privileges should be construed broadly.") (internal citations and quotations omitted). When good faith efforts to resolve disputes regarding discoverable materials culminate in a party failing to live up to its discovery obligation, Rule 37(a) provides a remedy via court motion.

Defendants are in violation of the Rules governing production of relevant materials and should be directed to produce all requested documents. *See* Fed. R. Civ. P. 34; *Conti*, 326 F. App'x at 903–07; *Varga*, 242 F.3d at 697. Defendants' deadline of April 25, 2024 to respond to Plaintiffs' RFPs has expired without Defendants seeking an extension or protective order. Defendants have indicated that they will not respond to Plaintiffs' RFPs, or presumably any other forthcoming discovery request that Plaintiffs may serve, while their motion to stay is pending. Defendants thus attempt to self-execute their own motion to stay the case, in contravention of this Court's power to decide motions and control litigation.

Defendants' position that the motion to stay suspends their deadline to respond is plainly incorrect. *See, e.g.*, *HRC-Hainan Holding Co., LLC v. Yihan Hu*, No. 19-MC-80277-TSH, 2020 WL 1643786, at *2–3 (N.D. Cal. Apr. 2, 2020) (noting that "[a] motion is just 'a request for a court order,' Fed. R. Civ. Proc. 7(b)(1)" and that "[t]he filing of a motion to stay discovery does

not automatically relieve the movant from continuing to comply with its discovery obligations.") (internal citation and quotation omitted) (collecting cases); *see also Tinsley v. Kemp*, 750 F. Supp. 1001, 1013 (W.D. Mo. 1990) ("[B]y refusing to comply with discovery merely because a motion to stay is pending, a party effectively is granting its own motion to stay — even before the court has ruled. Such a phenomenon would reduce a court's orders to useless and senseless formalities."); *Willemijn Houdstermaatschaapij BV v. Apollo Computer, Inc.*, 707 F. Supp. 1429, 1441 (D. Del. 1989) ("Defendant's argument assumes that the moment it has filed a motion to stay discovery . . . it need no longer obey basic discovery rules. . . . Simple logic teaches that . . . unless and until it is granted a stay, defendant should be required to conduct discovery as if no motion had been filed at all."). While the motion to stay is still pending, Defendants must continue to engage in discovery.

In their May 2, 2024, letter, Defendants cite *Durbin v. C&L Tiling Inc.*, No. 3:18-CV-334-RGJ, 2019 WL 4615409, at *13 (W.D. Ky. Sept. 23, 2019) for the proposition that a pending stay motion "is substantial justification" for not responding to discovery requests. Alvarez Decl., Ex. B. But the phrase is taken out of context. In *Durbin*, the Court *granted* a motion to compel, and then went on to consider whether to award costs and fees to the prevailing party pursuant to Federal Rule 37(a)(5)(A). 2019 WL 4615409, at *13. Such payment is mandated unless, among other reasons, "the opposing party's nondisclosure, response, or objection was substantially justified." *Id.*; Fed. R. Civ. P. 37(a)(5)(A)(ii). Whether refusing to respond to discovery because of a pending motion warrants the sanction of fees and costs is a separate question from whether the motion to compel should be granted. *See, e.g.*, *Willemijn Houdstermaatschaapij BV*, 707 F. Supp. at 1441, 1450 (explaining that pendency of a stay motion does not relieve party of discovery obligations,

but declining to order sanctions); *Hydramar, Inc. v. Gen. Dynamics Corp.*, 115 F.R.D. 147, 153–54 (E.D. Pa. 1986) (same).

Moreover, in some circumstances Rule 37(a)(5)(A) fees and costs are appropriate despite the potential "justification" of a pending motion to dismiss. In *HRC-Hainan Holding Co.*, 2020 WL 1643786, at *3, the court distilled the relevant question to: "did the litigant make a diligent effort to avoid being in violation of [a] court order?" Here, of course, Defendants' obligations are set by the Federal Rules, rather than by court order, but there is no reason the analysis should be different. And importantly, while Defendants here did not wait until the day before the discovery deadline to file their stay motion, their actions cannot be excused given the larger context: they sought the schedule they have now violated. As explained in Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Stay Proceedings, ECF No. 78, Defendants proposed the very schedule they have now ignored, and *opposed* Plaintiffs' proposal for a schedule that would have delayed any discovery against them until September 2024. ECF No. 78 at 8–9. That Defendants' stay request is partially based on a claim of immunity does not change this calculus, especially as that defense must have been anticipated at the time the parties negotiated the schedule. *Id.* Even more indefensibly, Defendants have continued to meet case deadlines that protect their interests—filing, for example, a Motion to Dismiss in *United States v. Tennessee*, No. 2:24-cv-02101—while ignoring only those deadlines that would operate to Plaintiffs' benefit. *See* ECF No. 87. Given this context, Defendants' failure to meet their discovery obligation is not "substantially justified" and the Court should order fees and costs along with granting the motion. Fed. R. Civ. P. 37(a)(5)(A).

### III. CONCLUSION

WHEREFORE, Plaintiffs respectfully request that the Court GRANT Plaintiffs' Motion to Compel Discovery Responses. Should the Court grant this Motion to Compel, Plaintiffs further request that, pursuant to Rule 37, the Court award reasonable attorney fees and expenses in the amount to be detailed by Plaintiff in a subsequent filing with the Court.

Dated: May 6, 2024

Respectfully submitted,

*/s/ Alexis Alvarez*
Alexis Alvarez* (NY Bar 5854278)
Alexis Agathocleous* (NY Bar 4227062)
Jon W. Davidson* ** (CA Bar 89301)
Rachel Meeropol* (NY Bar 4100954)
AMERICAN CIVIL LIBERTIES UNION
125 Broad St., New York, NY 10004
Phone: (929) 585-0061
AAgathocleous@aclu.org
AlexisA@aclu.org
JonDavidson@aclu.org
RMeeropol@aclu.org

Jeff Preptit (BPR No. 038451)
Stella Yarbrough (BPR No. 033637)
Lucas Cameron-Vaughn (BPR No. 036284)
ACLU FOUNDATION OF TENNESSEE
P.O. Box 120160
Nashville, TN 37212
Phone: (615) 320-7142
SYarbrough@aclu-tn.org
JPreptit@aclu-tn.org
Lucas@aclu-tn.org

Lynly S. Egyes* (NY Bar 4838025)
Milo Inglehart* (NY Bar 5817937)
TRANSGENDER LAW CENTER
594 Dean Street, Suite 11
Brooklyn, NY 11238
Phone: (510) 587-9696 Ext. 353

9

Lynly@transgenderlawcenter.org
Milo@transgenderlawcenter.org

Dale Melchert* (NY Bar 5366554)
TRANSGENDER LAW CENTER
P.O. Box 70976
Oakland, CA 94612
Phone: (510) 587-9696 Ext. 354
Dale@transgenderlawcenter.org

*Admitted Pro Hac Vice
** Admitted only in California