# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| OUTMEMPHIS, et al., | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 2:23-cv-2670-SHL-cgc |
| BILL LEE, in his official capacity as Governor of Tennessee, et al., | ) ) ) ) | |
| Defendants. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 2:24-cv-2101-SHL-tmp |
| THE STATE OF TENNESSEE, et al., | ) ) ) | |
| Defendants. | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STAY THE OUTMEMPHIS CASE, DENYING MOTION TO STAY THE UNITED STATES CASE, AND GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL**

Before the Court are Defendants' Motions to Stay, seeking to stay proceedings until July 15, 2024, "in light of the General Assembly's recent amendment in many of the statutes that are at the core of Plaintiffs' claims and written discovery requests." (23-cv-2670-SHL-cgc ("OutMemphis Case"), ECF No. 77 at PageID 751; No. 24-cv-2101-SHL-tmp ("United States Case"), ECF No. 19.)[1] Both sets of Plaintiffs filed responses in opposition. (ECF No. 78; United States Case, ECF No. 20.) Defendants filed replies to each response. (ECF Nos. 85, 88.) Also before the Court is Plaintiffs OutMemphis, Michelle Anderson, Jane Doe 2, Jane Doe 3, and Jane

---

[1] Unless otherwise noted, ECF citations are to the docket in case number 2:23-cv-2670-SHL-cgc.

Doe 4's ("OutMemphis Plaintiffs") Motion to Compel Discovery Responses, filed May 6, 2024.[2] (ECF No. 94.)

For the reasons set forth below, the Court **GRANTS IN PART AND DENIES IN PART** the Motion to Stay the OutMemphis Case, **DENIES** the Motion to Stay the United States Case, and **GRANTS IN PART AND DENIES IN PART** the Motion to Compel.

## BACKGROUND

On October 24, 2023, the OutMemphis Plaintiffs filed a complaint challenging Tennessee's aggravated prostitution statute and the related sex offender registry requirements. Defendants in that matter include Bill Lee, in his official capacity as Governor of Tennessee; Jonathan Skrmetti, in his official capacity as the Attorney General and Reporter of Tennessee; David Rausch, in his official capacity as Director of the Tennessee Bureau of Investigation ("TBI"); and Frank Strada, in his official capacity as Commissioner of the Tennessee Department of Correction. (ECF No. 1.) Defendants filed a Motion to Dismiss on January 12, 2024, that was denied as moot when the OutMemphis Plaintiffs filed an Amended Complaint on February 1, 2024. (ECF Nos. 59, 62, 63.)

On February 15, 2024, Defendants filed a second Motion to Dismiss the OutMemphis Plaintiffs' Amended Complaint. (ECF No. 66.) In the motion, Defendants argue that sovereign immunity bars all claims against Defendants Lee and Skrmetti. (ECF No. 66-1 at PageID 594–95.) The same day, the United States filed a Complaint against the State of Tennessee and the TBI challenging the same laws as the OutMemphis Plaintiffs. (United States Case, ECF No. 1.)

---

[2] Although Defendants time to respond to the Motion to Compel has not yet run, because this Order resolves the dispute giving rise to that motion (Defendants' position on staying the case), the Court need not entertain that argument in response. However, if Defendants wish to raise a different argument, the Court will entertain it.

2

On March 29, 2024, all Defendants filed Motions to Stay in both cases. (ECF No. 77 at PageID 751; United States Case, ECF No. 19.) The OutMemphis Plaintiffs and the United States both filed responses on April 2, 2024. (ECF No. 78; United States Case, ECF No. 20.) The Court granted Defendants' motion to consolidate the two cases on April 3, 2024. (ECF No. 81.) The same day, Defendants replied to the OutMemphis Plaintiffs' response, and, on April 5, filed a reply to the United States' response. (ECF Nos. 83, 85.)

The OutMemphis Plaintiffs had served their first Requests for Production ("RFPs") on Defendants on March 26, 2024. (ECF No. 71; ECF No. 94-1 at PageID 931.) Defendants failed to respond within thirty days, but informed the OutMemphis Plaintiffs that they "understand the Motion to Stay to suspend Defendants' typical 30-day deadline to respond." (Id.) As a result, the OutMemphis Plaintiffs filed a Motion to Compel Discovery Requests on May 6, 2024. (ECF No. 94.)

