UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| OUTMEMPHIS, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>BILL LEE, et al.,<br><br>        Defendants.<br><br>UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>STATE OF TENNESSEE, et al.,<br><br>        Defendants. | Civil Action No. 2:23-CV-2670<br><br>Civil Action No. 2:24-CV-2101<br><br>Chief Judge Lipman |

**Plaintiffs' Response to Defendants' Notice of Supplemental Authority**

Plaintiffs write in response to Defendants' Notice of Supplemental Authority, ECF No. 99, calling the Court's attention to the Sixth Circuit's recent decision in *Does 1-9 v. Lee*, No. 23-5248. Contrary to Defendants' notice, nothing in the decision supports dismissal of the instant case.

First, that the Governor's "take care" duty was found by the Circuit to be insufficient to confer standing in *Does 1-9* does not control this Court's analysis, as the Circuit did not displace nor address the *Allied Artists Picture Corp. v. Rhodes*, 679 F.2d 656, 665 n.5 (6th Cir. 1982)

1

doctrine, upon which Plaintiffs rely for standing and sovereign immunity purposes. *See* Mem. of Law in Opp'n to Defs' Mot. to Dismiss, ECF No. 67 at 3–7, 15.

Moreover, even if the decision were relevant to Plaintiffs' claims against Defendant Lee, it has no bearing on the sufficiency of Plaintiffs' allegations against Attorney General Skrmetti, who is not a party in *Does 1-9*. Since the parties briefed sovereign immunity and standing, Attorney General Skrmetti's central role with respect to the continued enforcement of Tennessee's Aggravated Prostitution statute has become even more apparent, as the Shelby County District Attorney General's Office has just announced that it will cease all Aggravated Prostitution prosecutions pursuant to a settlement agreement with the United States of America.[1] This categorical refusal triggers the Attorney General's power under T.C.A. § 8-7-106(a)(2) to seek appointment of a district attorney general pro tem, a factual context Defendants previously dismissed as speculative. *See* Reply in Supp. of Defs' Mot. To Dismiss, ECF No. 88 at 3–4.

Second, while Defendants are correct that the Sixth Circuit held that Director Rausch can only be enjoined from functions he is statutorily authorized to undertake, Defs' Notice of Suppl. Authority, Ex. 1, ECF No. 99–1 ("Slip. Op.") at 14–15, they ignore the Circuit's pivotal acknowledgment that, "[b]ased on the record before this court, we cannot say with finality that Director Rausch does not enforce any unconstitutional provisions of the Tennessee Act…". *Id.* at 15. The Sixth Circuit has remanded the question of Rausch's enforcement functions to the district court. *Id.*

---

[1] *See* Press Release, Department of Justice, Justice Department Secures Agreement with Shelby County, Tennessee, District Attorney General to Cease Enforcement of State Law that Discriminates Against People with HIV (May 16, 2024), https://perma.cc/HMJ4-2PK6. The settlement is the type of public record of which the Court may take judicial notice. *See Whitehead v. Sterling Jewelers, Inc.*, 648 F. Supp. 3d 951, 957 (W.D. Tenn. 2023).

2

With respect to this factual question, it is surprising that neither party appears to have brought to the Sixth Circuit's attention the full scope of TBI's authority under T.C.A. § 40-39-206(b), which requires TBI to advise district attorneys of registrants' failure to comply with TN-SORA, including those portions of TN-SORA the Sixth Circuit has now *confirmed* are punitive.[2] Slip Op. at 12. Plaintiffs expect that the *Does 1-9* district court will be made aware of this authority as it considers the question of Defendant Rausch's enforcement authority on remand.

Finally, because Defendant Rausch plays a role in enforcing of *all* of TN-SORA's provisions, Defendants' citation to *Does 1-9*'s confirmation that TN-SORA's reporting, registration and publication requirements do not violate the prohibition against ex post facto laws is irrelevant. Defs' Notice of Suppl. Authority, ECF No. 99 at 2; Slip Op. at 11–12.

