IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| **OUTMEMPHIS; MICHELLE ANDERSON; JANE DOE 2; JANE DOE 3; and JANE DOE 4,** | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| **BILL LEE, in his official capacity as Governor of Tennessee; JONATHAN SKRMETTI, in his official capacity as Attorney General and Reporter of Tennessee; DAVID RAUSCH, in his official capcity as Director of the Tennessee Bereau of Investigation; and FRANK STRADA, in his offical capacity as Commissioner of the Tennessee Department of Correction,** | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |
| ------------------------------------------------------ | ) | **Case Nos.    2:23-cv-2670** |
| **UNITED STATES OF AMERICA,** | ) | **2:24-cv-02101** |
| Plaintiff, | ) ) | **Chief Judge Lipman** |
| v. | ) ) ) | |
| **STATE OF TENNESSEE, and TENNESSEE BUREAU OF INVESTIGATION,** | ) ) ) ) | |
| Defendants. | | |

---

### UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE REPLY

---

Defendants the State of Tennessee and the Tennessee Bureau of Investigation hereby move under Fed. R. Civ. P. 6(b) and Local Rule 12.1(c) for a 9-day extension of time in which to file their reply supporting their Motion to Dismiss. The current deadline to respond is June 5, 2024.

1

On May 24, 2024, two days after the United States filed its Response to Defendants' Motion to Dismiss, Defendants promptly requested a 9-day extension of the deadline for their Reply. (Dkt. 43.) The Court denied that request without prejudice because Defendants had not demonstrated good cause for the extension. (Dkt. 44.) Defendants again request an extension of time up to and including June 14, 2024, to file their reply.

Good cause exists to grant the requested extension. Counsel for the defendants in the consolidated cases has diligently attempted to progress the case in a timely manner. For example, within a week of the Court's partial denial of Defendants' Motion to Stay, the defendants in the lead case transmitted their responses and objections to the plaintiffs' requests for production. The defendants in the lead case are also working, with the aid of undersigned counsel, to respond to the plaintiffs' interrogatories and requests for admission. Moreover, and perhaps more importantly, the undersigned counsel has, as encouraged by the Court at the last status conference, engaged with opposing counsel in both cases to discuss the impact of the recent amendment of the Registration Act on these cases, including whether some claims can be resolved without the Court's involvement. Despite the recent withdrawal of one counsel for Defendants, the undersigned has prioritized this effort given the potential for dramatically reducing the time spent by the parties and the Court in this case.

In addition to work related to these consolidated cases, in the time between the filing of the United States' Response and the original deadline for Defendants' Reply, the undersigned counsel, who is lead counsel for these cases, has and will have completed substantial work on a brief as lead counsel for appellant in the Tennessee Court of Appeals and prepared for a hearing—originally scheduled for May 29 and since continued to June 5—as lead counsel on motions for a temporary injunction and to dismiss in a challenge to an agency policy in Davidson County

Chancery Court, in which some counsel for the plaintiffs in the lead case are also opposing counsel. These important and pressing matters add to the undersigned counsel's regular responsibilities of managing his own caseload, which involves the routine demands of litigation across multiple cases. The undersigned counsel also supervises all of the work of a small team of litigation attorneys, as well as the specific work of a larger group of attorneys on litigation of the scores of cases brought by plaintiffs challenging the constitutionality of Tennessee's Sexual Offender and Violent Sexual Offender Verification, Registration, and Tracking Act. Those cases have been directly impacted by the decision of the Sixth Circuit in *Does 1-9*, which was released a week before the United States filed its response. (Dkt. 40.)

Finally, the issues presented in Defendants' Motion to Dismiss and expected to be addressed in the Reply are of an importance that demands deliberation and effort not often required in an ordinary case. This case is a suit between sovereigns. Defendants have presented a question of statutory interpretation going to the heart of whether the United States can sue Tennessee in the first place. That question has not been addressed within the Sixth Circuit; has rarely been addressed by courts outside the Circuit; and led to a divided panel decision and lengthy, opposed opinions respecting the denial of rehearing en banc in the only case decided by a federal Court of Appeals. Defendants have also questioned the plausibility of the United States's novel legal theory that the Americans with Disabilities Act displaces Tennessee's criminal code—a question that has also not been addressed directly by any court. The United States has presented a thorough, 24-page Response opposing Defendants' Motion to Dismiss. (Dkt. 42.) Careful attention to these issues in Defendants' Reply will aid the Court's resolution of these novel legal questions.

For the foregoing reasons, Defendants assert that good cause exists to grant a 9-day extension of time for Defendants to file their Reply in support of their Motion to Dismiss. Counsel

3

for Defendants has consulted with counsel for United States, who does not oppose the requested extension.

                              Respectfully submitted,

                              JONATHAN SKRMETTI
                              Attorney General and Reporter

                              */s/ Cody N. Brandon*
                              CODY N. BRANDON (BPR# 037504)
                              Managing Attorney
                              Senior Assistant Attorney General
                              Law Enforcement &
                              Special Prosecutions Division
                              Office of the Tennessee
                              Attorney General & Reporter
                              PO Box 20207
                              Nashville, TN  37202
                              Off. (615) 532-7400
                              Fax (615) 532-4892
                              Cody.Brandon@ag.tn.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing was filed and served via the Court's electronic filing system on this the 30th day of May 2024, upon:

Stella Yarbrough (BPR No. 033637)
Jeff Preptit (BPR No. 038451)
Lucas Cameron-Vaughn (BPR No. 036284)
ACLU FOUNDATION OF TENNESSEE
P.O. Box 120160
Nashville, TN 37212
Phone: (615) 320-7142
SYarbrough@aclu-tn.rog
JPreptit@aclu-tn.org
Lucas@aclu-tn.org

Alex Agathocleous (NY Bar 4227062)
Alexis Alvarez (NY Bar 5854278)
Jon W. Davidson (CA Bar 89301)
Rachel Meeropol (NY Bar 4100954)
AMERICAN CIVIL LIBERTIES UNION
125 Broad St., New York, NY 10004
Phone: (929) 585-0061
AAgathocleous@aclu.org
AlexisA@aclus.org
JonDavidson@aclu.org
RMeeropol@aclu.org

Lynly S. Egyes (NY Bar 4838025)
Milo Inglehart (NY Bar 5817937)
TRANSGENDER LAW CENTER
594 Dean Street, Suite 11
Brooklyn, NY 11238
Phone: 510 587-9898 Ext. 353
Lynly@transgenderlawcenter.org
Milo@transgenderlawcenter.org

Dale Melchert (NY Bar 5366554)
TRANSGENDER LAW CENTER
P.O. Box 70976
Oakland, CA 94612
Phone: (510) 587-9696 Ext. 354
Dale@transgenderlawcenter.org
*Counsel for the private plaintiffs*

Stephanie Berger
Ali Szemanski
Anna Bobrow
U.S. Department of Justice
150 M Street NE
Washington, DC 20002
*Counsel for the United States*

*/s/ Cody N. Brandon*
CODY N. BRANDON
