**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| **OUTMEMPHIS; MICHELLE ANDERSON; JANE DOE 2; JANE DOE 3; and JANE DOE 4,** | ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **v.** | ) ) | |
| **BILL LEE, in his official capacity as Governor of Tennessee; JONATHAN SKRMETTI, in his official capacity as Attorney General and Reporter of Tennessee; DAVID RAUSCH, in his official capacity as Director of the Tennessee Bureau of Investigation; and FRANK STRADA, in his official capacity as Commissioner of the Tennessee Department of Correction,** | ) ) ) ) ) ) ) ) ) ) ) ) | |
| **Defendants.** | ) | |
| -------------------------------------------------- | ) | **Case Nos.    2:23-cv-2670** |
| **UNITED STATES OF AMERICA,** | ) | **2:24-cv-02101** |
| **Plaintiff,** | ) ) | **Chief Judge Lipman** |
| **v.** | ) ) | |
| **STATE OF TENNESSEE, and TENNESSEE BUREAU OF INVESTIGATION,** | ) ) ) ) | |
| **Defendants.** | ) ) ) | |

---

**MEMORANDUM IN SUPPORT OF STATE ENTITIES' MOTION FOR
CERTIFICATION UNDER 28 U.S.C. § 1292(b)**

---

**INTRODUCTION**

The State of Tennessee and the Tennessee Bureau of Investigation ("State Entities") have

moved to dismiss the DOJ's complaint arguing, in part, that Congress did not authorize DOJ to

sue States under Title II of the Americans with Disabilities Act ("ADA"). (Dkt. 28, at 7-17.)  In

1

the event the Court disagrees and denies the motion to dismiss, the State Entities request that the Court certify its Order denying their Motion to Dismiss for an interlocutory appeal. Under 28 U.S.C. § 1292(b), "district courts should not hesitate to certify an interlocutory appeal" if an order "[(1)]involves a controlling question of law [(2)]as to which there is substantial ground for difference of opinion and . . . [(3)] an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 110-11 (2009). Each of these requirements is satisfied here.

The Order involves a "controlling question of law" because, if DOJ lacks a cause of action under Title II—a pure matter of statutory interpretation—then the complaint must be dismissed.

There is also a "substantial ground for difference of opinion" as to whether the United States Attorney General has a cause of action under Title II of the ADA.  The question is unsettled in this circuit and the subject of a disputed decision in another. *See United States v. Florida*, 938 F.3d 1221, 1225 (11th Cir. 2019) (reversing, in split decision, the district court determination that DOJ lacks a cause of action under Title II of the ADA); *United States v. Sec'y Fla. Agency for Health Care Admin.*, 21 F.4th 730 (11th Cir. 2021) (denying en banc hearing, with two judges dissenting from denial) (hereinafter *FAHCA*).   Indeed, observing this fractured decision, reasonable jurists have already noted differing opinions exist. *See United States v. Mississippi*, 82 F.4th 387, 391 n.6 (5th Cir. 2023) (recognizing whether DOJ was a "person" who could sue under Title II was a "difficult issue").

This outcome would "materially advance the ultimate termination of the litigation" and would spare both the parties and the Court the substantial burden and significant cost of preparing for and participating in a long, complicated, and expensive trial with dozens of fact and expert witnesses. The federal government has indicated its intention to seek discovery from "the State of Tennessee," which portends an inevitable running dispute about burdensomeness and breadth that

will likely require continual resolution by the Court. Moreover, should the case proceed to the merits, the parties will likely require extensive and costly expert discovery surrounding the history, treatment, and transmissibility of HIV in Tennessee to develop their respective case theories. All of this is unnecessary if the federal government lacks a cause of action in the first place.

Accordingly, the State Entities request that the Court include in its Order the following statement:

> This Court is of the opinion that its order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation, namely: Whether DOJ has a cause of action to sue Tennessee under Title II.

