IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| **OUTMEMPHIS; MICHELLE ANDERSON; JANE DOE 2; JANE DOE 3; and JANE DOE 4,** | ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| v. | ) ) | |
| **BILL LEE, in his official capacity as Governor of Tennessee; JONATHAN SKRMETTI, in his official capacity as Attorney General and Reporter of Tennessee; DAVID RAUSCH, in his official capacity as Director of the Tennessee Bureau of Investigation; and FRANK STRADA, in his official capacity as Commissioner of the Tennessee Department of Correction,** | ) ) ) ) ) ) ) ) ) ) ) ) | |
| **Defendants.** | ) ) | **Case Nos.    2:23-CV-2670** |
| **UNITED STATES OF AMERICA,** | ) ) |            **2:24-cv-02101** |
| **Plaintiff,** | ) ) | **Chief Judge Lipman** |
| v. | ) ) ) | |
| **STATE OF TENNESSEE, and TENNESSEE BUREAU OF INVESTIGATION,** | ) ) ) ) | |
| **Defendants.** | ) | |

### NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants Governor Bill Lee, Attorney General Jonathan Skrmetti, TBI Director David Rausch, and Commissioner Frank Strada ("State Officials"), hereby give notice of the existence of new binding authority that supports their pending Motion to Dismiss Plaintiffs' First Amended Complaint (Dkt. 66). On June 13, 2024, the Supreme Court released its Opinion in *Food and Drug*

*Admin. v. Alliance for Hippocratic Medicine*, No. 23-235, 602 U.S. __, 2024 WL 2964140 (June 13, 2024) (attached as Exhibit 1).  That Opinion was unavailable to the parties before briefing on the State Officials' Motion was complete, but the Supreme Court has now resolved an issue directly related to an argument raised in briefing on the State Officials' Motion.

In *Food and Drug Admin. v. Alliance for Hippocratic Medicine*, the Supreme Court held that doctors and medical associations that challenged the FDA's regulation of others' conduct lacked standing. (Slip Op. at 13, 24.)  In so holding, the Court rejected "several complicated causation theories" advanced by the plaintiffs, who tried to connect the government's action to their alleged injuries. (Slip Op. at 13-24.)

The Opinion is directly relevant to Part II(A)(1) of the State Officials' Motion, in which the State Officials argued that OUTMemphis lacked associational standing, third-party standing, and organizational standing for its own injuries. (Dkt. 66-1, at 27-30.) OUTMemphis responded by abandoning any claim to associational or third-party standing (Dkt. 67, at 23) and arguing solely that it had organizational standing because the challenged laws "'perceptibly impaired' OUTMemphis's ability to provide services" (Dkt. 67, at 25).  But the Supreme Court has now held that government action that "impair[s] the[] ability to provide services and achieve their organizational missions . . . does not work to demonstrate standing." (Slip Op. at 21.) (internal citations omitted).  Like OUTMemphis, the medical associations relied on *Havens Realty Corp. v. Coleman* to support this "diversion" theory of standing.  *Comp.* (Slip Op. at 22) *with* (Dkt. 67, at 25.)  But the Supreme Court has clarified that the holding of that "unusual case" is limited.  (Slip Op. at 23.)  Where a government agency provides false information to employees of an organization that "directly affect[s] and interfere[s] with [the organization's] core business activities," *Havens* applies. (Slip Op. at 23.) But it does not extend "beyond its context." (Slip Op. at 23.)

2

Accordingly, the State Officials submit the Supreme Court's Opinion in *Food and Drug Admin. v. Alliance for Hippocratic Medicine*, No. 23-235, as supplemental authority in support of their Motion to Dismiss Plaintiffs' First Amended Complaint.

Respectfully Submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

*/s/ Cody N. Brandon*
CODY N. BRANDON (BPR# 037504)
Managing Attorney
Senior Assistant Attorney General

DAVID RUDOLPH (BPR# 13402)
Senior Assistant Attorney General

Law Enforcement &
Special Prosecutions Division
Office of the Tennessee
Attorney General & Reporter
PO Box 20207
Nashville, TN  37202
Off. (615) 532-7400
Fax (615) 532-4892
Cody.Brandon@ag.tn.gov
David.Rudolph@ag.tn.gov

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2024, a true and exact copy of the foregoing was served via the court's service system upon counsel as follows:

Stella Yarbrough (BPR No. 033637)
Jeff Preptit (BPR No. 038451)
Lucas Cameron-Vaughn (BPR No. 036284)
ACLU FOUNDATION OF TENNESSEE
P.O. Box 120160
Nashville, TN 37212
Phone: (615) 320-7142
SYarbrough@aclu-tn.rog
JPreptit@aclu-tn.org
Lucas@aclu-tn.org

Alex Agathocleous (NY Bar 4227062)
Alexis Alvarez (NY Bar 5854278)
Jon W. Davidson (CA Bar 89301)
Rachel Meeropol (NY Bar 4100954)
AMERICAN CIVIL LIBERTIES UNION
125 Broad St., New York, NY 10004
Phone: (929) 585-0061
AAgathocleous@aclu.org
AlexisA@aclus.org
JonDavidson@aclu.org
RMeeropol@aclu.org

Lynly S. Egyes (NY Bar 4838025)
Milo Inglehart (NY Bar 5817937)
TRANSGENDER LAW CENTER
594 Dean Street, Suite 11
Brooklyn, NY 11238
Phone: 510 587-9898 Ext. 353
Lynly@transgenderlawcenter.org
Milo@transgenderlawcenter.org

Dale Melchert (NY Bar 5366554)
TRANSGENDER LAW CENTER
P.O. Box 70976
Oakland, CA 94612
Phone: (510) 587-9696 Ext. 354
Dale@transgenderlawcenter.org
*Counsel for Plaintiffs*

Stephanie Berger
Ali Szemanski

4

Anna Bobrow
U.S. Department of Justice
150 M Street NE
Washington, DC 20002
*Counsel for the United States*

                                                   */s/ Cody N. Brandon*
                                                 CODY N. BRANDON