UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| OUTMEMPHIS, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>BILL LEE, et al.,<br><br>　　　　Defendants.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF TENNESSEE, et al.,<br><br>　　　　Defendants. | Civil Action No. 2:23-CV-2670<br><br>Civil Action No. 2:24-CV-2101<br><br>Chief Judge Lipman |

**Plaintiffs' Response to Defendants' Notice of Supplemental Authority**

　　Plaintiffs write in response to Defendants' Notice of Supplemental Authority, ECF No. 110, calling the Court's attention to the Supreme Court's recent decision in *Food and Drug Admin. v. Alliance for Hippocratic Medicine*, No. 23-235, 602 U.S. ___, 2024 WL 2964140 (June 13, 2024). Contrary to Defendants' notice, nothing in the decision supports dismissal of OUTMemphis for lack of standing.

　　The plaintiffs in *Alliance for Hippocratic Medicine* based their theory of organizational standing on incurring costs *to oppose the FDA's* actions. Slip Op. at 22. The Supreme Court

1

rejected this approach, noting that "an organization that *has not suffered a concrete injury caused by a defendant's action* cannot spend its way into standing simply by expending money to gather information and advocate against the defendant's action." *Id.* (emphasis added). If an organization could "manufacture its own standing" in this way, then "all the organizations in America would have standing to challenge almost every federal policy that they dislike, provided they spend a single dollar opposing those policies." *Id.*

The Supreme Court distinguished such manufactured standing from the legitimate frustration of mission allegations at issue in *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982), in which defendant's actions "perceptibly impaired [the plaintiff's] ability to provide counseling and referral services" to its clients. Slip Op. at 23.

Like the plaintiff in *Havens*, and unlike the plaintiff in *Alliance for Hippocratic Medicine,* OUTMemphis alleges that Defendants are "impos[ing] an impediment" to its counseling and support services. *Id.* Among other relevant allegations, Defendants' enforcement of the Aggravated Prostitution law and related registry requirements directly impact Plaintiff's ability to secure name changes for clients through its Trans Services program, connect its clients to housing and employment, bring people out to community events, and encourage voluntary HIV testing. *See* Amended Compl., ECF No. 62, ¶¶ 250, 254, 257, 260.

Finally, it is not the case, as Defendants' wrongly state, that the Supreme Court "has now held that government action that 'impair[s] the[] ability to provide services and achieve their organizational missions . . . does not work to demonstrate standing.'" ECF No. 110 at 2, *quoting* Slip Op. at 21. Rather, the Supreme Court held that *Alliance for Hippocratic Medicine's* specific allegations—of spending money to oppose the FDA's actions—did not demonstrate a direct impairment of the organization's work. Compare Slip Op. at 21-22, with *id.* at 23 (reiterating that

2

standing is appropriate where defendant "perceptibly impaired [plaintiff's] ability to provide counseling and referral services for low- and moderate-income homeseekers.") *Alliance for Hippocratic Medicine* thus presents no support for Defendants' motion to dismiss.

Dated: June 18, 2024

                                        Respectfully submitted,

                                        */s/ Rachel Meeropol*

Rachel Meeropol* (NY Bar 4100954)
Alexis Alvarez* (NY Bar 5854278)
Alexis Agathocleous* (NY Bar 4227062)
Jon W. Davidson* ** (CA Bar 89301)
AMERICAN CIVIL LIBERTIES UNION
125 Broad St., New York, NY 10004
Phone: (929) 585-0061
AAgathocleous@aclu.org
AlexisA@aclu.org
JonDavidson@aclu.org
RMeeropol@aclu.org

Jeff Preptit (BPR No. 038451)
Stella Yarbrough (BPR No. 033637)
Lucas Cameron-Vaughn (BPR No. 036284)
ACLU FOUNDATION OF TENNESSEE
P.O. Box 120160
Nashville, TN 37212
Phone: (615) 320-7142
SYarbrough@aclu-tn.org
JPreptit@aclu-tn.org
Lucas@aclu-tn.org

Lynly S. Egyes* (NY Bar 4838025)
Milo Inglehart* (NY Bar 5817937)
TRANSGENDER LAW CENTER
594 Dean Street, Suite 11
Brooklyn, NY 11238
Phone: (510) 587-9696 Ext. 353
Lynly@transgenderlawcenter.org
Milo@transgenderlawcenter.org

Dale Melchert* (NY Bar 5366554)

TRANSGENDER LAW CENTER
P.O. Box 70976
Oakland, CA 94612
Phone: (510) 587-9696 Ext. 354
Dale@transgenderlawcenter.org

*Admitted Pro Hac Vice*
*\*\* Admitted only in California*

## Certificate of Service

I hereby certify that a true and exact copy of the foregoing was filed and served via the Court's electronic filing system on this the 18th day of June 2024, upon:

CODY N. BRANDON (BPR# 037504)
Managing Attorney
Assistant Attorney General

DAVID RUDOLPH (BPR# 13402)
Senior Assistant Attorney General

Law Enforcement &
Special Prosecutions Division
Office of the Tennessee
Attorney General & Reporter
PO Box 20207
Nashville, TN  37202
Off. (615) 532-2552
Fax (615) 532-4892
Cody.Brandon@ag.tn.gov
David.Rudolph@ag.tn.gov

STEPHANIE BERGER
ALI SZEMANSKI
ANNA G. BOBROW
U.S. Department of Justice
150 M Street NE Washington, DC 20002
Stephanie.Berger@usdoj.gov
Ali.Szemanski@usdoj.gov
Anna.bobrow@usdoj.gov
Off. 202-307-0663
*Counsel for the United States*

Dated: June 18, 2024

Respectfully submitted,

<u>/s/ Rachel Meeropol</u>

Rachel Meeropol (NY Bar 4100954)
AMERICAN CIVIL LIBERTIES UNION
125 Broad St., New York, NY 10004
Phone: (929) 585-0061
RMeeropol@aclu.org

*Admitted Pro Hac Vice*