## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| **OUTMEMPHIS; MICHELLE ANDERSON; JANE DOE 2; JANE DOE 3; and JANE DOE 4,** | |
| **Plaintiffs,** | |
| **v.** | |
| **BILL LEE, in his official capacity as Governor of Tennessee, JONATHAN SKRMETTI, in his official capacity as Attorney General and Reporter of Tennessee; DAVID RAUSCH, in his official capacity as Director of the Tennessee Bureau of Investigation; and FRANK STRADA, in his official capacity as Commissioner of the Tennessee Department of Corrections** | |
| **Defendants.** | **Case Nos. 2:23-cv-2670** **2:24-cv-2101** |
| **UNITED STATES OF AMERICA,** | **CHIEF JUDGE LIPMAN** |
| **Plaintiff,** | |
| **v.** | |
| **STATE OF TENNESSEE, and TENNESSEE BUREAU OF INVESTIGATION,** | |
| **Defendants** | |

---

## UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR CERTIFICATION UNDER 28 U.S.C. § 1292(b)

Plaintiff United States files this response in opposition to Defendants' Motion for Certification under 28 U.S.C. § 1292(b), ECF No. 47.  Defendants ask this Court to certify any order it issues in the future denying Defendants' pending motion to dismiss under § 1292(b). Specifically, Defendants argue that *any* conclusion this Court reaches about the Attorney General's enforcement authority under Title II of the Americans with Disabilities Act (ADA) that does not adopt Defendants' position will be so wrong that immediate appeal of this Court's interlocutory order is warranted.  But certification and appeal under § 1292(b) are appropriate only in exceptional circumstances, and Defendants fail to carry their burden to show such circumstances are present here.

Rather, assuming this Court denies Defendants' pending motion to dismiss in accordance with the United States' arguments (ECF No. 42), Defendants' request for § 1292(b) certification fails on two independent grounds.  Under § 1292(b), certification is appropriate only if this Court is "of the opinion" that three requirements have been met:  (1) an order involves a "controlling question of law"; (2) there is "substantial ground for difference of opinion" as to that question; "and" (3) an "immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).

Defendants have not established the second or third requirements, and thus certification may be denied on either of those independent grounds.  Indeed, the Eleventh Circuit and every court outside the Eleventh Circuit to consider the question have held that the Attorney General has a cause of action to enforce Title II, underscoring that there is no "substantial ground for difference of opinion" as to the Attorney General's enforcement authority.  Moreover, Defendants have not shown that an interlocutory appeal would "materially advance the ultimate termination of the litigation," particularly given that this suit has been consolidated with a similar

action by private plaintiffs that will likely proceed to discovery and summary-judgment briefing while any interlocutory appeal is pending.

## BACKGROUND

The United States sued Defendants under Title II of the ADA, challenging Tennessee's law imposing harsher criminal penalties on people living with human immunodeficiency virus (HIV), regardless of any actual or potential risk of transmission.  Defendants sought to consolidate the United States' suit with a suit brought by private plaintiffs concerning the same law, *OUTMemphis v. Lee*. No. 2:23-cv-2670, ECF No. 15, emphasizing Defendants' need to avoid duplicative discovery because the suits challenge the same state law and advance overlapping legal claims.  ECF No. 15-1 at 2-3.  Neither private plaintiffs nor the United States opposed Defendants' request.  Defendants then immediately sought to stay both cases, claiming a change in state law would moot the litigation—a request that misconstrued both the claims against them and the plain text of the state law.[1]  While their motion to stay was pending, Defendants nonetheless moved to dismiss the United States' case.  ECF No. 28.  In that motion, Defendants contend, among other things, that the Attorney General may not file suit to enforce Title II.  That motion is pending.  Now, Defendants filed this preemptive request under 28 U.S.C. § 1292(b) to certify a not-yet-issued order for immediate appeal to the Sixth Circuit.  ECF No. 47.

