# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| **OUTMEMPHIS; MICHELLE ANDERSON; JANE DOE 2; JANE DOE 3; and JANE DOE 4,** | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| **BILL LEE, in his official capacity as Governor of Tennessee; JONATHAN SKRMETTI, in his official capacity as Attorney General and Reporter of Tennessee; DAVID RAUSCH, in his official capcity as Director of the Tennessee Bereau of Investigation; and FRANK STRADA, in his offical capacity as Commissioner of the Tennessee Department of Correction,** | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | **Case Nos.   2:23-cv-2670** |
| **UNITED STATES OF AMERICA,** | ) ) | **2:24-cv-02101** |
| Plaintiff, | ) ) | **Chief Judge Lipman** |
| v. | ) ) | |
| **STATE OF TENNESSEE, and TENNESSEE BUREAU OF INVESTIGATION,** | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM IN SUPPORT OF
## MOTION FOR EXTENSION OF TIME TO FILE
## MOTION FOR LEAVE TO FILE REPLY

The State Entities move under Fed. R. Civ. P. 6(b) and Local Rule 7.2(c) for a 14-day extension to file a motion for leave to reply in support of their Motion for Certification.

1

Good cause exists to grant the extension. DOJ opposed the State Entities' Motion for Certification on two grounds, arguing (1) there is not a substantial ground for difference of opinion and (2) interlocutory appeal would not materially advance the litigation because the private plaintiffs in *OUTMemphis* would still proceed with discovery during an interlocutory appeal. (Dkt. 53, at 2-3, 13-14.) Half of DOJ's argument rests on the assumption that the *OUTMemphis* plaintiffs will be conducting discovery and summary judgment during an interlocutory appeal in this case.

The State Entities should be granted a short extension of time to bring more certainty to whether that assumption is true. Public Chapter 545, which amends the Registration Act, took effect July 1, 2024. Aggravated prostitution is no longer a "sexual offense" or "violent sexual offense." Tenn. Code Ann. § 40-39-202. The parties in *OUTMemphis* have continued highly productive conversations about resolving some claims in that case that relate to the amendment, and they are optimistic they will be able to announce a resolution in short order. The State Entities believe it is highly likely the fruit of those continuing negotiations will substantially affect the issues presented by their Motion for Certification. It is prudent to wait two weeks while the amendment is implemented and while discussions continue to clarify the landscape of these suits. If the State Entities are forced to respond now, before the dust settles, the Court will either miss the benefit of the actual facts or be asked to entertain supplemental briefing on the motion.

DOJ will not be prejudiced by the extension. The State Entities have sought certification before this Court issues its order on their motion to dismiss to avoid the delay that would result from seeking an amended order after its issuance. *See Milbert v. Bison Laboratories, Inc.*, 260 F.2d 431, 435 (3d Cir. 1958) (holding that the certification must be contained in the order sought to be appealed). The Court has not yet ruled on the State Entities' Motion to Dismiss, and, in fact,

the briefing loop on that motion closed less than a month ago. (Dkt. 48.) Because the Court can decide the Motion to Dismiss, and, if not moot, the Motion for Certification within the same order, it is unlikely any delay of the case will result from this extension. Indeed, it is only this Court's ruling on the State Entities' requests for dismissal and certification that could be delayed; that could not prejudice DOJ.

Extending the State Entities' deadline by two weeks will give the Court the benefit of clarity without prejudicing any party. And the State Entities will still be required to move for leave to reply, allowing the Court the opportunity to determine at that time whether a reply is beneficial. Local Rule 7.2(c). Good cause exists to grant a 14-day extension to July 17, 2024.

## CERTIFICATE OF CONSULTATION

Counsel for Defendants consulted with counsel for the United States about this request via email on June 28, 2024. Counsel for the United States notified the undersigned of their opposition to the request on July 1, 2024, without articulating a basis.

    Respectfully submitted,

    JONATHAN SKRMETTI
    Attorney General and Reporter

    */s/ Cody N. Brandon*
    CODY N. BRANDON (BPR# 037504)
    Managing Attorney
    Senior Assistant Attorney General
    Law Enforcement &
    Special Prosecutions Division
    Office of the Tennessee
    Attorney General & Reporter
    PO Box 20207
    Nashville, TN  37202
    Off. (615) 532-7400
    Fax (615) 532-4892
    Cody.Brandon@ag.tn.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and exact copy of the foregoing was filed and served via the Court's electronic filing system on this the 2nd day of July 2024, upon:

Stella Yarbrough (BPR No. 033637)
Jeff Preptit (BPR No. 038451)
Lucas Cameron-Vaughn (BPR No. 036284)
ACLU FOUNDATION OF TENNESSEE
P.O. Box 120160
Nashville, TN 37212
Phone: (615) 320-7142
SYarbrough@aclu-tn.rog
JPreptit@aclu-tn.org
Lucas@aclu-tn.org

Alex Agathocleous (NY Bar 4227062)
Alexis Alvarez (NY Bar 5854278)
Jon W. Davidson (CA Bar 89301)
Rachel Meeropol (NY Bar 4100954)
AMERICAN CIVIL LIBERTIES UNION
125 Broad St., New York, NY 10004
Phone: (929) 585-0061
AAgathocleous@aclu.org
AlexisA@aclus.org
JonDavidson@aclu.org
RMeeropol@aclu.org

Lynly S. Egyes (NY Bar 4838025)
Milo Inglehart (NY Bar 5817937)
TRANSGENDER LAW CENTER
594 Dean Street, Suite 11
Brooklyn, NY 11238
Phone: 510 587-9898 Ext. 353
Lynly@transgenderlawcenter.org
Milo@transgenderlawcenter.org

Dale Melchert (NY Bar 5366554)
TRANSGENDER LAW CENTER
P.O. Box 70976
Oakland, CA 94612
Phone: (510) 587-9696 Ext. 354
Dale@transgenderlawcenter.org
*Counsel for the private plaintiffs*

Stephanie Berger
Ali Szemanski
Anna Bobrow
U.S. Department of Justice
150 M Street NE
Washington, DC 20002
*Counsel for the United States*

                                                    */s/ Cody N. Brandon*
                                                    CODY N. BRANDON