# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| **OUTMEMPHIS; MICHELLE ANDERSON; JANE DOE 2; JANE DOE 3; and JANE DOE 4,** | ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| v. | ) ) | |
| **BILL LEE, in his official capacity as Governor of Tennessee; JONATHAN SKRMETTI, in his official capacity as Attorney General and Reporter of Tennessee; DAVID RAUSCH, in his official capacity as Director of the Tennessee Bureau of Investigation; and FRANK STRADA, in his official capacity as Commissioner of the Tennessee Department of Correction,** | ) ) ) ) ) ) ) ) ) ) ) ) | |
| **Defendants.** | ) ) | **Case Nos.    2:23-CV-2670** |
| **UNITED STATES OF AMERICA,** | ) ) | **2:24-cv-02101** |
| **Plaintiff,** | ) ) | **Chief Judge Lipman** |
| v. | ) ) ) | |
| **STATE OF TENNESSEE, and TENNESSEE BUREAU OF INVESTIGATION,** | ) ) ) ) | |
| **Defendants.** | ) ) | |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants Governor Bill Lee, Attorney General Jonathan Skrmetti, TBI Director David Rausch, and Commissioner Frank Strada ("State Officials"), give notice of the existence of new binding authority that supports their pending Motion to Dismiss Plaintiffs' First Amended Complaint (Dkt. 66). On June 28, 2024, the Sixth Circuit Court of Appeals decided *Tenn. State*

*Conf. of NAACP v. Lee, et al.,* No. 24-5546, --- F.4th ---, 2024 WL 3219054 (6th Cir. 2024) (attached as Exhibit 1). That Opinion was unavailable to the parties before briefing on the State Officials' Motion was complete. On the heels of the Supreme Court's decision in *FDA v. Alliance for Hippocratic Med.*, __ S. Ct. __, 2024 WL 2964140 (June 13, 2024), which was previously brought to the Court's attention (Dkt. 110), the Sixth Circuit has provided additional guidance related to the issue of OUTMemphis's standing raised in briefing on the State Officials' Motion.

In *Tenn. State Conf. of NAACP v. Lee*, the Sixth Circuit stayed pending appeal a permanent injunction prohibiting Tennessee election officials and staff from enforcing a policy requiring some felon applicants to confirm their eligibility to vote. 2024 WL 3219054 at *1. Relevant here, the court held that the district court erred when it granted summary judgment to the NAACP because the state defendants were likely to prevail on whether NAACP had standing to sue. *Id.* at *11.

In staying the injunction, the Sixth Circuit recognized that the Supreme Court narrowed *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 102 (1982) in *Alliance for Hippocratic Medicine* due to *Havens's* "unusual" facts, namely, that the organizational plaintiff there was directly harmed by the defendant. *Tenn. State Conf. of NAACP v. Lee*, 2024 WL 3219054, at *12, 14. Significantly, the court also pointed to its own previously established limits of *Havens* regarding organizational standing. Id.at *13.

The Opinion is directly relevant to Part II(A)(1) of the State Officials' Motion, in which the State Officials argued that OUTMemphis lacked associational standing, third-party standing, and organizational standing for its own injuries. (Dkt. 66-1, at 27-30.) OUTMemphis responded by abandoning any claim to associational or third-party standing (Dkt. 67, at 23) and arguing solely that it had organizational standing because the challenged laws "'perceptibly impaired' OUTMemphis's ability to provide services" (Dkt. 67, at 25).

2

The Sixth Circuit recognized that "*Alliance for Hippocratic Medicine* creates uncertainty over when a plaintiff's own choice to spend money can give it standing to challenge a government action that allegedly caused the expenditure." *Tenn. State Conf. of NAACP*, 2024 WL 3219054, at *14. It also clarified that the *Havens* court addressed a plaintiff's standing to seek damages – not an injunction – and "that difference matters because plaintiffs cannot establish standing in gross[,]" but "must prove their standing on a remedy-by-remedy basis." *Id.* at 13 (internal cites and quotes omitted.) Thus, plaintiffs which only seek injunctive relief are not aided by *Havens* because "*Havens* []said nothing about the types of *future* injuries that plaintiffs must allege when they pursue diversion-of-resources theories." *Id.* (emphasis in original.)

Accordingly, the State Officials submit the Sixth Circuit's Opinion in *Tenn. State Conf. of NAACP v. Lee, et al.,* No. 24-5546, as supplemental authority in support of their Motion to Dismiss Plaintiffs' First Amended Complaint.

    Respectfully Submitted,

    JONATHAN SKRMETTI
    Attorney General and Reporter

    */s/ Cody N. Brandon*
    CODY N. BRANDON (BPR# 037504)
    Managing Attorney
    Senior Assistant Attorney General

    DAVID RUDOLPH (BPR# 13402)
    Senior Assistant Attorney General

    Law Enforcement &
    Special Prosecutions Division
    Office of the Tennessee
    Attorney General & Reporter
    PO Box 20207
    Nashville, TN  37202
    Off. (615) 532-7400
    Fax (615) 532-4892
    Cody.Brandon@ag.tn.gov
    David.Rudolph@ag.tn.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on July 3rd, 2024, a true and exact copy of the foregoing was served via the court's electronic filing system upon counsel as follows:

Stella Yarbrough (BPR No. 033637)
Jeff Preptit (BPR No. 038451)
Lucas Cameron-Vaughn (BPR No. 036284)
ACLU FOUNDATION OF TENNESSEE
P.O. Box 120160
Nashville, TN 37212
Phone: (615) 320-7142
SYarbrough@aclu-tn.rog
JPreptit@aclu-tn.org
Lucas@aclu-tn.org

Alex Agathocleous (NY Bar 4227062)
Alexis Alvarez (NY Bar 5854278)
Jon W. Davidson (CA Bar 89301)
Rachel Meeropol (NY Bar 4100954)
AMERICAN CIVIL LIBERTIES UNION
125 Broad St., New York, NY 10004
Phone: (929) 585-0061
AAgathocleous@aclu.org
AlexisA@aclus.org
JonDavidson@aclu.org
RMeeropol@aclu.org

Lynly S. Egyes (NY Bar 4838025)
Milo Inglehart (NY Bar 5817937)
TRANSGENDER LAW CENTER
594 Dean Street, Suite 11
Brooklyn, NY 11238
Phone: 510 587-9898 Ext. 353
Lynly@transgenderlawcenter.org
Milo@transgenderlawcenter.org

Dale Melchert (NY Bar 5366554)
TRANSGENDER LAW CENTER
P.O. Box 70976
Oakland, CA 94612
Phone: (510) 587-9696 Ext. 354
Dale@transgenderlawcenter.org
*Counsel for Plaintiffs*

Stephanie Berger
Ali Szemanski

Anna Bobrow
U.S. Department of Justice
150 M Street NE
Washington, DC 20002
*Counsel for the United States*

                                              */s/ Cody N. Brandon*
                                              CODY N. BRANDON