IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| OUTMEMPHIS; MICHELLE ANDERSON; JANE DOE 2; JANE DOE 3; and JANE DOE 4, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| BILL LEE, in his official capacity as Governor of Tennessee; JONATHAN SKRMETTI, in his official capacity as Attorney General and Reporter of Tennessee; DAVID RAUSCH, in his official capacity as Director of the Tennessee Bureau of Investigation; and FRANK STRADA, in his official capacity as Commissioner of the Tennessee Department of Correction, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | Case Nos.   2:23-cv-2670 |
| UNITED STATES OF AMERICA, | ) ) | 2:24-cv-02101 |
| Plaintiff, | ) ) | Chief Judge Lipman |
| v. | ) ) | |
| STATE OF TENNESSEE, and TENNESSEE BUREAU OF INVESTIGATION, | ) ) ) ) | |
| Defendants. | ) | |

**REPLY IN SUPPORT OF STATE ENTITIES' MOTION FOR CERTIFICATION
UNDER 28 U.S.C. § 1292(b)**

This is an exceptional case.  The United States has sued the State of Tennessee seeking to wipe a decades-old criminal statute off the books.  At the heart of the case is a purely legal question about the breadth of DOJ's power to sue.  The answer to that question not only determines this case, but it also affects suits between the federal government and sovereign States nationwide.  The

1

law on that question is severely underdeveloped and lacks uniformity in reasoning. And the State Entities' victory on interlocutory appeal would immediately terminate this case. In the event the State Entities' Motion to Dismiss is denied,[1] these exceptional circumstances warrant certification of the order for interlocutory appeal so that the Sixth Circuit can decide whether DOJ is a person who can sue States under Title II of the ADA.

## ARGUMENT

All three requirements for interlocutory appeal are met here. *See* 28 U.S.C. § 1292(b). DOJ concedes that the State Entities' Motion to Dismiss presents a controlling question of law. (Dkt. 53, at 5.) No court in the Sixth Circuit has answered that question, and the few courts in other circuits to answer it have either split, *see United States v. Florida*, 938 F.3d 1221 (11th Cir. 2019, *rehearing en banc denied*, 21 F.4th 730 (11th Cir. 2021), or did not even address the argument that is now presented by the State Entities (*see* Dkt. 48, at 5-6 (discussing reasoning of five district courts that never addressed argument raised by State Entities)). Interlocutory appeal "may materially advance the ultimate termination of the litigation," 28 U.S.C. § 1292(b), because one of the only two outcomes on appeal would result in immediate termination of this case.

## I. There Is Substantial Ground for Difference of Opinion over the Controlling Legal Question.

"[W]here reasonable jurists might disagree on an issue's resolution," the second requirement is met. *In re Trump*, 874 F.3d 948, 952 (6th Cir. 2017). "[W]hen novel issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory

---

[1] The State Entities never argued, as DOJ suggests, "that any conclusion this Court reaches . . . will be so wrong that immediate appeal" is warranted. (Dkt. 53, at 2.) The wrongness of an answer is not a factor under Section 1292(b). What matters is whether the *question* is one that is controlling, about which reasonable jurists can disagree, where an interlocutory decision by the Sixth Circuit may materially advance termination of the case. *In re Trump*, 874 F.3d 948, 951-52 (6th Cir. 2017).

precedent." *Id*. Put another way, interlocutory appeal is appropriate when "the question is difficult, novel and . . . a question on which there is little precedent." *In re Buccina*, 657 Fed. App'x 350, 351 (6th Cir. 2016).

That is exactly the situation in this case. DOJ argues there is no ground for difference of opinion because the judges who have disagreed with their position got the question wrong. (Dkt. 53, at 7-8 (debating merits of opinions by Judges Branch and Newsom)). But, of course, those judges, and the State Entities, think that DOJ got the question wrong. What matters for Section 1292(b) is whether "reasonable jurists might disagree" about how to resolve a question. *In re Trump*, 874 F.3d at 952. Judges Boggs, Pryor, Branch, and Newsom[2] are all reasonable jurists, and they have disagreed about how to resolve this question.

