**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>　　Plaintiffs,　　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>v.　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>STATE OF TENNESSEE and TENNESSEE  )<br>BUREAU OF INVESTIGATION,　　　　)<br>　　　　　　　　　　　　　　　　)<br>　　Defendants.　　　　　　　　　)　 | No. 2:24-cv-02101-SHL-tmp |

**ORDER GRANTING JOINT MOTION FOR PROTECTIVE ORDER**

　　Before the Court is the Parties' Joint Motion for Protective Order, filed July 1, 2024. (ECF No. 54.) The Parties assert protection of the identified categories of confidential information and protection of alleged victims, other witnesses, and potential witnesses is necessary because this case involves information pertaining to individuals' human immunodeficiency virus (HIV) status, sex offender registry status, and criminal convictions for sex work. They explain that the disclosure of documents in this case will involve the exchange of sensitive personal information, including: (1) personally identifiable information protected by the Privacy Act of 1974, 5 U.S.C. § 552a, such as names, residential addresses, Social Security numbers, and personal telephone numbers; (2) protected health information as described below in the Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. § 1320d, *et seq*.; (3) records of law enforcement activity, including records that identify by name and/or by other personally identifiable information persons alleged to have committed criminal conduct, or witnesses to, victims of, or persons who reported conduct to law enforcement; (4) the identity and contact information for persons the United States identifies in this Action as aggrieved under the Americans with

Disabilities Act, 42 U.S.C. § 12132 *et seq.*; and (5) other information that is generally unavailable to the public. The Court finds there is good cause and therefore **GRANTS** the motion.

    **IT IS THEREFORE ORDERED** that this Protective Order shall apply as follows:

1. As used in this Order, the following terms shall have the meanings set forth below:

    a. "**Order**" means this Stipulated Protective Order.

    b. "**Party**" means all named parties in the above-captioned matter, including any named party added or joined.

    c. "**Third Party**" means any individual, corporation, natural person, entity, or government department or agency, including federal, state, and local that is not a Party in the above-captioned matter.

    d. "**Producing Person**" means any person or entity, including any Third Party, producing Documents in this litigation.

    e. The term "**Documents**" is comprehensive and includes all materials, including written, oral, or recorded, and electronic materials or data, in any form.

    f. "**Discovery Material**" means any information or Documents provided during discovery in this action, including but not limited to deposition testimony and transcripts, document productions, and responses to interrogatories, requests for production of documents, and requests for admission.

    g. "**Protected Health Information**" shall be defined as it is at 45 C.F.R. § 160.103.

    h. **"Protected Individuals,"** for the sole purposes of this protective order, are individuals for whom a Producing Party has an obligation to maintain the confidentiality of their Protected Health Information and other Confidential

       Information, including, but not limited to, individuals who have been arrested, charged, and/or convicted under Tennessee's aggravated prostitution statute, Tenn. Code Ann. § 39-13-516.

i. **"Confidential Information"** means Personally Identifiable Information, including names, residential and electronic addresses, Social Security numbers, taxpayer identification numbers, personal telephone numbers, and birth dates; the names of a Protected Individual's family members, household members, or minor children; photographs or other images of a Protected Individual's face; financial information such as financial account numbers, income tax returns, bank account statements, and/or other personal or business financial records; proprietary business information; Protected Health Information, including information related to any medical (including psychological) condition or treatment or effort to seek treatment, including names or types of healthcare providers and dates of visits to providers; and any other personally identifying information or personal medical (including psychological) information. "Confidential Information" also includes a Protected Individual's sensitive personal information that may cause the Protected Individual annoyance, embarrassment, oppression, or undue burden or expense pursuant to Fed. R. Civ. P. 26(c)(1), including criminal records and histories which directly or indirectly reveal a person's Protected Health Information, including HIV status, or indicate that a person is or ever has been registered as a sexual offender. The Parties may move the Court for the inclusion or exclusion of existing or additional categories of information as Confidential Information.

j. "**Person**" refers to any natural person or other entity of any kind whatsoever.

