UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| OUTMEMPHIS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BILL LEE, et al., <br><br> Defendants. | Civil Action No. 2:23-CV-2670 <br><br> Civil Action No. 2:24-CV-2101 <br><br> Chief Judge Lipman |
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> STATE OF TENNESSEE, et al., <br><br> Defendants. | |

**Plaintiffs' Response to Defendants' Notice of Supplemental Authority**

Plaintiffs write in response to Defendants' Notice of Supplemental Authority, ECF No. 117, calling the Court's attention to the Sixth Circuit's recent decision in *Tennessee Conf. of the Nat'l Ass'n for the Advancement of Colored People v. Lee*, No. 24-5546, 2024 WL 3219054 (6th Cir. June 28, 2024). Contrary to Defendants' notice, nothing in the decision supports dismissal of OUTMemphis for lack of standing.

The Sixth Circuit in *Tenn. Conf. of NAACP* narrowly held that the organizational plaintiff "likely fail[ed] to identify specific facts, as opposed to general allegations" to establish

1

organizational standing at the summary judgment stage. 2024 WL 3219054, at *15 (6th Cir. June 28, 2024). At summary judgment, a plaintiff must "prove that it *actually* had standing," and courts may grant summary judgment against organizations that "fail[] to back up their diversion-of-resources allegations with adequate proof." *Id.* at *13–15. By contrast, when evaluating a motion to dismiss, a court "[a]ccept[s] as true the complaint's factual allegations" and simply asks whether the plaintiff has asserted a "plausible claim" of standing. *Ass'n of Am. Physicians & Surgeons v. United States Food & Drug Admin.*, 13 F.4th 531, 544 (6th Cir. 2021). OUTMemphis easily satisfies this lower standard at the current pleading stage, and the fruits of discovery will allow the Court to assess actual standing in due course. *See* ECF No. 67 at 12–18.

Further, Defendants mischaracterize the Sixth Circuit's interpretation of *Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367 (2024) and *Havens Realty Corporation v. Coleman*, 455 U.S. 363 (1982). The Sixth Circuit does not state that *Alliance for Hippocratic Medicine* has "narrowed" *Havens*, *see* ECF No. 117 at 2. Rather, the Sixth Circuit noted that the Supreme Court "approvingly cited . . . many . . . cases in which the Court has allowed 'unregulated' parties to sue a defendant," leaving open the possibility that the NAACP could "perhaps . . . rely on a *Havens*-like standing theory." *Tenn. Conf. of NAACP*, 2024 WL 3219054, at *14 (noting developments that "have clarified [*Havens*'] narrow domain."). *Tenn. Conf. of NAACP* merely clarified the previous state of the law—that an organization "cannot spend its way into standing simply by expending money to gather information and advocate against the defendant's actions." *Id.* (quotation omitted).

As explained in response to Defendants' previous notice of supplemental authority, OUTMemphis has alleged direct and concrete injuries sufficient to show past, current, and

imminent future injuries, all flowing from enforcement of Tennessee's discriminatory Aggravated Prostitution statute. *See* ECF No. 67 at 13–14.

Dated: July 11, 2024

    Respectfully submitted,

    */s/ Alexis Alvarez*

    Alexis Alvarez* (NY Bar 5854278)
    Alexis Agathocleous* (NY Bar 4227062)
    Jon W. Davidson* ** (CA Bar 89301)
    Rachel Meeropol* (NY Bar 4100954)
    AMERICAN CIVIL LIBERTIES UNION
    125 Broad St., New York, NY 10004
    Phone: (863) 255-1928
    AlexisA@aclu.org
    AAgathocleous@aclu.org
    JonDavidson@aclu.org
    RMeeropol@aclu.org

    Jeff Preptit (BPR No. 038451)
    Stella Yarbrough (BPR No. 033637)
    Lucas Cameron-Vaughn (BPR No. 036284)
    ACLU FOUNDATION OF TENNESSEE
    P.O. Box 120160
    Nashville, TN 37212
    Phone: (615) 320-7142
    SYarbrough@aclu-tn.org
    JPreptit@aclu-tn.org
    Lucas@aclu-tn.org

    Lynly S. Egyes* (NY Bar 4838025)
    Milo Inglehart* (NY Bar 5817937)
    TRANSGENDER LAW CENTER
    594 Dean Street, Suite 11
    Brooklyn, NY 11238
    Phone: (510) 587-9696 Ext. 353
    Lynly@transgenderlawcenter.org
    Milo@transgenderlawcenter.org

    Dale Melchert* (NY Bar 5366554)

TRANSGENDER LAW CENTER
P.O. Box 70976
Oakland, CA 94612
Phone: (510) 587-9696 Ext. 354
Dale@transgenderlawcenter.org

*Admitted Pro Hac Vice*
** *Admitted only in California*

## Certificate of Service

I hereby certify that a true and exact copy of the foregoing was filed and served via the Court's electronic filing system on this the 11th day of July 2024, upon:

CODY N. BRANDON (BPR# 037504)
Managing Attorney
Assistant Attorney General

DAVID RUDOLPH (BPR# 13402)
Senior Assistant Attorney General

Law Enforcement &
Special Prosecutions Division
Office of the Tennessee
Attorney General & Reporter
PO Box 20207
Nashville, TN  37202
Off. (615) 532-2552
Fax (615) 532-4892
Cody.Brandon@ag.tn.gov
David.Rudolph@ag.tn.gov

STEPHANIE BERGER
ALI SZEMANSKI
ANNA G. BOBROW
U.S. Department of Justice
150 M Street NE Washington, DC 20002
Stephanie.Berger@usdoj.gov
Ali.Szemanski@usdoj.gov
Anna.bobrow@usdoj.gov
Off. 202-307-0663
*Counsel for the United States*

4

Dated: July 11, 2024                  Respectfully submitted,

*/s/ Alexis Alvarez*

Alexis Alvarez (NY Bar 5854278)
AMERICAN CIVIL LIBERTIES UNION
125 Broad St., New York, NY 10004
Phone: (863) 255-1928
AlexisA@aclu.org

*Admitted Pro Hac Vice*