# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| **OUTMEMPHIS** | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| **BILL LEE**, in his official capacity as Governor of Tennessee; **JONATHAN SKRMETTI**, in his official capacity as Attorney General and Reporter of Tennessee; | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| ------------------------------------------------- | ) | **Case Nos.**   2:23-cv-2670 |
| **UNITED STATES OF AMERICA**, | ) | 2:24-cv-02101 |
| | ) | |
| Plaintiff, | ) | **Chief Judge Lipman** |
| | ) | |
| v. | ) | |
| | ) | |
| **STATE OF TENNESSEE, and TENNESSEE BUREAU OF INVESTIGATION**, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MOTION FOR LEAVE TO FILE
## SUPPLEMENTAL MOTION TO DISMISS

Defendant Tennessee Bureau of Investigation hereby moves under Fed. R. Civ. P. 6(b) and the scheduling order in this case for leave to file a supplemental motion to dismiss the complaint against TBI because it is moot.

The scheduling order in this case requires motions to dismiss to have been filed by July 8, 2024. (Dkt. 25, at 1.) On July 1, 2024, amendments to the SOR statutes took effect that: (1) allow the expunction of a person's public records related to their conviction for aggravated prostitution

1

under certain conditions; (2) delete "aggravated prostitution" from the definition of a "sexual offense" requiring placement on the SOR; (3) delete "aggravated prostitution" from the definition of a "violent sexual offense" requiring placement on the SOR; and (4) allow anyone registered on the SOR for aggravated prostitution to request removal. 2024 Tenn. Pub. Acts, c. 545, §§ 1-3, 5. On July 17, 2024, the parties in the companion case *OUTMemphis v. Lee*, No. 2:23-cv-02670, notified the Court of a partial settlement in which the private plaintiffs agreed to dismiss all claims against TBI in light of TBI's efforts to effectuate the amendments. (Dkt. 66.) The next day, this Court dismissed all the private plaintiffs' claims challenging the SOR statutes and dismissed TBI Director Rausch as a defendant from that suit. (No. 2:23-cv-02670, Dkt. 125.)

As explained in the proposed motion and supporting memorandum, those recent developments make DOJ's claim against TBI moot. Federal courts lack subject matter jurisdiction "when the issues presented are no longer live." *Thomas v. City of Memphis, Tenn.*, 996 F.3d 318, 323 (6th Cir. 2021). And a federal court "must dismiss" a suit if it "determines at any time that it lacks jurisdiction." Fed. R. Civ. P. 12(h)(3). Thus, mootness can be raised at any stage of litigation. *League of Women Voters of Ohio v. Brunner*, 548 F.3d 463, 473 (6th Cir. 2008). Good cause exists to grant TBI leave to file its supplemental motion to dismiss, notwithstanding the scheduling order's deadline for such motions, because it presents a jurisdictional question the Court must address at any stage of the litigation.

TBI has attached a copy of its proposed motion to dismiss and supporting memorandum to this motion. The motion and memorandum articulate grounds for dismissal that are independent from and in addition to those raised by TBI in its first motion to dismiss (Dkt. 28). The Court may dismiss the claim against TBI based on either or both motions. And the supporting memorandum is well under the 20-page limit. Local Rule 12.1(a). Thus, TBI's proposed motion should not impose an unnecessary burden on the resources of the parties or the Court.

For good cause, the Court should grant TBI leave to file its supplemental motion to dismiss and direct the Clerk to file the attached motion and supporting memorandum as the next entry on the docket.

**CERTIFICATE OF CONSULTATION**

Counsel for the TBI conferred via email with counsel for the United States about this motion for leave on July 22, 23, and 24, 2024. Counsel for the United States takes no position on the motion for leave, but the United States intends to oppose the motion to dismiss once filed.

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

*/s/ Cody N. Brandon*
CODY N. BRANDON (BPR# 037504)
Managing Attorney
Senior Assistant Attorney General

DAVID RUDOLPH (BPR# 13402)
Senior Assistant Attorney General

Law Enforcement &
Special Prosecutions Division
Office of the Tennessee
Attorney General & Reporter
PO Box 20207
Nashville, TN  37202
Off. (615) 532-7400
Fax (615) 532-4892
Cody.Brandon@ag.tn.gov
David.Rudolph@ag.tn.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on July 24, 2024, a true and exact copy of the foregoing was served via the court's electronic filing system upon counsel as follows:

Stella Yarbrough (BPR No. 033637)
Jeff Preptit (BPR No. 038451)
Lucas Cameron-Vaughn (BPR No. 036284)
ACLU FOUNDATION OF TENNESSEE
P.O. Box 120160
Nashville, TN 37212
Phone: (615) 320-7142
SYarbrough@aclu-tn.rog
JPreptit@aclu-tn.org
Lucas@aclu-tn.org

Alex Agathocleous (NY Bar 4227062)
Alexis Alvarez (NY Bar 5854278)
Jon W. Davidson (CA Bar 89301)
Rachel Meeropol (NY Bar 4100954)
AMERICAN CIVIL LIBERTIES UNION
125 Broad St., New York, NY 10004
Phone: (929) 585-0061
AAgathocleous@aclu.org
AlexisA@aclus.org
JonDavidson@aclu.org
RMeeropol@aclu.org

Lynly S. Egyes (NY Bar 4838025)
Milo Inglehart (NY Bar 5817937)
TRANSGENDER LAW CENTER
594 Dean Street, Suite 11
Brooklyn, NY 11238
Phone: 510 587-9898 Ext. 353
Lynly@transgenderlawcenter.org
Milo@transgenderlawcenter.org

Dale Melchert (NY Bar 5366554)
TRANSGENDER LAW CENTER
P.O. Box 70976
Oakland, CA 94612
Phone: (510) 587-9696 Ext. 354
Dale@transgenderlawcenter.org
*Counsel for the private plaintiffs*

Stephanie Berger
Ali Szemanski
Anna Bobrow
U.S. Department of Justice
150 M Street NE
Washington, DC 20002
*Counsel for the United States*

                                              */s/ Cody N. Brandon*
                                              CODY N. BRANDON