IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| OUTMEMPHIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| BILL LEE, in his official capacity as Governor of Tennessee; JONATHAN SKRMETTI, in his official capacity as Attorney General and Reporter of Tennessee; | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| ------------------------------------------------ | ) | Case Nos.   2:23-cv-2670 |
| UNITED STATES OF AMERICA, | ) | 2:24-cv-02101 |
| | ) | |
| Plaintiff, | ) | Chief Judge Lipman |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF TENNESSEE, and TENNESSEE BUREAU OF INVESTIGATION, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT TENNESSEE BUREAU OF INVESTIGATION'S
MEMORANDUM OF LAW IN SUPPORT OF ITS
SUPPLEMENTAL MOTION TO DISMISS**

## INTRODUCTION

Under changes to Tennessee law, those convicted of aggravated prostitution are no longer considered "sexual offenders" of any kind, their registration on Tennessee's sex offender registry ("SOR") is no longer required, and those who are on the SOR solely for that offense can request to be removed. Here, the sole allegations in DOJ's complaint against the TBI relate exclusively to its maintenance of the SOR for those convicted of aggravated prostitution. With no case or controversy to be decided over the SOR, TBI should be dismissed from this case.

1

**BACKGROUND**

The United States sued the State of Tennessee and the TBI alleging Tennessee's aggravated prostitution and related sex offender registry laws violate Title II of the Americans with Disabilities Act ("ADA"). (Dkt. 1.) DOJ's single claim for relief alleges, in part, that "Defendants' conduct in maintaining and enforcing the aggravated prostitution statute and the associated registry requirements constitutes discrimination." (Dkt. 1, ¶ 72.) In addition to compensatory damages, DOJ seeks declaratory and injunctive relief requiring the cessation of sex offender registration for those convicted of aggravated prostitution, the removal of individuals on the registry who are listed solely for conviction under that statute, the termination of reporting requirements pending individuals' removal from the registry, and the expunction of those individuals' records. (Dkt. 1, ¶ B, C, D, E.) Defendants' original motion to dismiss the complaint remains pending. (Dkt. 28.)

On July 1, 2024, amendments to the SOR statutes at the heart of the complaint against TBI took effect. 2024 Tenn. Pub. Acts., c. 545; (Ex. 1.) Those amendments include: (1) allowing the expunction of a person's public records related to their conviction for aggravated prostitution under certain conditions; (2) deleting "aggravated prostitution" from the definition of a "sexual offense" requiring placement on the SOR; (3) deleting "aggravated prostitution" from the definition of a "violent sexual offense" requiring placement on the SOR; and (4) allowing anyone registered on the SOR for aggravated prostitution to request removal. 2024 Tenn. Pub. Acts, c. 545, §§ 1-3, 5.

After these amendments took effect, the private plaintiffs in *OUTMemphis v. Lee* dismissed their claims against TBI with prejudice as part of a settlement agreement to effectuate the amendments. (Dkt. 66.) TBI has already posted a notice of the change in the law on its public-facing website.[1] It has also begun the process of identifying eligible offenders who no longer are

---

[1] https://sor.tbi.tn.gov/info

2

required to register on the SOR, and within two months will have notified registering agencies via letter of the amendments and the process for those individuals to request their removal from the SOR. (Dkt. 66-1, at 4, ¶ 4.) A copy of that letter will also be sent to each potentially eligible individual on the SOR. (*Id.*) Upon granting a termination request, TBI will remove the terminated registrant from the public-facing website, update the registry database to reflect the registrant's termination, and mail a letter to the registrant confirming their termination. (*Id.* p. 3, ¶ 10.)

## LEGAL STANDARD

Under Federal Rules of Civil Procedure 12(b)(1) and (h)(3), a court "must dismiss" any claim over which it lacks subject matter jurisdiction. Federal courts lack subject matter jurisdiction "when the issues presented are no longer live." *Thomas v. City of Memphis, Tenn.*, 996 F.3d 318, 323 (6th Cir. 2021). "The heavy burden of demonstrating mootness falls on the party asserting it." *Id.* But that burden "is lower when it is the government that has voluntarily ceased its conduct." *Id.* at 324. Mootness can be raised at any stage of litigation because it is jurisdictional. *League of Women Voters of Ohio v. Brunner*, 548 F.3d 463, 473 (6th Cir. 2008).

