IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| OUTMEMPHIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| BILL LEE, in his official capacity as Governor of Tennessee; JONATHAN SKRMETTI, in his official capacity as Attorney General and Reporter of Tennessee; | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| ------------------------------------------------------ | ) | Case Nos.     2:23-cv-2670 |
| UNITED STATES OF AMERICA, | ) | 2:24-cv-02101 |
| | ) | |
| Plaintiff, | ) | Chief Judge Lipman |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF TENNESSEE, and TENNESSEE BUREAU OF INVESTIGATION, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**REPLY IN SUPPORT OF
DEFENDANT TENNESSEE BUREAU OF INVESTIGATION'S
SUPPLEMENTAL MOTION TO DISMISS**

### INTRODUCTION

DOJ says TBI must stay in this suit because the *OUTMemphis* settlement does not provide a "timeframe" for processing termination requests quickly enough. (Dkt. 71, at 3.) But trial is over a year-and-a-half away, and in the six months since DOJ filed its complaint, it has yet to seek any preliminary relief. Termination decisions will have long since passed by the time this case reaches final judgment.

1

DOJ also says that TBI must stay in because some registrants who are eligible for termination might not request it. (Dkt. 71, at 6.) But potentially eligible registrants will receive a letter informing them of the recent amendments and explaining that a termination request can be made simply by mailing a letter to TBI. DOJ cannot maintain a live controversy with TBI on behalf of people who decline to request termination themselves.

DOJ further says TBI must stay in because of unspecified damages not actually described in the complaint. (Dkt. 71, at 8 (calling the complaint's request for damages "not exhaustive but merely illustrative").) This is a transparent attempt to draw TBI into a damages request other than "the remedy demanded by the plaintiff in its pleadings." (Dkt. 71, at 9.) DOJ cannot keep TBI in by rewriting its complaint well after the deadline for amended pleadings. (Dkt. 25, at 1 (setting June 3, 2024 deadline for amendments).)

DOJ finally says TBI must stay in for discovery about TBI's role over decades in administering the SOR. (Dkt. 71, at 10-11.) But DOJ ignores that the Sixth Circuit has recently and clearly held that Tennessee law delineates TBI's "limited record-keeping powers." *Doe #1 v. Lee*, 102 F.4th 330, 341 (6th Cir. 2024) ("*Does 1-9*"). DOJ gives no reason that TBI should be subjected to the burdens and expenses of discovery, summary judgment, and possibly trial when the Sixth Circuit has already answered the question of TBI's role with respect to the SOR.

TBI should be dismissed from this case for want of a live case or controversy about its limited duties to administer the SOR.

**ARGUMENT**

**I.   Changes in the SOR Statutes Moot DOJ's Claim Against TBI.**

DOJ seriously misunderstands the change in SOR laws that went into effect July 1, 2024, and the *OUTMemphis* settlement. DOJ argues that termination is not "inevitable" because "neither the settlement nor the change in law *require* that TBI remove an individual if they make a request."

(Dkt. 71, at 6.) That is wrong. When TBI receives a termination request, it (1) "determine[s] whether the offender has complied with" the Registration Act and (2) "determine[s] whether the offender has been convicted of any additional sexual offenses . . . or violent sexual offenses." Tenn. Code Ann. § 40-39-207(b). By statute, "TBI *shall* remove an offender[]" if the offender has not been convicted of any other registrable offenses and has substantially complied. Tenn. Code Ann. § 40-39-207(c)(3) (emphasis added). And by the settlement, TBI "will not base a denial of a request for termination [from an eligible offender] on substantial noncompliance." (No. 2:23-cv-02670, Dkt. 124-1, at 4, ¶ 8.) Thus, TBI may deny removal requests by aggravated prostitution registrants only if they have another registrable conviction. Those are not the registrants "convicted solely of aggravated prostitution" at issue in DOJ's suit. (Dkt. 71, at 6.) For eligible registrants who request it, termination is inevitable.

DOJ is wrong to rely on *Sullivan v. Benningfield*, 920 F.3d 401 (6th Cir. 2019). (Dkt. 71, at 5-8.) In *Sullivan*, a judge offered sentencing credit to inmates who submitted to sterilization. *Sullivan*, 920 F.3d at 404-07. The judge later rescinded the offer but maintained that those who had previously accepted would receive the credit (whether sterilization was completed or not). *Id.* Plaintiffs in that case—inmates who had refused the judge's offer—alleged a violation of their equal protection rights by differential treatment on the basis of their procreative rights. *Id.* During litigation, Tennessee passed a law forbidding such offers. *Id.* But the amendment was prospective and "had no impact on Plaintiffs." *Id.* *Sullivan* held that the case was not moot because the judge "continue[d] to extend the credit to 'eligible' inmates, but not to those who never agreed to forego their procreative rights." 920 F.3d at 411.

