# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**STATE OF TENNESSEE, and TENNESSEE BUREAU OF INVESTIGATION,**<br><br>Defendants | Case No. 2:24-cv-2101<br><br>CHIEF JUDGE LIPMAN |

**PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANTS STATE OF TENNESSEE AND TENNESSEE BUREAU OF INVESTIGATION**

The United States propounds the following Requests for Production of Documents ("Requests") on the State of Tennessee and Tennessee Bureau of Investigation pursuant to Federal Rules of Civil Procedure 26 and 34.

**DEFINITIONS**

1. The words "you," "yours," "yourselves," and "the State" refer to the State of Tennessee and Tennessee Bureau of Investigation (TBI), including its departments, agencies, boards, bureaus, commissions, councils, and agents.

2. A variant of any defined term (*e.g.*, "your" is a variant of "you") shall have the appropriate contextual meaning. The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" shall mean

1

"including without limitation." The past tense shall include the present tense, and vice versa, where the clear meaning is not distorted by change of tense.

   3.  "Agent" shall mean any employee, officer, director, attorney, independent contractor, or any other person or entity acting at the direction of or on behalf of the principal.

   4.  "Date" shall mean the exact date, month, and year, if ascertainable, or, if not, the best approximation of the date (based upon relationship with other events).

   5.  "Document" shall include, but not be limited to, all written communications and all written, graphic, and computer-generated matter of every kind and description, however produced or reproduced, whether draft or final, original or reproduction, which are in your possession, custody, or control or to which you can obtain access, including but not limited to: letters; correspondence; memoranda; minutes; notes; recordings of any type (including, but not limited to, audio tape or digital recordings, or digital video recordings); transcripts; contracts; memoranda of telephone conversations, personal conversations, or meetings; SMS or text messages; social media posts or messages; chats; diaries; desk calendars; circulars; pamphlets; manuals; statements; notices; reports; studies; interoffice or intra-office communications; books of records or accounts; invoices; requisitions; computer disks whether hard or soft; computer printouts; computer encrypted data whether internally generated or in hard copy form (including, but not limited to, e-mail); non-identical copies (whether different from the original because of underlining, editing remarks, notes made or attached to such copy, or otherwise); incident reports; staff and witness statements; photographs (whether physical or digital); diagrams; reports of hospital or medical care; supervisory reports and letters of information; electronic mail; summaries and notes; routing sheets; supervisor statements and notes; and information

relating to the filing and resolution of departmental charges. "Documents" or "documentation" in your possession, custody, or control include items that have been generated by or are in the possession of departments, agencies, boards, bureaus, commissions, councils, and agents.

6. "Person" shall mean any natural person, individual, group of individuals, corporation, partnership, trust, government agency or board, association, proprietorship, organization, or any other legal entity, or any director, officer, employee, trustee, or agent thereof.

7. "Relate," "relate to," or "relating to" shall mean showing, reflecting, being evidence of, memorializing, referring to, constituting, or concerning in any way all or any portion of the subject matter of the facts, contentions, or matter referenced in the Request.

8. "Aggravated Prostitution" refers to Tenn. Code Ann. § 39-13-516.

9. "Aggrieved Persons" refers to individuals who have been charged or convicted under the Aggravated Prostitution statute.

10. "TN-SORA" refers to all versions of the Tennessee sexual offender registration acts, beginning with Tenn. Code Ann. § 40-39-101 (1995) *et seq.* and continuing through Tennessee's Sexual Offender and Violent Sexual Offender Registration, Verification and Tracking Act, Tenn Code Ann. § 40-39-201 (2023) *et seq.*

11. "SOR" refers to the Tennessee Sex Offender Registry maintained by TBI.

12. "TDOC" means the Tennessee Department of Correction.

13. "BOPP" refers to the Tennessee Bureau of Probation and Parole, which was responsible for community supervision of adult offenders until July 1, 2012.

# REQUESTS

1. Without regard to date, all documents, including but not limited to guidance, memoranda, directives and communications prepared by the Attorney General's Office or the TBI, related to:

   a. the enactment of the Aggravated Prostitution statute on May 8, 1991;

   b. the inclusion of aggravated prostitution as a "sexual offense" in Tenn. Code Ann. § 40-39-202(20), requiring registration and reporting under TN-SORA;

   c. the amendment of Tenn. Code Ann. § 40-39-202 which included aggravated prostitution offenses occurring after July 1, 2010 within the definition of "violent sexual offenses" and which went into effect on July 1, 2010; and

   d. Senate Bill 181 / House Bill 1383, 2024 Tenn. Laws Pub. Ch. 545, which went into effect on July 1, 2024.

2. All documents related to the administration of TN-SORA for persons required to register for Aggravated Prostitution, including any documents containing, reflecting, describing, explaining, discussing, or proposing policies, rules, standards, tools, practices, or processes relating to:

   a. the administration and operation of the sex offender registry database;

   b. standardized forms generated by TBI that are or were intended for use by TN-SORA registrants;

    4.     All communications between TBI and any registering agencies or local law enforcement concerning TN-SORA and its registration requirements; any documents discussing such communications; and any documents referenced in those communications.

    5.     All communications between TBI and registering agencies or local law enforcement about specific individuals required to register with TN-SORA solely because of an Aggravated Prostitution conviction; any documents discussing such communications; and any documents referenced in those communications.

    6.     Without regard to date, all requests for removal from TN-SORA received by TBI from individuals required to register under TN-SORA solely because of an Aggravated Prostitution conviction and documents sufficient to show TBI's resolution of the request.

    7.     Without regard to date, documents sufficient to show:

        a.     all funds received by TBI from individuals required to register under TN-SORA solely because of an Aggravated Prostitution conviction; and

        b.     the amount of funds received, by year, from each individual required to register under TN-SORA solely because of an Aggravated Prostitution conviction.

    8.     Without regard to date, documents sufficient to show all Aggrieved Persons held in TDOC custody or a TDOC facility because of an Aggravated Prostitution conviction, including at which TDOC facility or facilities they were located and the time period(s) of their time in TDOC custody.

9. Without regard to date, documents sufficient to show all individuals required to register under TN-SORA solely because of an Aggravated Prostitution conviction for whom TDOC (or its predecessor, BOPP) serves as the registering agency.

10. Without regard to date, documents sufficient to show how or in what circumstances TDOC (or its predecessor, BOPP) is assigned as the registering agency for someone required to register under TN-SORA.

11. Any documents containing, reflecting, describing, explaining, discussing, or proposing policies, rules, standards, tools, practices, or processes relating to driver's license or identification card designations for individuals required to register under TN-SORA solely because of an Aggravated Prostitution conviction, including documents related to the policies and procedures of the Tennessee Department of Safety.

12. All documents, including but not limited to guidance, memoranda, directives and communications between the Attorney General and Reporter of Tennessee and the District Attorneys General Conference regarding Aggravated Prostitution and TN-SORA from January 1, 2010, through the present.