# Exhibit B

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| v. | **Case No. 2:24-cv-2101** |
| **STATE OF TENNESSEE, and TENNESSEE BUREAU OF INVESTIGATION,** | **CHIEF JUDGE LIPMAN** |
| **Defendants** | |

_____

### DEFENDANTS' RESPONSES TO PLAINTIFF UNITED STATES OF AMERICA'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
_____

The State of Tennessee and the Tennessee Bureau of Investigation make the following responses to the United States of America's first set of requests for production.

### PRELIMINARY STATEMENTS

1. These responses and objections are based on a reasonable inquiry into documents maintained by Defendants or believed to be maintained by Defendants. Defendants will produce responsive documents only to the extent that such documents exist and are in their possession, custody, or control. Responses are intended to indicate what documents Defendants will produce if located after a search conducted through the use of reasonable search terms agreed to by the parties.

2. These Requests seek documents that may be covered by agreements between Defendants and a third party or parties, and such agreements may contain confidentiality provisions

limiting Defendants' ability to disclose information.

3. Defendants reserve the right to supplement, clarify, revise, or correct their responses and objections to the Requests. Where privileged documents are protected by applicable state laws or rules, the fact that Defendants' response does not specifically delineate a state law or rule shall not be deemed to be a waiver of any applicable privilege.

4. The inadvertent disclosure of documents subject to any privilege or protection is not intended to relinquish, and shall not be deemed a waiver of, any applicable privilege or protection.

## STATE OF TENNESSEE'S OBJECTION

The State of Tennessee objects to all of the United States of America's requests and will not produce any documents in response. Plaintiff's instructions and requests improperly treat the State of Tennessee as an undifferentiated conglomerate of Tennessee government departments, agencies, boards, bureaus, commissions, councils, officials, and employees. *See New York ex rel. Boardman v. National R.R. Passenger Corp.*, 233 F.R.D. 259, 264 (N.D.N.Y. Jan. 9, 2006); ("For reasons of federalism and comity, we give great deference to the State and its Legislature to define how governmental entities are to be separate and distinct and how they relate to one another as a whole; this is 'uniquely an exercise in state sovereignty.'") ( quoting *Lyes v. City of Rivera Beach, Fla.*, 166 Fed 1332, 1343-44 (11th Cir. 1999).) The State of Tennessee is the sovereign organization of the people of Tennessee as a result of their mutual agreement in 1796 to "establish a Constitution . . . and . . . form themselves into a free and independent State." Tenn. Const. Preamble. Government of the State of Tennessee is divided and delegated to various officials and departments. Tenn. Const. art. II, §§ 1, 3; art. III, § 1; art. VI, § 1. Those officials and departments

exercise the sovereign power of the State within the scope of their duties and are the custodians of their own documents.  *See* Fed. R. Civ. P. 34(a)(1).

Plaintiff is the master of its complaint and has chosen to sue only one particular Tennessee governmental entity: the TBI.  Plaintiff has not sued any other government entity or official and may not obtain party discovery from the various arms of state government by suing the State of Tennessee generically.  *See Texas v. Holder*, No. 12-cv-128, 2012 WL 13070110, at *2 (D.D.C. June 8, 2012) (denying motion to compel United States Department of Justice to produce documents in the possession of other executive branch agencies).

Discovery from non-party state government entities can be obtained directly from those non-parties in a manner that is more convenient, less burdensome, and less expensive.  Fed. R. Civ. P. 26(b)(2)(C).  Seeking discovery from two dozen departments, numerous other commissions and agencies, and over 42,000 employees by serving generic requests on the State of Tennessee imposes an extraordinary burden.  Moreover, counsel for the State cannot force non-party state government entities to produce documents, and, even if produced voluntarily, the State of Tennessee is not capable of authenticating documents in the possession, custody, and control of various non-party entities and officials.

Rule 45 is the appropriate and available channel for Plaintiff to seek discovery from non-party state government entities.  That channel preserves Plaintiff's access to material relevant to its case while giving non-parties appropriate protection; easing the burden of generic discovery from myriad "departments, agencies, boards, bureaus, commissions, councils, and agents;" solving difficulties with authentication; and preserving clear limits on the litigation Plaintiff chose by suing particular defendants and not suing others.  Plaintiff's instructions and requests inappropriately use a pleading device to eliminate the distinctions drawn in the Federal Rules of Civil Procedure

between party and non-party discovery. The State of Tennessee objects and will not produce any documents.

## OBJECTIONS TO DEFINITIONS

1. Consistent with the State of Tennessee's objection above, Defendants object to the definitions of "you" and "documents" because it imposes a duty on Defendants to collect and produce items from non-parties.

2. Defendants object to the definitions of "and" and "or" as being "both conjunctive and disjunctive" because the definition leaves Defendants unable to determine the meaning of either word or the differences between the two words.

