# Exhibit C

| | |
|---|---|
| **From:** | Szemanski, Ali (CRT) |
| **To:** | Cody N. Brandon |
| **Cc:** | David M. Rudolph; Matthew P. Dykstra; Amanda Jordan; Berger, Stephanie (CRT); Bobrow, Anna (CRT); Faiella, Matthew (CRT); Diaz-Silveira, Krysten (CRT) |
| **Subject:** | RE: U.S. v. Tennessee: Follow Up re: State"s Resp. to U.S. RFPs |
| **Date:** | Friday, August 30, 2024 12:01:00 PM |
| **Attachments:** | image001.png |

Hi Cody,

Thank you for your quick response. Let's plan on Wednesday at 10 AM CT/11 AM ET. We can use the following dial-in information for this call:

> +1 202-235-7900,,374624146# United States, Non Geographic
> Find a local number
> Phone conference ID: 374 624 146#

Thank you for sharing the additional clarifications and responses on your position. If the Court were to determine that other Tennessee agencies were subject to party discovery under Rule 34, we hope that you could work cooperatively with your colleagues at the Attorney General's Office to assist those agencies in responding to discovery. We also understand that you have objected to the scope of some of our requests to TBI and we hope we have made it clear that we would like to work collaboratively with you on narrowing our requests to something agreeable, if possible.

It would be helpful if you could identify for us the correct contacts for the following Tennessee agencies specifically identified n the first set of RFPs as we evaluate our options: the Tennessee Department of Corrections and the Tennessee Department of Safety.

We will review the universe of custodians you have circulated but, as of this point, the State is the party with superior knowledge as to who relevant custodians would be. In our Initial Disclosures, we identified several individuals who may have discoverable information pertinent to some or all of these requests. When we speak Wednesday, it would be helpful for a quick overview of the intended functions of the general TBISOR email addresses you have circulated.

Thank you for the updates on your collection and review, and for your commitment to keeping us apprised of the status.

Wishing you and your team a nice Labor Day weekend,
Ali

---

**From:** Cody N. Brandon <Cody.Brandon@ag.tn.gov>
**Sent:** Thursday, August 29, 2024 5:47 PM
**To:** Szemanski, Ali (CRT) <Ali.Szemanski@usdoj.gov>
**Cc:** David M. Rudolph <David.Rudolph@ag.tn.gov>; Matthew P. Dykstra <Matthew.Dykstra@ag.tn.gov>; Amanda Jordan <Amanda.Jordan@ag.tn.gov>; Berger, Stephanie

(CRT) <Stephanie.Berger@usdoj.gov>; Bobrow, Anna (CRT) <Anna.Bobrow@usdoj.gov>; Faiella, Matthew (CRT) <Matthew.Faiella@usdoj.gov>; Diaz-Silveira, Krysten (CRT) <Krysten.Diaz-Silveira2@usdoj.gov>
**Subject:** [EXTERNAL] RE: U.S. v. Tennessee: Follow Up re: State's Resp. to U.S. RFPs

Ali,

Thanks for talking through the first little bit of the RFPs. Tuesday is stacked up for me after the long weekend, but I am happy to get on another call Wednesday morning to keep working through the rest. Do you want to plan for 10:00 central/11:00 eastern?

I have a few clarifications and responses below.

Requests to the State of Tennessee
The State of Tennessee opposes a motion to compel. To clarify, I indicated that I could not—not "would not"—authenticate documents produced by non-party executive agencies.

You have requested broad categories of documents from various branches of government that are not parties here. I am not in a position to act as an intermediary on behalf of those agencies that I do not represent, who each have varied statutory schemes that may restrict the disclosure of information, and who each may interpret your requests in different ways. As TBI's objections should make clear, there is no doubt the scope of your requests would be met with confusion by third parties. And what could I say exactly to clear up that confusion? These are not my requests, and I would be guessing as to their intended scope or how to alleviate burden without risking that responsive documents would be missed from the production. The institutional and programmatic knowledge of a client possessed by whoever responds to your subpoenas will make discovery significantly more efficient.