## ANALYSIS

**I.    Motion to Stay**

Defendants argue both cases must be stayed because the change in the law renders Plaintiffs' claims moot. In the alternative, Defendants argue that discovery must be stayed in the OutMemphis Case because several claims are barred by sovereign immunity. For the reasons discussed below, the Motion to Stay both cases in their entirety is **DENIED** and the Motion to Stay discovery in OutMemphis is **GRANTED** as to those claims that are impacted by sovereign immunity defenses.

    A.    Change in the Law

Defendants seek to stay both cases until July 15, 2024, arguing that the General Assembly recently amended Tenn. Code Ann. §§ 40-32-105; 40-39-202, -207, -218, ("the SOR

3

statutes") that form the basis of Plaintiffs' claims.  (ECF No. 77-1 at PageID 754.)  Defendants explain the change in the law as follows:

> Under the amended law, individuals convicted of aggravated prostitution will be eligible for expunction of their conviction. 2024 Tenn. Pub Acts, c. 545, § 1. Aggravated prostitution will no longer be an offense that requires registration as any type of sexual offender. 2024 Tenn. Pub. Acts, c. 545, §§ 2-3. Any individual currently registered as a sexual offender solely because of an aggravated prostitution conviction will be eligible for termination of registration requirements immediately. 2024 Tenn. Pub. Acts, c. 545, § 5.

(ECF No. 77-1 at PageID 757.)  The amendments will go into effect on July 1, 2024.  2024 Tenn. Laws Pub. Ch. 545 (S.B. 181).  Defendants seek to stay the cases until fourteen days after the amended law goes into effect.  (ECF No. 77-1 at PageID 755.)

The OutMemphis Plaintiffs argue that these changes to the SOR statutes have a limited impact on plaintiffs for several reasons.  First, although the legislation creates a pathway for expungement for aggravated prostitution convictions, that pathway is limited to petitioners with a status as a victim of human trafficking.  (ECF No. 78 at PageID 782.)  Second, while the legislation removes aggravated prostitution from the list of offenses requiring registration as a sexual offender as of July 1, 2024, this does not impact the registration requirements for those who were convicted prior to that date.  (Id.)  Third, though those currently registered may be removed from the registry, this is not an automatic process, but must be done through a request to the TBI.  (Id.)  Both the OutMemphis Plaintiffs and the United States also point out that this legislation does not alter or repeal Tennessee's aggravated prostitution statue, the legality of which is being challenged by Plaintiffs in both cases.  (Id. at PageID 784; United States Case, ECF No. 20 at PageID 102.)

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for

counsel and for litigants." Derrick v. Friar, No. 2:17-cv-02741-SHL-atc, 2022 WL 20742544, at *1 (W.D. Tenn. Dec. 9, 2022) (quoting Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div., 565 F.2d 393 (6th Cir. 1977)).  District courts have wide latitude and discretion to grant stays "to avoid piecemeal, duplicative litigation and potentially conflicting results." Id. (quoting IBEW, Local Union No. 2020 v. AT&T Network Sys., 1989 WL 78212, at *8 (6th Cir. July 17, 1989)).  "While no precise test has developed to guide district courts in deciding whether to grant requested stays," the court should consider the balance of hardships between the moving and non-moving parties, and whether "granting the stay will further the interest in economical use of judicial time and resources." Id. (quoting IBEW, 1989 WL 78212, at *8.)

As both sets of Plaintiffs point out, the amendments to the SOR statutes do not clearly moot Plaintiffs' claims.  The question of whether there are moot claims can and should be addressed in Motions to Dismiss at the appropriate time.  Further, Defendants have not shown any hardship or inequity will result if the stay is denied.  Being required to defend a suit, without more, does not constitute prejudice. Citizens Banking Corp. v. Citizens First Bancorp, Inc., No. 07-10985, 2007 WL 4239237, at *7 (E.D. Mich. Dec. 3, 2007).  A stay would only serve to delay the case and would not serve judicial economy.  Therefore, the Motion to Stay both cases in their entirety is **DENIED**.

    B.    <u>Sovereign Immunity</u>

In the alternative, Defendants argue that a stay of discovery in the OutMemphis Case is appropriate as to several claims because several Defendants have asserted sovereign immunity as a defense from suit in their pending Motion to Dismiss.  (ECF No. 77-1 at PageID 760.)