Dated: May 21, 2024

                                        Respectfully submitted,

                                        */s/ Rachel Meeropol*

                                        Rachel Meeropol* (NY Bar 4100954)
                                        Alexis Alvarez* (NY Bar 5854278)
                                        Alexis Agathocleous* (NY Bar 4227062)
                                        Jon W. Davidson* ** (CA Bar 89301)
                                        AMERICAN CIVIL LIBERTIES UNION
                                        125 Broad St., New York, NY 10004
                                        Phone: (929) 585-0061
                                        AAgathocleous@aclu.org

---

[2] While T.C.A. 40-39-206(b) was cited by Appellants, the provision was quoted in a way that excluded the relevant function. *See* Appellants' Opening Brief at 30, *John Doe #1, et al. v. Lee, et al.,* No. 23-5248 (6th Cir. June 16, 2023), ECF No. 17 (Defendant Rausch "has the duty to 'establish' and 'maintain' the registry database, *id.* § 40-39-206(a), and 'make . . . information available through the [registry] to' each 'district attorney' and local 'law enforcement agenc[y],' *id.* § 40-39-206(b).") (alteration in original). Nor does the Sixth Circuit appear to have been made aware that TBI brags about its enforcement actions on Facebook while disavowing them in court. *See* Meeropol Decl., Ex. A, ECF No. 57-3 at 10. The repercussions of T.C.A § 40-39-203(b)(1) also did not figure into the *Does 1-9* parties' or the Sixth Circuits' analysis. *See* Mem. of Law in Opp. to Defs' Mot. to Dismiss, ECF No. 67 at 10 (explaining relevance of § 40-39-203(b)(1)).

3

AlexisA@aclu.org
JonDavidson@aclu.org
RMeeropol@aclu.org

Jeff Preptit (BPR No. 038451)
Stella Yarbrough (BPR No. 033637)
Lucas Cameron-Vaughn (BPR No. 036284)
ACLU FOUNDATION OF TENNESSEE
P.O. Box 120160
Nashville, TN 37212
Phone: (615) 320-7142
SYarbrough@aclu-tn.org
JPreptit@aclu-tn.org
Lucas@aclu-tn.org

Lynly S. Egyes* (NY Bar 4838025)
Milo Inglehart* (NY Bar 5817937)
TRANSGENDER LAW CENTER
594 Dean Street, Suite 11
Brooklyn, NY 11238
Phone: (510) 587-9696 Ext. 353
Lynly@transgenderlawcenter.org
Milo@transgenderlawcenter.org

Dale Melchert* (NY Bar 5366554)
TRANSGENDER LAW CENTER
P.O. Box 70976
Oakland, CA 94612
Phone: (510) 587-9696 Ext. 354
Dale@transgenderlawcenter.org

*Admitted Pro Hac Vice
** Admitted only in California

## Certificate of Service

I hereby certify that a true and exact copy of the foregoing was filed and served via the Court's electronic filing system on this the 21th day of May 2024, upon:


CODY N. BRANDON (BPR# 037504)
Managing Attorney
Assistant Attorney General

DAVID RUDOLPH (BPR# 13402)
Senior Assistant Attorney General

Law Enforcement &
Special Prosecutions Division
Office of the Tennessee
Attorney General & Reporter
PO Box 20207
Nashville, TN  37202
Off. (615) 532-2552
Fax (615) 532-4892
Cody.Brandon@ag.tn.gov
John.Glover@ag.tn.gov
David.Rudolph@ag.tn.gov

STEPHANIE BERGER
ALI SZEMANSKI
ANNA G. BOBROW
U.S. Department of Justice
150 M Street NE Washington, DC 20002
Stephanie.Berger@usdoj.gov
Ali.Szemanski@usdoj.gov
Anna.bobrow@usdoj.gov
Off. 202-307-0663
*Counsel for the United States*

Dated: May 21, 2024                      Respectfully submitted,

                                         */s/ Rachel Meeropol*

                                         Rachel Meeropol (NY Bar 4100954)
                                         AMERICAN CIVIL LIBERTIES UNION
                                         125 Broad St., New York, NY 10004
                                         Phone: (929) 585-0061
                                         RMeeropol@aclu.org

                                         *Admitted Pro Hac Vice*