## BACKGROUND

The federal government alleges that Tennessee's aggravated prostitution statute and the associated sex offender registry requirements constitute unlawful discrimination under Title II of the ADA. (Dkt. 1, ¶¶ 70-74.) The federal government asks this Court to enjoin "Tennessee" from enforcing its laws. (Dkt. 1, at 13.) The federal government also seeks compensatory damages on behalf of "a Black transgender woman" from Memphis who pleaded guilty to aggravated prostitution in 2012 and similarly situated individuals. (*Id.* ¶ 43-62.)

The State Entities have moved to dismiss the Complaint in its entirety, arguing, in part, that DOJ cannot sue under Title II. (Dkt. 28-1, at 7-17.) The State Entities now ask the Court to certify that its Order on that motion meets the requirements for an interlocutory appeal under 28 U.S.C. § 1292(b).

## ARGUMENT

This Court "should not hesitate," *Mohawk*, 558 U.S. at 110-11, to certify an order for interlocutory appeal if three conditions exist: "[1] such order involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C.

3

§ 1292(b); *see also Ahrenholz v. Bd. of Tr. of Univ. of Ill.*, 219 F.3d 674, 677 (7th Cir. 2000) ("It is equally important . . . to emphasize the duty of the district court . . . to allow an immediate appeal to be taken when the statutory criteria are met."). Another federal court in Tennessee has acknowledged that "[a]n interlocutory appeal is favored where reversal would substantially alter the course of the district court proceedings or relieve the parties of significant burdens." *Gaylord Entm't Co. v. Gilmore Entm't Group*, 187 F. Supp. 2d 926, 957 (M.D. Tenn. 2001). The three preconditions for interlocutory appeal exist here.

## I.   This Court's Decision Will Invariably Involve a Controlling Legal Question.

The first requirement for certification asks whether the order from which an appeal is sought involves a controlling question of law. This is a "low bar." *Nixon v. Hardin Cty. Bd. of Educ.*, No. 12-1125, 2014 WL 12788818, at *2 (W.D. Tenn. Jan. 30, 2014). "A legal issue is controlling if it could materially affect the outcome of the case." *In re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002). Here, the State Entities' Motion to Dismiss presents a controlling question: whether DOJ has a cause of action to sue Tennessee under Title II. As the Eleventh Circuit noted, this "is a purely legal question, requiring statutory interpretation." *United States v. Florida*, 938 F.3d 1221, 1225 (11th Cir. 2019). The Court must answer this controlling question in ruling on the Motion to Dismiss.

This question is dispositive because, if the State Entities prevail, the result is dismissal. A question that "terminate[s] the litigation in its entirety" is "a 'controlling question.'" *Newsome v. Young Supply Co.*, 873 F. Supp. 2d 872, 875-76, 878 (E.D. Mich. 2012); *see also U.S. ex rel. Elliott v. Brickman Grp. Ltd.*, 845 F. Supp. 2d 858, 865 (S.D. Ohio 2012) (explaining the "controlling question" need not be dispositive, merely of "primary importance in this matter"); *Eagan v. CSX Transp., Inc*, 294 F. Supp. 2d 911, 915 (E.D. Mich. 2003) (holding a question is "controlling" if "resolution of the issue on appeal could materially affect the outcome of the litigation in the district

court."). The low bar of the first precondition is easily cleared because the question can dispose of the case entirely.

## II.    There Is Substantial Ground for Difference of Opinion over the Controlling Legal Question.

The second requirement is also met because there is a "substantial ground for difference of opinion" over whether DOJ has a cause of action to sue under Title II. "A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution." *In re Trump*, 874 F.3d 948, 952 (6th Cir. 2017) (internal quotations and citation omitted). A reasonable disagreement among jurists may arise in the absence of clear precedent as to how to resolve a challenging legal issue. *Id.*; *W. Tenn. Chapter of Assoc. Builders & Contractors, Inc. v. City of Memphis*, 138 F. Supp. 2d 1015, 1019 (W.D. Tenn. 2000) (certifying an interlocutory appeal because "[s]ubstantial grounds for a difference of opinion exist when . . . the issue is difficult and of first impression").

Reasonable jurists have already disagreed on the controlling question in this case: the Eleventh Circuit split in both its panel decision and denial of en banc rehearing on this exact issue. *Florida*, 938 F.3d at 1250; *FAHCA*, 21 F.4th at 747. That decision does not bind this Court, or the Sixth Circuit, and the State Entities have already provided the Court with briefing on the reasons the Court should not follow the *Florida* decision. (Dkt. 28, at 14-17.) In short, the majority opted to overlook the plain language of the relevant provision, as well as the well-settled presumption that the federal government is not a "person" for purposes of statutory interpretation, and, instead, comb through a "cascade" of cross-references to unearth a cause of action for DOJ. *Florida*, 938 F.3d at 1227-29. The majority also ignored that Congress must be "unmistakably clear" in giving the federal government a cause of action against the States. *Blatchford v. Native Vill. of Noatak & Circle Vill.*, 501 U.S. 775, 786 (1991).

There is good reason for other jurists to reach the same conclusion that the dissent—composed by a reasonable jurist—did in *Florida*. *See Florida*, 938 F.3d at 1250-54 (Branch, J., dissenting). In fact, other judges did just that by criticizing the full court's failure to rehear the matter en banc. *FAHCA*, 21 F.4th at 751 (Newsom, J., dissenting from denial of rehearing en banc). And reasonable jurists in the Fifth Circuit, after specifically asking for DOJ and the State of Mississippi to address the question at oral argument, declined to answer this "difficult issue."[1] *See Mississippi*, 82 F.4th at 391 N.6; No. 21-60772, Doc. No. 124 (5th Cir. Sep. 23, 2022) (attached as Exhibit 1). As shown by these previous cases, there is substantial ground for reasonable jurists to disagree over the "difficult" and undeveloped question of whether the DOJ has a cause of action to sue a sovereign state under Title II.

## III.    An Immediate Appeal Will Materially Advance the Ultimate Termination of This Litigation.

The third requirement is met because an interlocutory appeal of this question "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). This final consideration "is closely tied to the requirement that the order involve a controlling question of law," which as previously noted is a "low bar." *Nixon*, 2014 WL 12788818, at *2 (citing *Newsome*, 873 F. Supp. 2d at 875-76, 878). Of course, here, an interlocutory appeal will materially advance the ultimate termination because, if the State Entities prevail on appeal, then this case ends.

"Interlocutory appeal is most appropriate early in the proceedings." *W. Tennessee Chapter of Associated Builders & Contractors, Inc. v. City of Memphis*, 138 F. Supp. 2d 1015, 1026 (W.D. Tenn. 2000) (citation omitted). Courts favor interlocutory appeals when "reversal would . . . relieve the parties of significant burdens." *Bates v. Dura Auto. Sys., Inc.*, No. CIV.A. 1:08-0029,

---

[1] In a supplemental letter to the Fifth Circuit, DOJ acknowledged that it did not file its first suit exclusively under Title II until three decades after Title II's enactment. *Mississippi*, No. 21-60772, Doc. No. 129, at 1 (5th Cir. Oct. 17, 2022) (attached as Exhibit 2). But the Fifth Circuit ended DOJ's novel overreach in that case on different grounds. *Mississippi*, 82 F.4th at 401.

2009 WL 2356546, at *4 (M.D. Tenn. July 29, 2009) (internal quotation omitted). Although courts prefer to certify orders for interlocutory appeal early in the proceedings, courts may do so at any time if "resolution of a key issue could save the parties considerable time and expense." *Id*.; *Nixon*, 2014 WL 12788818, at *2 ("Because a ruling by the Sixth Circuit in Defendant's favor could render a trial unnecessary, the Court finds that this element has also been satisfied."). Even in cases where the parties have already expended "a substantial amount of time and energy" in the litigation, certifying issues for interlocutory appeal is appropriate when the issue involved is "complex and somewhat unsettled . . . ." *Id*. at *5.

Here, an interlocutory appeal would save an enormous amount of judicial and party resources. Absent an appeal, the parties will engage in extensive fact and expert discovery involving many state and federal officials regarding HIV, its transmissibility, its medical treatment, Tennessee's enforcement of the aggravated prostitution statute over the past 30 years, and the administration of the sex offender registry. DOJ's initial disclosures list dozens of fact witnesses it may use to support its claims, including officials spread across State and local government as well as any person convicted of aggravated prostitution. Moreover, the State Entities fully expect that the parties will have extensive discovery disputes about the federal government's intent to seek exhaustive discovery from "the State of Tennessee," which it has named generically as a defendant instead of naming specific agencies responsible for the enforcement actions DOJ finds objectionable. (Dkt. 28-1, at 22-24.) These disputes will likely result in protracted and costly litigation requiring resolution by this Court. Such contentious and burdensome discovery will be avoided entirely if the federal government lacks a cause of action. And, of course, the parties and the Court would be spared the burden of summary judgment and trial, after which the exact same question would still be presented to the Sixth Circuit under the same standard of review. Even if

DOJ prevails on this controlling question on interlocutory appeal, the parties will benefit from a narrowing of the issues remaining for discovery and summary judgment.

Accordingly, an interlocutory appeal at this point "will potentially save judicial resources and litigant expense," making certification appropriate under § 1292(b). *City of Memphis*, 138 F. Supp. 2d at 1026.

## CONCLUSION

Given the absence of developed precedent on DOJ's authority to sue sovereign States under Title II of the ADA, reasonable jurists can disagree—and have disagreed—that a cause of action exists, and a contrary determination by the Sixth Circuit at this stage would bring an immediate end to this case and avoid protracted and expensive discovery. The State Entities therefore respectfully ask that the Court certify that its Order involves a controlling question of law as to which there is substantial ground for difference of opinion and from which immediate appeal may materially advance the litigation.

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

*/s/ Cody N. Brandon*
CODY N. BRANDON (BPR# 037504)
Managing Attorney
Senior Assistant Attorney General

DAVID RUDOLPH (BPR# 13402)
Senior Assistant Attorney General

Law Enforcement &
Special Prosecutions Division
Office of the Tennessee
Attorney General & Reporter
PO Box 20207
Nashville, TN  37202

Off. (615) 532-7400
Fax (615) 532-4892
Cody.Brandon@ag.tn.gov
David.Rudolph@ag.tn.gov

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2024, a true and exact copy of the foregoing was served

via the court's electronic filing system upon counsel as follows:

Stella Yarbrough (BPR No. 033637)
Jeff Preptit (BPR No. 038451)
Lucas Cameron-Vaughn (BPR No. 036284)
ACLU FOUNDATION OF TENNESSEE
P.O. Box 120160
Nashville, TN 37212
Phone: (615) 320-7142
SYarbrough@aclu-tn.rog
JPreptit@aclu-tn.org
Lucas@aclu-tn.org

Alex Agathocleous (NY Bar 4227062)
Alexis Alvarez (NY Bar 5854278)
Jon W. Davidson (CA Bar 89301)
Rachel Meeropol (NY Bar 4100954)
AMERICAN CIVIL LIBERTIES UNION
125 Broad St., New York, NY 10004
Phone: (929) 585-0061
AAgathocleous@aclu.org
AlexisA@aclus.org
JonDavidson@aclu.org
RMeeropol@aclu.org

Lynly S. Egyes (NY Bar 4838025)
Milo Inglehart (NY Bar 5817937)
TRANSGENDER LAW CENTER
594 Dean Street, Suite 11
Brooklyn, NY 11238
Phone: 510 587-9898 Ext. 353
Lynly@transgenderlawcenter.org
Milo@transgenderlawcenter.org

Dale Melchert (NY Bar 5366554)
TRANSGENDER LAW CENTER
P.O. Box 70976
Oakland, CA 94612
Phone: (510) 587-9696 Ext. 354
Dale@transgenderlawcenter.org
*Counsel for the private plaintiffs*

Stephanie Berger
Ali Szemanski

Anna Bobrow
U.S. Department of Justice
150 M Street NE
Washington, DC 20002
*Counsel for the United States*

/s/ *Cody N. Brandon*
CODY N. BRANDON