## LEGAL STANDARD

Appeals from district courts are restricted to final judgments, with rare exceptions.  28 U.S.C. §§ 1291-1292.  This finality rule "guards against piecemeal appeals that permit litigants

---

[1] This Court denied Defendants' motion to stay the United States' case, stating that a stay "would only serve to delay the case and would not serve judicial economy."   ECF No. 39 at 5.

to second-guess the district court at each turn, harming the district court's ability to control the litigation in front of it and consuming finite appellate court resources along the way." *Rowland v. S. Health Partners, Inc.*, 4 F.4th 422, 425 (6th Cir. 2021) (quoting *Page Plus of Atlanta, Inc. v. Owl Wireless, LLC*, 733 F.3d 658, 659 (6th Cir. 2013)).  Thus, the exception codified in § 1292(b) providing for interlocutory appeal "'should be sparingly applied' and 'is to be used only in exceptional cases.'"  *In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013) (quoting *Kraus v. Bd. of Cnty. Rd. Comm'rs for Kent Cnty.*, 364 F.2d 919, 922 (6th Cir. 1966)).

This Court may certify an order as appropriate for interlocutory appeal under § 1292(b) only if it "find[s] three things: (1) The appeal 'involves a controlling question of law,' (2) there is a 'substantial ground for difference of opinion' about the answer, and (3) 'an immediate appeal from the order may materially advance the ultimate termination of the litigation.'"  *In re Somberg*, 31 F.4th 1006, 1008 (6th Cir. 2022) (quoting 28 U.S.C. § 1292(b)).  The moving party bears the burden of establishing that immediate appeal is justified.  *See Alexander v. Provident Life & Accident Ins. Co.*, 663 F. Supp. 2d 627, 639 (E.D. Tenn. 2009).  Thus, "district courts [have] first line discretion to allow interlocutory appeals" under § 1292(b).  *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995).

## ARGUMENT

For two independent reasons, Defendants fail to carry their burden of showing that certification for immediate appeal is justified under § 1292(b).[2]  First, Defendants have failed to establish that there is a "substantial ground for difference of opinion" about the correctness of this Court's decision.  28 U.S.C. § 1292(b).  Indeed, there is *no* decision to discuss, as the Court

---

[2] The United States does not dispute that if this Court denies Defendants' motion to dismiss in full, it will inevitably address the Attorney General's ability to enforce Title II, which implicates a "controlling question of law."  28 U.S.C. § 1292(b).

has not yet issued an opinion.  And even if the Court issues a decision agreeing with the United States that the Attorney General has enforcement authority under Title II, Defendants have failed to carry their burden to show that there is a substantial ground for difference of opinion about that holding's correctness.  Second, Defendants have failed to establish that an immediate appeal would "materially advance the ultimate termination of th[is] litigation," *id.*, given the consolidation of this matter with *OUTMemphis v. Lee*, No. 2:23-cv-2670, which Defendants sought out of concern for duplicative discovery.  Here, interlocutory appeal promotes neither judicial economy nor efficiency; it serves only Defendants' interest in delay.  Accordingly, Defendants' request for certification should be denied.

I.     **There Is No Substantial Ground for Difference of Opinion Justifying Immediate Appeal.**

As the Sixth Circuit has explained, district courts in the Circuit have identified four scenarios in which it is appropriate to find that there is a "substantial ground for a difference of opinion" on an issue:

> (1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question.

*In re Miedzianowski*, 735 F.3d at 384 (quoting *City of Dearborn v. Comcast of Mich. III, Inc.*, No. 08-10156, 2008 WL 5084203, at *3 (E.D. Mich. Nov. 24, 2008)).  When "novel" legal issues are presented, interlocutory appeal may sometimes be appropriate without the development of contradictory precedent, *In re Trump*, 874 F.3d 948, 952 (6th Cir. 2017) (quoting *Reese v. BP Expl., Inc.*, 643 F.3d 681, 688 (9th Cir. 2011)).  But the fact that an issue is novel or of first impression does not alone mean that there is a substantial ground for difference of opinion.  *See Lofgren v. Polaris Indus. Inc.*, 526 F. Supp. 3d 322, 329 (M.D. Tenn. 2021)

4

("'Simply because a court decides a novel issue or a question of first impression does not mean there is substantial ground for difference of opinion concerning the correctness of the ruling.'" (quoting *City of Dearborn*, 2008 WL 5084203, at *3)).

Defendants have not established a substantial ground for a difference of opinion justifying immediate appeal, so the Court's inquiry should end here.  Contrary to Defendants' assertions, Title II's enforcement provision, 42 U.S.C. § 12133, permits enforcement actions by the Attorney General by expressly incorporating the enforcement provisions of the Rehabilitation Act of 1973 and Title VI of the Civil Rights Act of 1964.  *See* ECF No. 42 at 5-14.  When the ADA was enacted, regulations and case law made it clear that the incorporated statutes provide persons alleging discrimination the right to file administrative complaints, and that those complaints trigger an administrative process that can culminate in an enforcement action by the Attorney General.  Courts consistently recognize that Title II authorizes suits by the Attorney General.[3]  Thus the question presented here is *not* one on which there is an absence of relevant precedent.  *See In re Miedzianowski*, 735 F.3d at 384.

Thus, although the question on which Defendants seek certification is a question of first

---

[3] *See United States v. Florida*, 938 F.3d 1221, 1245-50 (11th Cir. 2019) (explaining how "[t]he legislative, regulatory, and precedential background of the statutes that Congress incorporated demonstrate that Congress intended to create a [similar] system of federal enforcement for Title II of the ADA"); *United States v. Harris County*, No. 4:16-CV-2331, 2017 WL 7692396, at *1 (S.D. Tex. Apr. 26, 2017) (noting that the "plain language of the ADA, its legislative history, and the implementing regulations clearly establish that the United States has authority to bring lawsuits under Title II" and relying on cross-references to the Rehabilitation Act and Title VI in analysis); *United States v. Mississippi*, No. 3:16-cv-622, 2019 WL 2092569, at *2-3 (S.D. Miss. May 13, 2019) (adopting rationale of *Harris County* to conclude United States had Title II enforcement authority), *rev'd on other grounds*, 82 F.4th 387 (5th Cir. 2023); *United States v. Virginia*, No. 3:12-cv-59, 2012 WL 13034148, at *2-3 (E.D. Va. June 5, 2012) (explaining how Title II's enforcement mechanisms, including suit by the Attorney General, derive from enforcement schemes of Rehabilitation Act and Title VI); *Smith v. City of Philadelphia*, 345 F. Supp. 2d 482, 489-90 (E.D. Pa. 2004) (same); *United States v. City & County of Denver*, 927 F. Supp. 1396, 1399-1400 (D. Colo. 1996) (same).

impression *in this circuit*, there is no substantial ground for difference of opinion based on instructive decisions in other courts, relevant Supreme Court case law, and the governing statutory and regulatory text. *See Lofgren*, 526 F. Supp. 3d at 329-30 (explaining decision not to certify opinion under § 1292(b) where court "was guided by previous decisions and cited to numerous cases . . . [the court] found instructive," even though resolution of the issue "was not necessarily easy"); *Heineman v. Terra Enters., LLC*, 817 F. Supp. 2d 1049, 1065 (E.D. Tenn. 2011) ("[T]hat an issue is one of first impression is not always sufficient to demonstrate substantial grounds for difference of opinion exist.").

Contrary to Defendants' assertions, the dissents from the Eleventh Circuit's merits decision and its denial of rehearing en banc in *United States v. Florida*—dissents reflecting the views of just two of the 11 court-of-appeals judges who evaluated the case—do not establish a substantial ground for difference of opinion on the Attorney General's Title II enforcement authority. While Judge Branch's dissent from the merits ruling in *Florida* focused on whether the Attorney General is a "person" alleging discrimination, *United States v. Florida*, 938 F.3d 1221, 1250-53 (11th Cir. 2019) (Branch, J., dissenting), Judge Branch also acknowledged both that the United States was not arguing that the Attorney General was a person alleging discrimination and that the majority's holding was not based on such conclusion, *id.* at 1253. This dissent failed to engage with the substance of the majority's holding—that the cross-references in Title II's enforcement provisions authorize actions by the Attorney General—cursorily dismissing the idea that the use of "cross-references to other federal regulatory schemes" could be relevant to the interpretation of § 12133 and instead concluding that "[f]ocusing solely on the word 'person'" is precisely where this case should begin and end." *Id.* Especially given that the heart of this dissent focused on an ancillary issue, it does not present a

6

substantial ground for difference of opinion.

Likewise, Defendants' citation to the dissent from the denial of rehearing en banc in *Florida* fails to demonstrate that there is a substantial ground for difference of opinion on the Attorney General's Title II enforcement authority.  There, the dissenters—Judge Newsom, joined by Judge Branch—took a slightly different tack, asserting that because Title VI and the Rehabilitation Act are Spending Clause statutes, the Attorney General's enforcement authority could not derive from them.  *Sec'y Fla. Agency*, 21 F.4th at 753-55 (Newsom, J., dissenting from the denial of rehearing en banc).  But this distinction has already been rejected by the Supreme Court in *Barnes v. Gorman*, which concluded that Title II "could not be clearer that the 'remedies, procedures, and rights'" it provides "are the same as the 'remedies, procedures, and rights'" set forth in Title VI and the Rehabilitation Act, and that these explicit provisions "make discussion of the ADA's status as a 'non Spending Clause' tort statute quite irrelevant" in determining the scope of the remedies the ADA provides.  536 U.S. 181, 189 n.3 (2002) (quoting 42 U.S.C. § 12133); *see also Jones v. City of Detroit*, 20 F.4th 1117, 1122 (6th Cir. 2021).  Tellingly, Defendants offered no response to these bases for rejecting their Spending Clause arguments in their reply supporting their motion to dismiss.  Moreover, the Supreme Court had an opportunity to grant certiorari in *Florida* on the question whether the Eleventh Circuit correctly held that the Attorney General has a cause of action under Title II, but the Court declined to do so without any noted dissents.  *Florida v. United States*, 143 S. Ct. 89 (2022).

Defendants fare no better in relying on the Fifth Circuit's recent statement in a footnote in *United States v. Mississippi* characterizing as "difficult" the question "whether the federal government has any authority under Title II to sue a state, where the statute confers a cause of action only on *any person* alleging disability discrimination."  82 F.4th 387, 391 n.6 (5th Cir.

2023).  As Defendants themselves recognize, the Fifth Circuit did not opine—or even muse—on the answer to that question, let alone grapple with Title II's express language granting persons alleging discrimination the rights and remedies set forth in other statutes providing for the filing of an administrative complaint followed by an enforcement action by the Attorney General.  That the court did not do so is no surprise, given that the parties' briefs in *Mississippi* did not raise the question.  The Fifth Circuit's offhand characterization thus provides no basis for concluding that there is a substantial ground for difference of opinion on the question at issue here.

Finally, Defendants appear to present a new argument against the Attorney General's enforcement authority, suggesting that the Attorney General's Title II enforcement activities began "three decades after Title II's enactment," cutting against the government's position.  ECF No. 47-1 at 6 n.1.  But "[a] motion to certify for interlocutory appeal is not the place to raise new arguments."  *Smart & Assocs., LLC v. Indep. Liquor (NZ) LTD.*, No. 3:10-cv-614, 2017 WL 4969354, at *4 (W.D. Ky. Sept. 26, 2017); *see also, e.g.*, *Jones v. State Farm Fire & Cas. Co.*, No. 2:22-cv-02541, 2023 WL 3570014, at *1 (W.D. Tenn. May 19, 2023) (explaining that such arguments are waived).  In any event, Defendants' new contention is "no more persuasive than the old ones" because it rests on a faulty premise.  *Picard v. Katz*, 466 B.R. 208, 212 (S.D.N.Y. 2012).  Defendants claim that the United States' post-argument letter in *Mississippi* said that the Attorney General waited "three decades" after Title II's enactment to sue exclusively under Title II, ECF No. 37 at 6 n.1, but that letter did not even *address* that question, instead answering distinct questions that arose at oral argument regarding certain types of enforcement actions brought by the United States to address discrimination resulting from unnecessary institutionalization, ECF No. 37-2 (explaining that letter was to "provide additional information in response to questions from the judges on the panel").  Moreover, Defendants' unsupported

assertion about when the federal government first invoked its authority to file suit under Title II is incorrect, as the United States filed enforcement actions under Title II starting a few years after the ADA's 1992 effective date.[4]  In addition, the Attorney General has entered many settlement agreements with public entities dating back to the 1990s that have invoked the Attorney General's authority to bring a civil action under 42 U.S.C. § 12133 to resolve administrative complaints under Title II in the absence of voluntary compliance.[5]  It is, of course, the threat of litigation by the Attorney General that gives the federal government the leverage to induce such voluntary compliance through settlement.  Thus, Defendants' suggestion that the Attorney General's enforcement of Title II is a recent invention is baseless and irrelevant to whether there is a substantial ground for difference of opinion for purposes of certification under § 1292(b).

Ultimately, the substantial ground for difference of opinion must be as to the correctness of the ruling a party seeks to appeal under § 1292(b).  *See Lofgren*, 526 F. Supp. 3d at 329.  Defendants cannot carry their burden on this element given that there is no opinion yet.  By filing this motion prematurely, Defendants seem to suggest that any resolution this Court reaches on this issue that is not favorable to them is necessarily incorrect.  "Disagreement with the Court is not a sufficient reason to certify [a] question for appeal to the Sixth Circuit."  *Id.* at 330.  Yet Defendants' use of § 1292(b) to litigate the merits of the motion to dismiss *again* in anticipation of a contrary ruling is wrong.  Defendants do not and cannot establish a substantial ground for

---

[4] *See, e.g.*, *City & County of Denver*, 927 F. Supp. at 1398 (filed Feb. 15, 1996); *United States v. Massachusetts*, No. 03-cv-10246 (D. Mass filed Feb. 6, 2003); *United States v. Hous. Auth. of Balt. City*, No. 04-cv-3017 (D. Md. filed Sept. 29, 2004).
[5] For examples, see Addenda A and B to the Reply Brief for the United States as Plaintiff-Appellant, *A.R. v. Sec'y, Fla. Agency for Health Care Admin.*, No. 17-13595-BB (11th Cir. Mar. 1, 2018), ECF No. 65, attached as Exhibit 1.

difference of opinion, and their certification motion should therefore be denied.

**II.     An Immediate Appeal Will Not Materially Advance the Ultimate Termination of This Litigation.**

Defendants also fail to establish that an immediate appeal under § 1292(b) would materially advance the ultimate termination of this litigation, especially as their arguments about burdensome discovery are undermined by their request for, and the granting of, consolidation of this litigation with *OUTMemphis v. Lee.*

As explained above, a court may not certify an order as appropriate for interlocutory appeal under § 1292(b) without determining that "an immediate appeal from the order may materially advance the ultimate termination of litigation." 28 U.S.C. § 1292(b). This typically occurs when, "absent review, potentially unnecessary 'protracted and expensive litigation' will ensue." *In re Somberg*, 31 F.4th at 1008 (quoting *Little v. Louisville Gas & Elec. Co.*, 805 F.3d 695, 699 (6th Cir. 2015)). By contrast, where "litigation will be conducted in substantially the same manner regardless of [the court's] decision, the appeal cannot be said to materially advance the ultimate termination of the litigation." *In re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002) (quoting *White v. Nix*, 43 F.3d 374, 378-79 (8th Cir. 1994)). As the Sixth Circuit observed in *In re Somberg*, the test is not merely whether "an immediate appeal has the potential to alter this litigation's path and outcome, just as an appeal of almost any controlling question of law would." 31 F.4th at 1009. Rather, a court should consider whether immediate review will "accelerate [the litigation's] end." *Id.* Thus, this requirement should be assessed critically to avoid transforming an exceptional remedy into one that swallows the rule.

Here, the Sixth Circuit should be "given the opportunity to make its opinion known in the normal course of litigation"—when there is a final judgment—because Defendants cannot establish that immediate appeal would materially advance this litigation's termination. *Wiggins*

10

*v. Bank of Am., N.A.*, 2:19-cv-03223, 2021 WL 4398076, at *2 (S.D. Ohio Sept. 27, 2021).

Defendants successfully sought consolidation with *OUTMemphis*, claiming consolidation would

help the parties avoid duplicative discovery while preserving judicial resources.  ECF No. 15 at

2-3.  Defendants' primary argument for immediate appeal—that they will be freed of

"contentious and burdensome discovery,"[6] ECF No. 47 at 7—presumes that either the United

States' litigation, or both actions, will be stayed during the pendency of the appeal.  But an

appeal under § 1292(b) does not automatically stay proceedings.[7]  As this Court has already

recognized, "district courts have wide latitude and discretion to grant stays 'to avoid piecemeal,

duplicative litigation and potentially conflicting results.'"  *OUTMemphis v. Lee*, No. 2:23-cv-

2670, 2024 WL 2138625, at *2 (W.D. Tenn. May 13, 2024) (quoting *Derrick v. Friar*, No. 2:17-

cv-02741, 2022 WL 20742544, at *1 (W.D. Tenn. Dec. 9, 2022)).  Courts considering whether a

---

[6] In their motion, Defendants worry about being subjected to "exhaustive discovery" and a "long, complicated, and expensive trial."  ECF No. 47 at 2, 6.  As this Court observed in its prior status hearing, however, this case involves primarily legal issues, such that resolution of this case at the summary judgment stage seems especially likely—a point with which Defendants agreed.  ECF No. 33 at 26:21-28:8 (ECF No. 91 in 23-cv-2670).  As to discovery, the United States had not yet served Defendants with any discovery requests when Defendants filed their § 1292(b) motion. Defendants suggest that the United States' initial disclosures identifying "dozens of fact witnesses" support their contention that they will be subject to "contentious and burdensome" discovery.  ECF No. 47 at 7.  Defendants' suggestion is unsupported.  The United States listed those individuals in its initial disclosures as they are "likely to have discoverable information," consistent with its obligation under Rule 26(a)(1)(A)(i), and to assist Defendants, who have repeatedly expressed concerns about their ability to identify which entities, officials, and employees of the State of Tennessee may have discoverable information about the State's activities related to the state law at issue.  The United States will seek proportional discovery consistent with Rule 26(b)(1), this Court's local rules, and the scheduling order, ECF No. 25. Any argument to the contrary is self-serving, conjectural, and speculative.

[7] Instead, a stay must be ordered by a district judge or the appeals court.  28 U.S.C. § 1292(b). Defendants have not sought a stay of discovery or litigation pending resolution of this motion, or during the pendency of a potential appeal.  This Court should therefore consider their pending motion "with the knowledge that the proceedings in this Court would continue during any interlocutory appeal."  *United States ex rel. Martin v. Life Care Ctrs. of Am., Inc.*, No. 1:08-cv-251, 2014 WL 12638480, at *4 (E.D. Tenn. Nov. 24, 2014).  Thus, they remain subject to discovery here for the foreseeable future, as well as in *OUTMemphis*.

stay is appropriate "consider the balance of hardships between the moving and non-moving parties, and whether 'granting the stay will further the interest in economical use of judicial time and resources.'" *Id.* (quoting *Derrick*, 2022 WL 20742544, at *1). Defendants are unlikely to establish that a stay of either case is warranted here.

First, this Court should not stay the United States' case, while the private action proceeds, if requested by Defendants. In that circumstance, a stay would impose a hardship on the United States, as it would be unreasonably cut out of important determinations in private plaintiffs' case on issues affecting the United States' interests, ranging from discovery disputes to substantive legal issues resolved in motions practice. *Cf. Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936) (explaining that "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both"). A stay of the United States' case, but not the private action, would subject the United States to this dilemma without justification. And in such instance, if the United States were to prevail on appeal, Defendants would then be subject to the duplicative discovery they sought to avoid. Staying one case but not the other could also create redundancies for this Court, requiring it to expend unnecessary judicial time and resources handling these matters piecemeal.

Second, this Court should not grant any request by Defendants to stay both the United States' *and* private plaintiffs' litigation to permit an immediate appeal in this case, as it would unduly prejudice private plaintiffs. "When a stay in one case will impact the rights of litigants in another case, 'the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else.'" *Weisfeld v. Fed. Express Corp.*, No. 2:22-cv-2133, 2022 WL 13973590, at *2 (W.D. Tenn. Oct. 21, 2022) (quoting *Landis*, 299 U.S. at 255). An immediate

appeal in this case—coupled with a stay of litigation for all plaintiffs—would, however, delay the private plaintiffs' litigation indeterminately while the matter is pending before the Sixth Circuit.  The Attorney General's Title II enforcement authority does not affect private plaintiffs' claims, and private plaintiffs retain "a right to a determination of [their] rights and liabilities without undue delay."  *Ohio Env't Council v. U.S. Dist. Ct., S. Dist. of Ohio*, 565 F.2d 393, 396 (6th Cir. 1977).  A request to stay the private action to permit an appeal in this one would defy precedent, as there is no hardship or inequity to Defendants, and yet, a stay would harm the interests of the plaintiffs in the private action.

Defendants have therefore failed to carry their burden of establishing that an immediate appeal would materially advance the termination of this litigation.  For that additional reason, this Court should decline to exercise its discretion to certify under § 1292(b).

## CONCLUSION

For these reasons, the United States requests that the Court deny Defendants' Motion for Certification, ECF No. 47.

Dated: June 26, 2024                REBECCA B. BOND
                                     Chief

                                     */s/ Stephanie Berger*
                                     KEVIN KIJEWSKI
                                     Deputy Chief
                                     STEPHANIE M. BERGER
                                     NY Bar #5201439
                                     ALI N. SZEMANSKI
                                     PA Bar #327769
                                     ANNA G. BOBROW
                                     DC Bar #1743249
                                     Trial Attorneys
                                     Disability Rights Section
                                     Civil Rights Division
                                     U.S. Department of Justice
                                     150 M Street NE
                                     Washington, D.C. 20002
                                     202-307-0663
                                     Stephanie.Berger@usdoj.gov
                                     Ali.Szemanski@usdoj.gov
                                     Anna.Bobrow@usdoj.gov

                                     *Counsel for United States*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and exact copy of the foregoing was filed and served via the

Court's electronic filing system on this the 26th day of June 2024, upon:

Cody N. Brandon
Managing Attorney
Assistant Attorney General

David M. Rudolph
Senior Assistant Attorney General

Law Enforcement &
Special Prosecutions Division
Office of the Tennessee
Attorney General & Reporter
500 Charlotte Avenue
Nashville, TN 37202
Off. (615) 532-2552
Fax (615) 532-4892

Cody.Brandon@ag.tn.gov
David.Rudolph@ag.tn.gov
*Counsel for Defendants*

Alexis Agathocleous
Alexis Alvarez
Jon W. Davidson
Rachel Meeropol
AMERICAN CIVIL LIBERTIES UNION
125 Broad St., New York, NY 10004
Phone: (929) 585-0061
AAgathocleous@aclu.org
AlexisA@aclus.org
JonDavidson@aclu.org
RMeeropol@aclu.org

Stella Yarbrough
Jeff Preptit
Lucas Cameron-Vaughn
ACLU FOUNDATION OF TENNESSEE
P.O. Box 120160
Nashville, TN 37212
Phone: (615) 320-7142
SYarbrough@aclu-tn.org
JPreptit@aclu-tn.org
Lucas@aclu-tn.org

Lynly S. Egyes
Milo Inglehart
TRANSGENDER LAW CENTER
594 Dean Street, Suite 11
Brooklyn, NY 11238
Phone: 510 587-9898 Ext. 353
Lynly@transgenderlawcenter.org
Milo@transgenderlawcenter.org

Dale Melchert
TRANSGENDER LAW CENTER
P.O. Box 70976
Oakland, CA 94612
Phone: (510) 587-9696 Ext. 354
Dale@transgenderlawcenter.org
*Counsel for Plaintiffs OUTMemphis, Michelle
Anderson, Jane Doe 2, Jane Doe 3, and Jane
Doe 4*

*/s/ Stephanie Berger*
Stephanie Berger