This case presents a question that "[c]ourts will traditionally find that a substantial ground for difference of opinion exists." *In re Buccina*, 657 Fed. App'x at 351. The question is undoubtedly "difficult," *id*.; the Fifth Circuit has called it exactly that, *United States v. Mississippi*, 82 F.4th 387, 391 n.6 (5th Cir. 2023). It is "novel," *In re Buccina*, 657 Fed. App'x at 351; DOJ concedes that (Dkt. 53, at 5-6 (admitting this "is a question of first impression in this circuit")). And "there is little precedent." *In re Buccina*, 657 Fed. App'x at 351. As discussed in the State Entities' Reply in support of their Motion to Dismiss, only the divided Eleventh Circuit actually addressed the argument presented by the State Entities—the five earlier district court decisions did not. (Dkt. 48, at 5-6); *cf. Cerjanec v. FCA US, LLC*, No. 17-10319, 2018 WL 7152556, at *2 (E.D.

---

[2] DOJ implies that the rest of the Eleventh Circuit and even the Supreme Court are on their side because they denied rehearing en banc and certiorari. (Dkt. 53, at 7-8.) But there are many reasons, most unrelated to the merits, that those jurists may have decided not to review the panel's decision. *See* Fed. R. App. P. 35(a) (permitting, though disfavored, en banc consideration to secure uniformity or address a question of exceptional importance); U.S. Sup. Ct. R. 10 (permitting certiorari review for "compelling reasons" in specific circumstances, including where there is a circuit split).

3

Mich. Sep. 4, 2018) (holding "there is little precedent" when two Sixth Circuit decisions addressed a question with little analysis).

Where, as here, "reasonable jurists have, in fact, disagreed on the issue's resolution," "[n]o other court has squarely addressed the question, and [the] Sixth Circuit has not reached the issue," the second requirement is met. *Sherrod, Teed, Vanderhagen, and Ware v. VNA*, No. 5:17-cv-10164, 2022 WL 997261, at *2 (E.D. Mich. Apr. 1, 2022).

## II. An Immediate Appeal Will Materially Advance the Ultimate Termination of This Litigation.

The only showing required is that interlocutory appeal "*may* materially advance the termination of the litigation." 28 U.S.C. § 1292(b) (emphasis added). That requirement "is closely tied" to the first, which DOJ has already conceded. *Lofgren v. Polaris Industries, Inc.*, 526 F. Supp. 3d 322, 330 (M.D. Tenn. 2021). The State Entities easily satisfy this requirement. "If a panel" of the Sixth Circuit finds that DOJ lacks the power to sue under Title II, "litigation would end." *In re Trump*, 874 F.3d at 952. That is all the State Entities are required to show.

DOJ overcomplicates the third requirement and tries to heighten the standard set by the statute. DOJ repeatedly and wrongly asserts that the State Entities must show interlocutory appeal "would"—instead of "may"—advance the litigation. (Dkt. 53, at 11, 14.) It also preemptively argues that "this Court should not stay the United States' case" or "stay both the United States' and private plaintiffs' litigation." (Dkt. 53, at 13-14.) The State Entities have not sought a stay of either case during the pendency of an interlocutory appeal, and the propriety of such a stay would necessarily depend on the state of the litigation at the time of such request. DOJ cannot predict that future, and its attempt to do so is a distraction from the standard applicable to this motion.

This case will not "be conducted in substantially the same manner regardless of [the Court's] decision." *In re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002). The possible results on appeal are binary: either DOJ wins and may continue with its suit, or the State Entities win, and

this suit ends immediately.  Victory for the State Entities on appeal will avoid substantial effort from the parties and the Court in discovery,³ summary judgment, and possibly, even if unlikely, trial.  That alone is enough to satisfy the third requirement.  *In re Trump*, 874 F.3d at 952.  But even if DOJ wins on interlocutory appeal, the Court and parties will avoid redundant summary judgment briefing.  Thus, either way, interlocutory appeal *will* materially advance termination of this case.  The third requirement is met.

## CONCLUSION

The State Entities' Motion to Dismiss presents a novel, controlling question of law, which federal appellate judges have disagreed on how to answer.  No court in the Sixth Circuit has addressed the question, and there is little precedent outside the Circuit.  A decision by the Sixth Circuit in the State Entities' favor would immediately end this litigation.

If this Court agrees with the State Entities and dismisses DOJ's suit, DOJ will be entitled to present this question to the Sixth Circuit.  Because the question satisfies the requirements of 28 U.S.C. § 1292(b), if the Court disagrees with the State Entities, it should certify its order and permit a similar appeal for the State Entities.

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

*/s/ Cody N. Brandon*
CODY N. BRANDON (BPR# 037504)
Managing Attorney
Senior Assistant Attorney General

---

³ DOJ tries to minimize the broad scope of discovery it has put in play with its initial disclosures by blaming the long list on its Rule 26 obligation to disclose witnesses who are "likely to have discoverable information." (Dkt. 53, at 12.)  But Rule 26 only requires DOJ to disclose witnesses it "may use to support its claims or defenses," meaning it has chosen to put that lengthy list of witnesses in play from the outset of this case.  Fed. R. Civ. P. 26(a)(1)(A)(i).  The State Entities would be happy to hear that DOJ is swearing off relying on that lengthy list of witnesses, but it has not actually done so.

                                  DAVID RUDOLPH (BPR# 13402)
                                  Senior Assistant Attorney General

                                  Law Enforcement &
                                  Special Prosecutions Division
                                  Office of the Tennessee
                                  Attorney General & Reporter
                                  PO Box 20207
                                  Nashville, TN  37202
                                  Off. (615) 532-7400
                                  Fax (615) 532-4892
                                  Cody.Brandon@ag.tn.gov
                                  David.Rudolph@ag.tn.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2024, a true and exact copy of the foregoing was served via the court's electronic filing system upon counsel as follows:

Stella Yarbrough (BPR No. 033637)
Jeff Preptit (BPR No. 038451)
Lucas Cameron-Vaughn (BPR No. 036284)
ACLU FOUNDATION OF TENNESSEE
P.O. Box 120160
Nashville, TN 37212
Phone: (615) 320-7142
SYarbrough@aclu-tn.rog
JPreptit@aclu-tn.org
Lucas@aclu-tn.org

Alex Agathocleous (NY Bar 4227062)
Alexis Alvarez (NY Bar 5854278)
Jon W. Davidson (CA Bar 89301)
Rachel Meeropol (NY Bar 4100954)
AMERICAN CIVIL LIBERTIES UNION
125 Broad St., New York, NY 10004
Phone: (929) 585-0061
AAgathocleous@aclu.org
AlexisA@aclus.org
JonDavidson@aclu.org
RMeeropol@aclu.org

Lynly S. Egyes (NY Bar 4838025)
Milo Inglehart (NY Bar 5817937)
TRANSGENDER LAW CENTER
594 Dean Street, Suite 11
Brooklyn, NY 11238
Phone: 510 587-9898 Ext. 353
Lynly@transgenderlawcenter.org
Milo@transgenderlawcenter.org

Dale Melchert (NY Bar 5366554)
TRANSGENDER LAW CENTER
P.O. Box 70976
Oakland, CA 94612
Phone: (510) 587-9696 Ext. 354
Dale@transgenderlawcenter.org
*Counsel for the private plaintiffs*

Stephanie Berger
Ali Szemanski

Anna Bobrow
U.S. Department of Justice
150 M Street NE
Washington, DC 20002
*Counsel for the United States*

>*/s/ Cody N. Brandon*
>CODY N. BRANDON