2. Any Party or Third Party producing Discovery Material containing Confidential Information in this case shall do so in compliance with the terms of this Order. If a Party requests or demands Documents or deposition testimony from a Third Party, that Party will furnish a copy of this Order to the Third Party at the time the request or demand is made. This Order governs the production of Confidential Information in response to both formal discovery under the Federal Rules of Civil Procedure and informal requests.

3. Confidential Information shall only be used for purposes of this litigation, including appeals, petitions for rehearing or review, and proceedings for compliance with any order or court-enforced settlement.

4. Any Person subject to this Order may designate Confidential Information, as applicable, if they, in good faith, believe that the information warrants protection pursuant to this Order.

a. Documents and Things: Any Producing Person designating Confidential Information shall indicate the designation by clearly marking the Documents or information with the legend "Confidential," in a clearly visible manner that does not interfere with legibility, usability, or audibility of the designated Discovery Materials. Where marking a Document itself is not practicable, the designation shall appear in an accompanying letter or label.

b. Depositions: Any Party may designate deposition testimony as Confidential Information by either promptly instructing the court reporter to mark the pages of the deposition transcript that contain Confidential Information with the legend "Confidential," and by contemporaneously notifying the other Party that that

instruction was given; or identifying the portions of the deposition transcript to be designated as Confidential within 21 days after receipt of the transcript. Whenever any document containing Confidential Information is identified as a deposition exhibit, the Party using the exhibit will ensure that it is marked with the legend "Confidential."

5. If a Producing Person inadvertently fails to designate Discovery Material as Confidential Information, such a failure will not constitute a waiver of the Producing Person's ability to claim that the Discovery Material is Confidential Information, so long as the Producing Person promptly notifies all relevant parties in writing regarding the inadvertent failure to designate the Confidential Information.

6. A Party may object to the designation of Discovery Material as confidential by serving written notice of an objection on the Producing Person and all Parties to this action. The objecting Party and Producing Person will work in good faith on an informal basis to resolve any such dispute. If the objecting Party and Producing Person are unable to resolve the dispute within 14 days of the objecting Party providing written notice, counsel for the Party challenging any designation of Confidential Information may file a motion challenging the designation with the Court. The Producing Person, as the party designating the Discovery Material confidential, shall bear the burden of establishing that good cause exists for the disputed material to be treated as such.

7. Before filing any document containing Confidential Information that is subject to this Order, the filing Party must confer with the other parties about how the document should be filed, including whether redaction or other measures might obviate the need to file the document under seal. Documents containing unredacted Confidential Information must be filed under seal.

8. A Party receiving Confidential Information produced in this case shall maintain it in a manner that precludes unauthorized access. Confidential Information (including deposition testimony) may not be disclosed to anyone except for the following Persons:

    a. The Parties;

    b. Counsel for the Parties, including counsel's paralegals, support staff, and other staff assigned to this matter;

    c. The Court, including the Court's personnel as necessary or appropriate;

    d. Court reporters or similar qualified Persons taking testimony involving Confidential Information;

    e. Deposition or trial witnesses, to the extent they require access to Confidential Information during or in preparation for their testimony;

    f. Any Person or Third Party retained by a Party to serve as an expert witness or other specialized consultant, including an outside litigation support vendor, who requires access to Confidential Information; and

    g. Any other Person designated by written stipulation of the Parties or subsequent order of the Court.

9. Before Confidential Information may be disclosed to a Person or Third Party described in paragraph 8(d)–(g), the Person or Third Party must receive a copy of this Order and must execute the Non-Disclosure Agreement attached to this Order. Counsel for the respective Parties will retain copies of each signed Non-Disclosure Agreement.

10. If Confidential Information is disclosed to any Person or Third Party other than as authorized by Paragraphs 8 and 9 of this Order, the Party or Third Party responsible for the disclosure shall, as soon as possible, (a) bring such disclosure to the attention of the Producing Person; and (b)

6

notify the recipient of the disclosure that the disclosure contained Confidential Information subject to this Order. Without prejudice to any other rights and remedies, the Person responsible for the disclosure shall make every reasonable effort to retrieve all copies of Confidential Information that were disclosed and to prevent any further unauthorized disclosure of the Confidential Information.

11. Documents or things that are subject to this Order may be marked and used as trial exhibits by any party, subject to any terms and conditions that may be imposed by the Court. The Parties will meet and confer prior to the final pretrial conference to develop a proposed plan for handling Confidential Information at trial. If agreement cannot be reached on procedures for handling Confidential Information at trial, the Parties will submit their respective positions to the Court in the joint proposed pretrial order.

12. Within 30 days of the conclusion of this lawsuit, including appeals, petitions for rehearing or review, and proceedings for compliance with any order or court-enforced settlement, all Documents or things containing Confidential Information must either be returned to the Producing Person or destroyed, as set forth below:

    a. **Returned to the Producing Person.** The receiving party shall assemble and return all items to the Producing Person, including all copies, but not including copies in any Court file or copies containing notes or attorney work product that may have been placed on it. All copies containing notes or attorney work product shall be destroyed to the extent permitted by law and the receiving party's attorney shall advise the Producing Person in writing that all such copies have been destroyed.

    b. **Destroyed.** The receiving party agrees that such destruction will be carried out in a manner that will protect the confidentiality of the Confidential Information. The

7

        receiving party shall advise the Producing Person in writing that all such copies have been destroyed.

13. Notwithstanding paragraph 12 of this Order, at the conclusion of this case, unless other arrangements are agreed upon, the attorneys of record for the above-captioned matter may retain each Document containing Confidential Information confidentially consistent with the document retention and destruction policy of each attorney's practice (not to exceed seven years from the termination of the matter by the Court) and pursuant to the continuing terms of this Order.

14. The entry of this Protective Order, or any conduct undertaken pursuant to this Order, shall not be interpreted as a general waiver of privacy or confidentiality of the Confidential Information produced in this case, as a waiver of any other privilege that may attach or relate to such Confidential Information, or to otherwise permit the disclosure of Confidential Information.

15. No Person shall show, disclose, provide, or communicate, directly or indirectly, any Confidential Information to any Person or in any manner not expressly authorized pursuant to this Order.

16. Any Person subject to this Order that receives a subpoena, civil investigative demand, or other legal process from a Third Party seeking or requiring disclosure of Confidential Information from this action shall provide written notice of such request to the Producing Person no later than 10 days from the date the request is received. In the event that the United States receives such subpoena or other process, it will comply with its standard operating procedures to defend against disclosure of Confidential Information to the extent permitted by law and regulation. In the event that Confidential Information is sought from the United States under the Freedom of Information Act, 5 U.S.C. § 522 *et seq.*, the United States shall employ good faith efforts to ensure that Confidential Information is, to the extent permitted by law, protected from

disclosure. If, despite good faith efforts, the United States is ordered to disclose Confidential Information and complies with that order, it shall not be in violation of this Order.

17. Statistical compilations and statistical analyses based in whole or in part on Confidential Information may be disclosed without violating this Order, provided that the statistical compilations or statistical analyses do not identify or provide a reasonable basis to identify any Protected Individual upon which the statistical compilations or statistical analyses are based without their consent.

18. Nothing in this Order affects the rights of the Parties or Producing Persons to object to the production or use of Confidential Information on grounds other than the confidentiality discussed in this Order.

19. The provisions of this Order shall survive the termination of this action and shall remain in full force and effect unless modified by an order of this Court.

20. The parties agree that this Order is not retroactive and that only conduct occurring after the entry of this Order shall be governed by this Order.

**IT IS SO ORDERED**, this 9th day of July, 2024.

s/ Sheryl H. Lipman  
SHERYL H. LIPMAN  
CHIEF UNITED STATES DISTRICT JUDGE