Rule 12(b)(1) motions to dismiss for lack of jurisdiction generally come in two varieties: a facial attack or a factual attack. *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). Facial attacks challenge the sufficiency of the pleading itself; Courts accept the allegations in the complaint as true and construe them in the light most favorable to the nonmoving party. *U.S. v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). But for factual challenges, "no presumptive truthfulness applies to the allegations[,]" and courts must weigh conflicting evidence to arrive at the "factual predicate that subject-matter does or does not exist." *Gentek Bldg. Prods.*, 491 F.3d at 330. "In its review, the district court has wide discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve jurisdictional facts." *Id.* "To defeat a factual attack, a plaintiff must prove the existence of subject-matter jurisdiction by a

preponderance of the evidence." *Superior MRI Servs., Inc. v. Alliance Healthcare Servs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015); *Harris v. Lexington-Fayette Urban Cty. Gov't*, 685 F. App'x 470, 472 (6th Cir. 2017) (citing *Superior MRI Servs.*); *Rutkofske v. Norman*, 114 F.3d 1188, 1997 WL 299382, at *3 (6th Cir. 1997) (unpublished) (holding a party faced with a factual subject-matter jurisdiction challenge "may not rest on the factual assertions in its pleadings").

## ARGUMENT

### I. Changes in the SOR Statutes Moot DOJ's Claim Against TBI.

Article III, § 2 grants federal courts jurisdiction to decide "Cases" or "Controversies." Though a court with jurisdiction has a duty to resolve questions properly before it, sometimes "events in the world overtake those in the courtroom, and a complaining party manages to secure outside of litigation all relief [it] might have won in it. When that happens, a federal court must dismiss the case as moot." *Fed. Bureau of Investigation v. Fikre*, 601 U.S. 234, 240 (2024) (citing *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)). Sometimes, such relief is afforded by the voluntary cessation of the challenged practice by the defendant. This, however, will only moot a case if the defendant can show that the practice cannot "reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Env't Servs., Inc.*, 528 U.S. 167, 189 (2000). Barring clear evidence that the cessation is not genuine, this burden is met "[w]here the government voluntarily ceases its actions by enacting new legislation or repealing the challenged legislation . . . ." *Speech First, Inc. v. Schlissel*, 939 F.3d 756, 768 (6th Cir. 2019). "Among the events that may moot a claim is the legislative repeal or amendment of a challenged statute, which usually eliminates the requisite case-or-controversy." *Hill v. Snyder*, 878 F.3d 193, 203 (6th Cir. 2017) (internal quotes omitted).

The Court has no jurisdiction over TBI in this case because changes in the SOR statutes leave DOJ's allegations against TBI factually untrue, and DOJ is unable to prove otherwise. *Harris v. Lexington-Fayette Urban Cty. Gov't*, 685 F. App'x at 472. All the allegations against TBI relate to its maintenance of the SOR. (Dkt. 1, ¶¶ 3, 9, 19-21, 32, 35-36, 50, 55-56, 58, 62,

64.) For example, Paragraph 23 of the complaint states that a person convicted of "even a single count of aggravated prostitution after June 30, 2010, must register and comply" with the SOR requirements for life, citing to former section 40-39-202(31). (Dkt. 1, ¶ 23.) But aggravated prostitution is no longer an offense that requires registration as any type of sexual offender. 2024 Tenn. Pub. Acts, c. 545, §§ 2-3. And because aggravated prostitution is no longer an offense that requires registration on the SOR, the living, working, and reporting restrictions DOJ alleges are placed on individuals convicted of aggravated prostitution no longer exist. (Dkt. 1, ¶¶ 25, 27-31.)

Likewise, DOJ's allegation that a person on the SOR solely for an aggravated prostitution conviction "may be removed from the registry only by petitioning the sentencing court based on the person's status as a victim of a human trafficking offense, a sexual offense, or domestic abuse" is no longer factually correct. (Dkt. 1, ¶ 24.) After the amendments, any individual currently registered as a sexual offender solely because of an aggravated prostitution conviction is eligible for termination of registration requirements immediately by making a request to TBI directly. Tenn. Code Ann. § 40-39-207(a)(4).

That all qualifying individuals convicted of aggravated prostitution are not instantly removed from all SOR records does not mean the claim against TBI still presents a live controversy. The Sixth Circuit has held that potential delay in implementing a statutory amendment does not present a continuing controversy over the validity of the obsolete law. In *Hill v. Snyder*, the plaintiffs challenged a mootness ruling that resulted from a change in sentencing guidelines. 878 F.3d 193 (6th Cir. 2017). The plaintiffs there argued that, because class members were yet to receive their new sentences, the case was not in fact moot. *Id*. at 203. Though the Sixth Circuit was "sensitive" to concerns about the delay, it held the claim was moot because the resentencing was "inevitable," and the challenged statute no longer operated against the class. *Id*. at 204. Thus, the court nonetheless reaffirmed the "well-established legal principle that a claim

5

premised on a statute that no longer applies to the challenging party does not satisfy the case-or-controversy requirement." *Id.*  Here, the amended SOR statutes no longer apply to those that have only an aggravated prostitution conviction.  2024 Tenn. Pub. Acts, c. 545, §§ 2-3.  And removal, "although slow, is inevitable." *Hill*, 878 F.3d at 204.  There is nothing that TBI does that is left to litigate.

The settlement agreement recently entered in the companion case *OUTMemphis v. Lee* confirms this.  It not only assures the expedited processing of removal requests, but also proves the genuineness of the voluntary cessation of the conduct challenged in the complaint.  Pursuant to that agreement, TBI has posted a notice on its "SOR Information" webpage informing users about 2024 Public Chapter 545 and its effects.[2]  (Dkt. 1, p. 2, ¶ 1.)  Within two months, TBI will notify the last recorded registering agency for each potentially eligible aggravated-prostitution registrant of the effective date of Public Chapter 545 and the path for termination of registration requirements for such registrants.  (Dkt. 66-1, at 4; ¶ 4.)  For an offender whose only qualifying conviction is for aggravated prostitution, TBI will not base a denial of a termination request on their "substantial noncompliance" with previous registration requirements alone.  (Dkt. 66-1, at 4, ¶ 8.)  Even a year-long delay where "the machinery of justice ha[d] come to a halt" was insufficient to sustain the claim in *Hill*.  Here, TBI will proactively notify registering agencies of the change in law within two months.

With the benefit of "more solicitude" afforded government officials, *League of Women Voters of Ohio v. Brunner*, 548 F.3d 463, 473 (6th Cir. 2008), it cannot be reasonably expected that the Tennessee General Assembly will reinstate the SOR statutes at issue.  The revisions made to the challenged SOR statutes, as well as steps taken by TBI since July 1, 2024, demonstrate that

---

[2] https://sor.tbi.tn.gov/info

the conduct alleged by DOJ cannot "reasonably be expected to recur." *Friends of the Earth, Inc.*, 528 U.S. at 189.

The law challenged by DOJ—and TBI's administration of that law—have been "sufficiently altered so as to present a substantially different controversy." *Hill*, 878 F.3d at 204 (quoting *Green Party of Tenn. v. Hargett*, 700 F.3d 816, 823 (6th Cir. 2012)). Because there is no longer any case or controversy about TBI's administration of the SOR statutes, it should be dismissed as a defendant.

## II. DOJ's General Claim for Compensatory Damages Does Not Present a Live Claim Against TBI.

DOJ cannot keep TBI in this lawsuit by falling back on its general claim for compensatory damages because the complaint does not trace a compensable injury to TBI. While DOJ may have a live claim for damages against other actors, none of the compensable injuries allegedly caused by the SOR statutes are traceable to TBI. As the Sixth Circuit recently explained, TBI and its director are tasked with "limited record-keeping powers under Tennessee law," while enforcement of all the other restrictions are left to other agencies. *Doe # 1 v. Lee*, 102 F.4th 330, 341 (6th Cir. 2024) ("*Does 1-9*"). The bulk of the SOR statutes, and all the provisions that affect where registrants can live and work, "are enforced by a diffusion of state officers and prosecutors which are not parties here." *Id*. Of course, TBI cannot be sued for provisions which it does not administer. *Id*. at 342.

DOJ rightly does not assert that TBI is responsible for any of the compensable injuries it alleges. The complaint seeks compensation for "registry fees, court costs and fines, bonds, and attorneys' fees paid by the aggrieved individuals." (Dkt. 1, at 14.) None of those damages are traceable to TBI. Not even the "registry fees" are collected or received by TBI; they go to the law enforcement agencies tasked with enforcing registration requirements and to the state treasury to be deposited in the general fund of the state. Tenn. Code Ann. § 40-39-204(b)(1), (c). Likewise,

7

the requirements of the SOR statutes that have allegedly injured Complainant A—restrictions on where a registrant can live and work and requirements of when and what they must report—are not enforced by TBI. (Dkt. 1, ¶¶ 25-34.) Rather, they are mandated by statute and enforced by the "diffusion of state officers and prosecutors" that are not present in this lawsuit. *Does 1-9*, 102 F.4th at 341.

Indeed, DOJ's specific allegations regarding Complainant A's history confirm the narrow role of TBI. (Dkt. 1, ¶¶ 43-64.) The Memphis Police Department arrested Complainant A; the Shelby County District Attorney brought the indictment; the Memphis Police Department received the initial registration forms; and the Memphis Police Department supervised reporting. (Dkt. 1, ¶¶ 45, 46, 50, 52.) Those paragraphs that point to TBI are focused squarely on TBI's receipt and dissemination of information, such as the plain statement that Complainant A registered "with the Memphis Police Department, which reports her information to TBI." (Dkt. 1, ¶ 50; *see also* Dkt. 1, ¶¶ 55, 56, 58, 62, 64.)

DOJ's allegations make it clear that the claim for compensatory damages is aimed at actors other than TBI. Because there is no claim for compensatory damages for past conduct of TBI, and because the claim against TBI for injunctive relief is moot, there is no live case or controversy between DOJ and TBI.

## CONCLUSION

The crux of the suit against TBI is that it maintains and provides information about individuals convicted of aggravated prostitution on the SOR, practices which allegedly violate Title II of the ADA. But a change in law moots the allegations against TBI because individuals convicted of aggravated prostitution are no longer considered sexual offenders required to register on the SOR, and those who are on the SOR have an avenue to remove themselves from it. Further, DOJ has not brought a compensatory-damages claim against TBI for past conduct, leaving no

8

reason for this Court to examine the validity of obsolete statutes. For these reasons independent of those raised in its initial Motion to Dismiss, TBI respectfully requests that it be dismissed as a defendant.

                                  Respectfully submitted,

                                  JONATHAN SKRMETTI
                                  Attorney General and Reporter

                                  */s/ Cody N. Brandon*
                                  CODY N. BRANDON (BPR# 037504)
                                  Managing Attorney
                                  Senior Assistant Attorney General

                                  DAVID RUDOLPH (BPR# 13402)
                                  Senior Assistant Attorney General

                                  Law Enforcement &
                                  Special Prosecutions Division
                                  Office of the Tennessee
                                  Attorney General & Reporter
                                  PO Box 20207
                                  Nashville, TN  37202
                                  Off. (615) 532-7400
                                  Fax (615) 532-4892
                                  Cody.Brandon@ag.tn.gov
                                  David.Rudolph@ag.tn.gov

**CERTIFICATE OF SERVICE**

        I hereby certify that on July 24, 2024, a true and exact copy of the foregoing was served via the court's electronic filing system upon counsel as follows:

Stella Yarbrough (BPR No. 033637)
Jeff Preptit (BPR No. 038451)
Lucas Cameron-Vaughn (BPR No. 036284)
ACLU FOUNDATION OF TENNESSEE
P.O. Box 120160
Nashville, TN 37212
Phone: (615) 320-7142
SYarbrough@aclu-tn.rog
JPreptit@aclu-tn.org
Lucas@aclu-tn.org

Alex Agathocleous (NY Bar 4227062)
Alexis Alvarez (NY Bar 5854278)
Jon W. Davidson (CA Bar 89301)
Rachel Meeropol (NY Bar 4100954)
AMERICAN CIVIL LIBERTIES UNION
125 Broad St., New York, NY 10004
Phone: (929) 585-0061
AAgathocleous@aclu.org
AlexisA@aclus.org
JonDavidson@aclu.org
RMeeropol@aclu.org

Lynly S. Egyes (NY Bar 4838025)
Milo Inglehart (NY Bar 5817937)
TRANSGENDER LAW CENTER
594 Dean Street, Suite 11
Brooklyn, NY 11238
Phone: 510 587-9898 Ext. 353
Lynly@transgenderlawcenter.org
Milo@transgenderlawcenter.org

Dale Melchert (NY Bar 5366554)
TRANSGENDER LAW CENTER
P.O. Box 70976
Oakland, CA 94612
Phone: (510) 587-9696 Ext. 354
Dale@transgenderlawcenter.org
*Counsel for the private plaintiffs*

Stephanie Berger
Ali Szemanski
Anna Bobrow
U.S. Department of Justice
150 M Street NE
Washington, DC 20002
*Counsel for the United States*

                                              */s/ Cody N. Brandon*
                                              CODY N. BRANDON