But here, the amendment specifically benefits the "aggrieved individuals" on whose behalf DOJ purports to sue because it provides an immediate path to termination. Unlike the judge in *Sullivan* who continued to extend discriminatory sentencing credits to a class of inmates who

3

accepted the offer before the amendment, TBI has immediately implemented the amendment to process termination requests for all eligible registrants. That makes this case much more like *Hill*, where the case was moot because the claim was premised on a statute that no longer applied to the plaintiffs. 878 F.3d 193, 204 (6th Cir. 2017). DOJ attempts to differentiate *Hill* by stating that those "convicted of aggravated prostitution remain subject to the harms that flow from being listed" on the SOR until their requests are granted. (Dkt. 71 at 6.) But the plaintiffs in *Hill* were similarly still subject to life sentences while they awaited resentencing. Nonetheless, despite being "stuck in carceral limbo," the *Hill* plaintiffs' claims were still moot. 878 F.3d at 204. This case is even easier. While in *Hill* "the machinery of justice ha[d] come to a halt," *Id.*, TBI is already promptly addressing requests for termination. (No. 2:23-cv-02670, Dkt. 124-1, at 4, ¶ 9.) Just as in *Hill*, relief is inevitable for the eligible.

DOJ cannot perpetuate its suit against TBI based on the unsupported hypothesis that some eligible registrants face "barriers . . . [that] *may* mean that they have no opportunity or an unequal opportunity to request removal." (Dkt. 71, at 6 (emphasis added).) DOJ offers no evidence that any "aggrieved individuals" face these "barriers" to termination. And there is no reason to simply assume those barriers are real. While now claiming registrant ineptitude to save its claim against TBI, DOJ previously alleged that these same individuals kept up with reporting obligations and paid registration fees. (Dkt. 1, ¶¶ 29, 51.) Moreover, TBI now disseminates the amendment's termination information through its SOR Information webpage[1] and letters to registering agencies and registrants. (No. 2:23-cv-02670, Dkt. 124-1, at 3-4, ¶¶ 1, 5.) Eligible registrants need only send a written termination request to TBI, and TBI effectuates the termination.

There is no longer any case or controversy about TBI's administration of the SOR statutes; it should be dismissed as a defendant.

---

[1] Available at https://perma.cc/Y9NR-XB4G.

## II.     DOJ's General Claim for Compensatory Damages Does Not Sustain the Controversy.

DOJ also argues that its claims against TBI can survive because it generally seeks compensatory damages for aggrieved individuals. (Dkt. 71, at 9.) To advance that claim against TBI, DOJ accepts that its complaint must have "made a plausible allegation that TBI" has engaged in conduct that have caused the sought-after damages. (*Id.*) DOJ's complaint does not satisfy this requirement. (Dkt. 70-1, at 7-8.)

Beyond insisting that it does seek damages from TBI, DOJ never specifies where its complaint plausibly ties TBI's action to any compensable injury. As TBI explained in its opening memorandum, the *Does 1-9* decision is clear that TBI cannot be sued for conduct outside its role in the SOR. 102 F.4th at 342. In response, DOJ cites only two allegations in its complaint to support its claim for damages against TBI. One simply recites that "Plaintiff is the United States of America." (Dkt. 1, ¶ 8, *cited by* Dkt. 71, at 9.) The other lists specific sources of compensatory damages, none of which are traced to TBI. (Dkt. 1, ¶ 14, *cited by* Dkt. 71, at 8.) Those are not "specific, plausible allegations" that TBI has caused damages.

DOJ counters that its list is "not exhaustive but merely illustrative." (Dkt. 71, at 8). But leaving parties to defend by guess against undefined damages claims does not pass pleading muster. Nor does the complaint's reference to damages solve the problem, since that vague allegation does not trace any harm to TBI in particular. (Dkt. 1, at 14.) DOJ resorts to arguing that the case could proceed on "*any*" theory of remedy, even if not sought by DOJ "in its pleadings." (Dkt. 71 at 9 (quoting *Detroit, Toledo & Ironton R.R. Co. v. Consol. Rail Corp.*, 767 F.2d 274, 279 (6th Cir. 1985)). Even spotting that pre-*Twombly* premise, DOJ points to no other plausible remedy beyond injunctive or compensatory relief this Court could enter.

Without "specific, plausible allegations" about how TBI has caused an injury for which DOJ seeks damages, there is no live controversy against TBI remaining. *Id*. at 335 (quoting

5

*Universal Life Church Monastery Storehouse v. Nabors*, 35 F.4th 1021, 1031 (6th Cir. 2022)). DOJ's insistence that TBI raises "standing, not mootness" misses the point. (Dkt. 71, at 8.) With DOJ's injunctive-relief claim against TBI now moot, *see* Part I, *supra*, DOJ's asserted damages claim against TBI is the only claim left to keep TBI in the case. But this Court always "ha[s] a duty to consider" its continued jurisdiction over parties and claims. *Hampton v. R.J. Corman R.R. Switching Co.*, 683 F.3d 708, 710-11 (6th Cir. 2012). And since there is also no specific claim for damages *against TBI*, there is no controversy remaining between DOJ and TBI.

### III.     Further Discovery Is Unnecessary to Resolve this Motion.

It is proper for the Court to decide this motion now because "courts must decide jurisdictional issues before merits issues." *In re 2016 Primary Election*, 836 F.3d 584, 587 (6th Cir. 2016). TBI has challenged jurisdiction over the complaint on its face. In deciding a facial challenge, the Court may consider matters of judicial notice in addition to the allegations of the complaint. *Hyatt v. Yee*, 871 F.3d 1067, 1071 n.15 (9th Cir. 2017); *Berry v. Commissioner of Social Security*, No. 1:17-cv-0053, 2017 WL 6492098, at *2 (S.D. Ohio June 16, 2017); *see Buck v. Thomas M. Cooley Law School*, 597 F.3d 812, 816 (6th Cir. 2010) (holding a court may take judicial notice of other court proceedings in ruling on Rule 12(b)(6) motion). TBI's motion relies solely on the allegations of the complaint, case law, statutes, and the record of this case. (*See, e.g.,* Dkt. 70-1, at 2 (citing statutory amendments), 4 (citing paragraphs of the complaint), 7 (citing precedent).) This Court can properly address TBI's facial challenge while considering those judicially noticeable materials. *See Buck*, 597 F.3d at 816; *Schultz v. Tecumseh Products*, 310 F.2d 426, 433 (6th Cir. 1962) (holding federal courts "are required to take judicial notice of the statute and case law of each of the states"). There is no need, as DOJ claims, for "affidavits, evidence, or other testimony" to sustain TBI's motion. (Dkt. 71, at 10.)

## CONCLUSION

TBI should be dismissed.

                                            Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

*/s/ Cody N. Brandon*
CODY N. BRANDON (BPR# 037504)
Managing Attorney
Senior Assistant Attorney General

DAVID RUDOLPH (BPR# 13402)
Senior Assistant Attorney General

Law Enforcement and
Special Prosecutions Division
Office of the Tennessee
Attorney General and Reporter
PO Box 20207
Nashville, TN  37202
Off. (615) 532-7400
Fax (615) 532-4892
Cody.Brandon@ag.tn.gov
David.Rudolph@ag.tn.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on September 4, 2024, a true and exact copy of the foregoing was served via the court's electronic filing system upon counsel as follows:

Stella Yarbrough (BPR No. 033637)
Jeff Preptit (BPR No. 038451)
Lucas Cameron-Vaughn (BPR No. 036284)
ACLU FOUNDATION OF TENNESSEE
P.O. Box 120160
Nashville, TN 37212
Phone: (615) 320-7142
SYarbrough@aclu-tn.rog
JPreptit@aclu-tn.org
Lucas@aclu-tn.org

Alex Agathocleous (NY Bar 4227062)
Alexis Alvarez (NY Bar 5854278)
Jon W. Davidson (CA Bar 89301)
Rachel Meeropol (NY Bar 4100954)
AMERICAN CIVIL LIBERTIES UNION
125 Broad St., New York, NY 10004
Phone: (929) 585-0061
AAgathocleous@aclu.org
AlexisA@aclus.org
JonDavidson@aclu.org
RMeeropol@aclu.org

Lynly S. Egyes (NY Bar 4838025)
Milo Inglehart (NY Bar 5817937)
TRANSGENDER LAW CENTER
594 Dean Street, Suite 11
Brooklyn, NY 11238
Phone: 510 587-9898 Ext. 353
Lynly@transgenderlawcenter.org
Milo@transgenderlawcenter.org

Dale Melchert (NY Bar 5366554)
TRANSGENDER LAW CENTER
P.O. Box 70976
Oakland, CA 94612
Phone: (510) 587-9696 Ext. 354
Dale@transgenderlawcenter.org
*Counsel for the private plaintiffs*

Stephanie Berger
Ali Szemanski
Anna Bobrow
U.S. Department of Justice
150 M Street NE
Washington, DC 20002
*Counsel for the United States*

                    */s/ Cody N. Brandon*
                    CODY N. BRANDON
                    Managing Attorney