3. Defendants object to the definition of "document" that includes items to which Defendants "can obtain access" because it seeks to impose a burden greater than that imposed by Fed. R. Civ. P. 34, which limits requests for items "in the responding party's possession, custody, or control."

## OBJECTIONS TO INSTRUCTIONS

1. Defendants object to the instruction (#1) to supplement responses as it applies to information stored in active databases as unduly burdensome because such databases are updated so frequently that the instruction would impose an unceasing, constant obligation for supplementation. When, in response to the Requests below, Defendants indicate they intend to produce information from such a database, Defendants will confer with Plaintiff about reasonable supplementation measures.

2. Defendants object to the instruction (#2) to describe documents not produced because it exceeds the obligations imposed on Defendants by Fed. R. Civ. P. 34 and requires a narrative response more appropriately sought under Fed. R. Civ. P. 33.

3. Defendants do not currently object to the time period specified by Plaintiff as it does not appear facially unreasonable. Defendants, however, cannot currently assess the burden associated with ESI. Defendants, therefore, reserve all objections regarding Plaintiff's specified time period as it applies to the collection, processing, and production of ESI. If Defendants encounter burden and proportionality concerns with ESI, Defendants will promptly address them with Plaintiff, including sharing appropriate metrics.

## RESPONSES TO REQUESTS

1. Without regard to date, all documents, including but not limited to guidance, memoranda, directives and communications prepared by the Attorney General's Office or the TBI, related to:

    a. the enactment of the Aggravated Prostitution statute on May 8, 1991;

    b. the inclusion of aggravated prostitution as a "sexual offense" in Tenn. Code Ann. § 40-39-202(20), requiring registration and reporting under TN-SORA;

    c. the amendment of Tenn. Code Ann. § 40-39-202 which included aggravated prostitution offenses occurring after July 1, 2010 within the definition of "violent sexual offenses" and which went into effect on July 1, 2010; and

    d. Senate Bill 181 / House Bill 1383, 2024 Tenn. Laws Pub. Ch. 545, which went into effect on July 1, 2024.

**RESPONSE:** The TBI objects to the request because it obviously calls for information protected by the attorney-client privilege and/or protected work product. For example, the request calls for "communications prepared by the Attorney General's Office." It also calls for communications

related to 2024 Tenn. Pub. Acts, c. 545, which took effect this year and has directly affected this litigation. The TBI will not produce privileged or protected documents.

The TBI also objects to the request as unduly burdensome because it has no date limitation and requests "all documents . . . related to" events occurring as early as 1991. Responding to that unlimited request would require TBI to search for documents over three decades old. Subject to its other objections, including its third objection to instructions regarding time periods, the TBI will search for documents created on or after January 1, 2018.

The TBI also objects to the request as unduly burdensome because it seeks "all documents" in the possession of the TBI's approximately 700 employees, and that number is compounded over the open-ended date range for the request.

The TBI also objects to this request because it clearly calls for documents not within its possession, custody, or control. Records of the Attorney General's Office should be obtained via a Rule 45 subpoena to non-party Attorney General's Office. The TBI has no authority to compel the Attorney General's Office to give it records and would not be capable of authenticating any of those records.

Subject to the foregoing objections, the TBI will conduct reasonable searches for electronically stored information in the possession of custodians identified as likely to possess potentially responsive information by using search terms negotiated by counsel for the parties. The TBI will also search for and produce, to the extent they have not been destroyed pursuant to a records disposition authorization, end-of-session summaries prepared by legislative liaisons for the TBI that relate to the legislative enactments enumerated in this request. The TBI intends to produce a screenshot of the statement related to 2024 Tenn. Pub. Acts, c. 545 published on its SOR Information website. The TBI intends to produce letters to registering agencies notifying them of

        b.    the amount of funds received, by year, from each individual required to register under TN-SORA solely because of an Aggravated Prostitution conviction.

**RESPONSE:** The TBI objects to this request as impossible and overly burdensome. The request seeks documents "without regard to date," which would require the TBI to search for information spanning decades. The request also seeks documents and information that is impossible for the TBI to collect. Registrants have paid fees directly to registering agencies for two decades. *See* Tenn. Code Ann. §§ 40-39-204(b)(1), -(c) (2024, 2019, 2014, 2009, and 2004 versions). Only for a period did registering agencies submit a portion of those fees to the TBI, and that practice ended in 2020. 2020 Tenn. Pub. Acts, c. 668, §§ 4-5. Moreover, even when registering agencies did submit portions of payments to the TBI, they did not submit those payments in a uniform manner, and many registering agencies, including the registering agency in Memphis, did not tie payments to specific registrants such that the TBI could identify which payments originated from registrants that registered solely because of an aggravated prostitution conviction. And even if payments were tied to specific registrants, it would be unduly burdensome for the TBI to manually review every check submitted to the TBI from dozens of registering agencies for thousands of registrants to identify the small portion connected with registrants convicted solely of aggravated prostitution. This information is far more readily available from another source: the complainants on whose behalf Plaintiff sues. The TBI will not produce any documents in response to this request.

    8.    Without regard to date, documents sufficient to show all Aggrieved Persons held in TDOC custody or a TDOC facility because of an Aggravated Prostitution conviction, including at which TDOC facility or facilities they were located and the time period(s) of their time in TDOC custody.

**RESPONSE:** The TBI objects to this request because it clearly calls for documents not within its possession, custody, or control. Records of incarceration in TDOC facilities should be obtained via a Rule 45 subpoena to non-party TDOC. The TBI has no authority to compel TDOC to give it incarceration records and would not be capable of authenticating any of those records.

Subject to the foregoing objections, the TBI intends to produce the SOR files of all individuals who, as of June 30, 2024, were registered solely because of a conviction for aggravated prostitution, which will include registration forms that may list a TDOC facility as a primary address. The TBI also intends to produce the Tennessee files from Tennessee's state criminal history database of the same individuals, which will show any recorded convictions for aggravated prostitution in Tennessee along with the date of that conviction.

9. Without regard to date, documents sufficient to show all individuals required to register under TN-SORA solely because of an Aggravated Prostitution conviction for whom TDOC (or its predecessor, BOPP) serves as the registering agency.

**RESPONSE:** The TBI objects to this request because it clearly calls for documents not within its possession, custody, or control. Records of TDOC should be obtained via a Rule 45 subpoena to non-party TDOC. The TBI has no authority to compel TDOC to give it records and would not be capable of authenticating any of those records.

Subject to the foregoing objections, the TBI intends to produce the SOR files of all individuals who, as of June 30, 2024, were registered solely because of a conviction for aggravated prostitution, which will include registration forms that may list a TDOC or BOPP employee as the reporting officer.

10. Without regard to date, documents sufficient to show how or in what circumstances TDOC (or its predecessor, BOPP) is assigned as the registering agency for someone required to register under TN-SORA.

**RESPONSE:** The TBI objects to this request because it clearly calls for documents not within its possession, custody, or control. Records of TDOC should be obtained via a Rule 45 subpoena to non-party TDOC. The TBI has no authority to compel TDOC to give it records and would not be capable of authenticating any of those records.

Subject to the foregoing objections, the TBI refers Plaintiff to Tenn. Code Ann. §§ 40-39-202(2), -204(b)(1), -204(c), -204(e), and -208(a)(3), and to other related statutes that are publicly available. The TBI will not produce any documents in response to this request.

11. Any documents containing, reflecting, describing, explaining, discussing, or proposing policies, rules, standards, tools, practices, or processes relating to driver's license or identification card designations for individuals required to register under TN-SORA solely because of an Aggravated Prostitution conviction, including documents related to the policies and procedures of the Tennessee Department of Safety.

**RESPONSE:** The TBI objects to this request because it clearly calls for documents not within its possession, custody, or control. Records of the Tennessee Department of Safety and Homeland Security should be obtained via a Rule 45 subpoena to the non-party Department. The TBI has no authority to compel the Department to give it license records and would not be capable of authenticating any of those records.

Subject to the foregoing objections, the TBI intends to produce a form for submission to the Department of Safety that is routinely mailed to registrants who have been terminated, the

quick reference guide for Tennessee law enforcement, the current instruction form, and training materials related to the sex offender registry database available through TBI Learn.

12. All documents, including but not limited to guidance, memoranda, directives and communications between the Attorney General and Reporter of Tennessee and the District Attorneys General Conference regarding Aggravated Prostitution and TN-SORA from January 1, 2010, through the present.

**RESPONSE:** The TBI objects to this request because it clearly calls for privileged attorney-client communications when it seeks "[a]ll documents . . . between the Attorney General and Reporter of Tennessee and the District Attorneys General Conference . . . ." The TBI will not produce any privileged documents.

The TBI also objects to this request because it clearly calls for documents not within its possession, custody, or control. Records of the Attorney General or the District Attorneys General Conference should be obtained via a Rule 45 subpoena to those non-parties. The TBI has no authority to compel the Attorney General or the Conference to give it records and would not be capable of authenticating any of those records. The TBI cannot produce records not in its possession, custody, or control. The TBI will not search for or produce documents in response to this request.

        Respectfully submitted,

        JONATHAN SKRMETTI
        Attorney General and Reporter

        */s/ Cody N. Brandon*
        CODY N. BRANDON (BPR# 037504)
        Managing Attorney
        Senior Assistant Attorney General
        Law Enforcement &
        Special Prosecutions Division
        Office of the Tennessee