I still have not heard why pursuing Rule 45 discovery is not an effective solution here. As Anna said on the call, subpoenas would likely bring you to the same place as successful motion practice on this issue—but without the time wasted on motions and with the benefit of soliciting documents directly from the people best positioned to answer your requests. As an alternative to motion practice that is certain to delay this case, I am happy to facilitate contact between your team and the specific agencies from which you seek documents so that you can work out subpoenas with them. If you could provide me a list of the agencies you would like to speak with, I can introduce you to the correct contact. I expect that, even now, working directly with specific agencies through Rule 45 will get you more relevant documents more efficiently than insisting on the principle you intend to present in your motion.

Date Range and Retention
I did not confirm that TBI would produce documents created before January 1, 2018. I did say that when TBI is searching for discrete documents, if it locates other discrete documents that are responsive to the requests through that search that were created before 2018, it will produce those documents. We will apply the January 1, 2018 cutoff to searches of email inboxes.

I am working to collect more information on RDAs that might be informative. I will provide applicable RDAs that I find, and I will ask for one specific to Outlook, but I did not promise to produce an Outlook-specific RDA or any other specific RDA.

Custodians and Search Terms

I am not prepared to circulate search terms by Tuesday, which is only two business days from your email and four days since we first broached the topic of search terms.  In order to talk realistically about reasonableness of search terms, I have to know the body of data I am going to be applying those terms to.  What I can give you today to start thinking about is the universe of email inboxes we will search.  I have included a proposed list below.  I am happy to discuss this list further on Wednesday.  If you had any specific custodians in mind that are not on the list, please send those before Wednesday so I can consider and be prepared to discuss.

> Jeanne Broadwell—General Counsel
> Ned Williams—Associate Counsel
> Shelly Smitherman—Assistant Special Agent in Charge
> TBISORMGR@tbi.tn.gov
> TBISORFILES@tbi.tn.gov
> TBISORFEES@tbi.tn.gov
> TBI.SOR@tbi.tn.gov

Production Status Update

As I mentioned on our call, we have nearly finished collecting the discrete documents indicated for production in our responses.  Collection of the remaining material has been slowed down by our effort to capture interactive online material in a format that will be useful for you once produced.  But we are moving ahead with review of the material already collected.  I am making every effort to get the first installment of a rolling production to you before our September 13 deadline to serve written discovery.  But, already, we are looking at a few thousand files, and because of the strictures of the protective order in this case, even material that I know is responsive in bulk must be reviewed carefully to label any information that might "indicate that a person is or ever has been registered as a sexual offender."

I understand your desire to receive documents for review and for follow-up requests before the cut-off for serving written discovery.  I think you can also understand that your choice to wait until five months into litigation—and less than two months before the deadline for service—to serve RFPs is the main driver of urgency here.  We worked hard to get you our objections early and keep this case on track, and we will continue to do so.  So, as I said yesterday, I cannot tell you a hard date when documents will be ready to produce, but I can commit to continue to be open with you about updates.

Cody N. Brandon
Managing Attorney
Phone: (615) 532-7400
Email: Cody.Brandon@ag.tn.gov



**From:** Szemanski, Ali (CRT) <Ali.Szemanski@usdoj.gov>
**Sent:** Thursday, August 29, 2024 10:58 AM
**To:** Cody N. Brandon <Cody.Brandon@ag.tn.gov>; David M. Rudolph <David.Rudolph@ag.tn.gov>; Matthew P. Dykstra <Matthew.Dykstra@ag.tn.gov>; Amanda Jordan <Amanda.Jordan@ag.tn.gov>

**Cc:** Berger, Stephanie (CRT) <Stephanie.Berger@usdoj.gov>; Bobrow, Anna (CRT) <Anna.Bobrow@usdoj.gov>; Faiella, Matthew (CRT) <Matthew.Faiella@usdoj.gov>; Diaz-Silveira, Krysten (CRT) <Krysten.Diaz-Silveira2@usdoj.gov>
**Subject:** U.S. v. Tennessee: Follow Up re: State's Resp. to U.S. RFPs

Dear Cody,

Thank you again for meeting with us on 8/27 about your responses and objections to the U.S.'s First Set of RFPs.  I'm writing to check in on several of the issues discussed at this meeting.

<u>Requests to the State of Tennessee</u>

At this first meet and confer, we discussed your position that you cannot, on behalf of the State, obtain documents from any Tennessee executive agency not named in the suit because those entities are not parties. The United States seeks documents from a few Tennessee executive agencies, such as the Tennessee Department of Corrections and the Tennessee Department of Safety and Homeland Security.

Your position is that Rule 45 subpoenas, not party discovery under Rule 34, are the proper method for discovery from these entities.  You also indicated that, in the absence of a subpoena, your office would not authenticate any of these documents.  Similarly, you indicated that you will not stipulate to the authenticity of various documents provided by the State of Tennessee to the United States via your office during the investigation.

Our position is that documents of state executive agencies are properly sought under Rule 34, as these documents are within the control of a party—the State.  For purposes of Rule 34, the term "control" is broadly construed and is "not limited to whether the party has a legal right to those documents but rather that there is 'access to the documents' and 'ability to obtain the documents.'" *New York ex rel. Boardman v. National R.R. Passenger Corp.*, 233 F.R.D. 259, 268 (N.D.N.Y. 2006); *see also St. Clair County Emps.' Retirement Sys. v. Acadia Healthcare Co.*, No. 3:18-cv-00988, 2023 WL 3659734, at *3 (M.D. Tenn. May 25, 2023) (explaining that Sixth Circuit precedent "does not limit 'control' to only that which a party has a legal right to obtain").  The issue of whether Tennessee as a party has control over the documents of its state agencies is not one of principle, but rather, of ensuring compliance with the Federal Rules of Civil Procedure.

As we mentioned, your representation that the State of Tennessee cannot gain documents from its executive agencies is surprising. The United States opened an investigation directed to the State of Tennessee that culminated in this lawsuit.  During this investigation, your office obtained documents from various executive agencies, including TBI and the Tennessee Department of Corrections. When litigation began and the parties discussed a litigation hold, your co-counsel expressed general concerns about the State being named as a party, but indicated you would be ready to discuss the "potential for discoverable documents and the propriety of a specific hold."  3/5/2024 Email (attached).  At our 26(f) conference, we identified several specific entities that may possess relevant

information to our claim in this suit and discussed discovery considerations as to those entities, such as relevant privileges.   At no point prior to your August 14 discovery responses did your office suggest it could not obtain documents from the identified agencies or indicate that such documents could only be sought by subpoena.

In light of your position, we anticipate filing a motion to compel on this issue.  Please let us know your position on a motion to compel by **this Tuesday, September 3**.

Status of Your Production

As of our 8/27 meeting, you indicated that your collection of documents is not complete and that you have not yet begun reviewing these documents.  You were unable to provide a "hard" date as to a first production of items that you identified in your response and that are not impacted by conferral on search terms or custodians.  Given the pendency of the deadline to serve written discovery, we request that you provide a concrete update on anticipated production date(s) by **tomorrow (Fri. 8/30).**

Other Discovery Issues Discussed

At our meeting, we also discussed the issue of supplementation for information stored in active databases.  We agreed we would revisit this issue once the United States has received production of the records from those databases and can more appropriately gauge what date(s) are appropriate.

We began to discuss search terms and parameters as to Request 1.  You confirmed that you would produce documents created before January 1, 2018, that are collected during your search.  You also agreed to provide us additional information on TBI's document retention policies, including as to Outlook.  Please provide an update or a copy of the policy by our next meeting.  If the retention policy requires the preservation of documents prior to January 1, 2018, we should revisit the appropriateness of that date.

We also indicated that we would like the sex offender registry files of individuals solely registered for aggravated prostitution who were terminated from the registry prior to June 30, 2024.  Given that it is our understanding that only individuals with a single pre-2010 conviction or who have been the victim of human trafficking were entitled to seek removal before that date, we expressed that this would likely be a small universe of documents.  You agreed to speak with your client as to whether these documents can be located in TBI's system.

We also discussed search terms and decided that you would propose search terms for these documents.  Please circulate proposed search terms by **Tuesday, September 3**.

Scheduling Another Meeting

We have several other topics we wanted to discuss as to your responses and objections to our RFPs.

Please let us know if the following times work for you:

- Tuesday, September 3, 3-4:30 PM ET
- Wednesday, September 4, 10 AM-12 PM ET; 1-2 PM ET; 3-5 PM ET

When you confirm, we can circulate dial-in information.

Thank you,
Ali

Ali Szemanski
(202) 568-3884

Trial Attorney
U.S. Department of Justice
Civil Rights Division
Disability Rights Section
Pronouns: she/her/hers (What's this?)

If you need any reasonable accommodations for a disability, please let me know.