The Court has discretion to stay discovery pending resolution of a claim of sovereign immunity. See Jones v. Metro. Gov't of Nashville & Davidson Cnty., No. 3:21-CV-00112, 2021

WL 6499976, at *2 (M.D. Tenn. July 6, 2021).  This issue is often considered in the context of qualified immunity.  (Id.)  "Qualified immunity is intended not only to protect officials from civil damages but just as importantly, to protect them from the rigors of litigation including the potential disruptiveness of discovery."  Everson v. Leis, 556 Fed. 3d 484, 491 (6th Cir. 2009).   For this reason, "questions of qualified immunity should be resolved at the 'earliest possible stage of litigation,' or else the 'driving force' behind the immunity – avoiding unwarranted discovery and other litigation costs – will be defeated."  Id. at 492. (quoting Pearson v. Callahan, 555 U. S. 223, 231–232 (2009)).  The logic behind staying discovery when an immunity defense is raised is equally applicable to other types of immunity such as sovereign immunity, as is asserted here.  Jones, 2021 WL 6499976, at *2.

The Court finds good cause, and **GRANTS** the motion to stay discovery in the OutMemphis Case, only as to those claims that are impacted by a sovereign immunity defense.[3] Discovery in the United States' case and as to those claims that are not impacted by sovereign immunity defenses will proceed.  Further, if the motion to dismiss is denied, Defendants must respond to the outstanding RFPs within twenty-one days of the Court's order denying the motion.

The Court also notes that Defendants first raised the issue of sovereign immunity in their first Motion to Dismiss on January 12, 2024, but waited to bring this motion until March 29, several days after Plaintiffs served their discovery requests.  Defendants are asked to be more thoughtful about the timing of their motions and to not waste the Court and Plaintiffs' time moving forward.

---

[3] The Parties should not read the Court's granting of the motion to stay discovery as a signal that the Court will find Defendants' sovereign immunity arguments successful, particularly when all the individuals are being sued in their official capacities.

## II.     Motion to Compel

The OutMemphis Plaintiffs move to compel discovery responses to their first Requests for Production served March 26, 2024.  (ECF No. 94 at PageID 926.)   They also argue that they are entitled to fees and costs as a result of Defendants' failure to comply with their discovery obligations.  (ECF No. 94-1 at PageID 937.)  On April 22, 2024, counsel for Defendants sent an email that stated, "[w]hile the Motion to Stay is pending, I do not think it makes any sense to forge ahead with discussions about Plaintiffs' RFPs."  (ECF No. 94-2 at PageID 948.)  After the OutMemphis Plaintiffs informed Defendants that they intended to file a motion to compel, Defendants sent a letter which stated, "[a] pending motion to dismiss is substantial justification for not responding to discovery requests."  (Id. at PageID 954.)

Given that the Motion to Stay the cases in their entirety is being denied and the motion to stay discovery in the OutMemphis Case as to those claims impacted by sovereign immunity defenses is being granted, the Motion to Compel is **GRANTED** as to all requests that are not impacted by the sovereign immunity defense and **DENIED** as to those that are.

Although the Court does not find the award of fees and costs to be appropriate, Defendants should note that the Court looks askance at a Party unilaterally declaring it need not abide by its discovery obligations.  "The filing of a motion to stay discovery does not automatically relieve the movant from continuing to comply with discovery obligations."  HRC-Hainan Holding Co., LLC v. Yihan Hu, No. 19-MC-80277-TSH, 2020 WL 1643786, at *2–3 (N.D. Cal. Apr. 2, 2020).  By refusing to comply with discovery while the Motion to Stay was pending, Defendants effectively granted their own motion.  Tinsley v. Kemp, 750 F. Supp. 1001, 1013 (W.D. Mo. 1990).  This is not appropriate, and this type of conduct will not be tolerated moving forward.

7

## **CONCLUSION**

For the reasons stated above, the Court **GRANTS IN PART AND DENIES IN PART** the Motion to Stay the OutMemphis Case, **DENIES** the Motion to Stay the United States Case, and **GRANTS IN PART AND DENIES IN PART** the Motion to Compel.

**IT IS SO ORDERED**, this 13th day of May, 2024.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE