# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
AT MEMPHIS

| | |
|---|---|
| UNITED STATES OF AMERICA; ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:24-cv-02101 |
| ) | |
| THE STATE OF TENNESSEE and the ) | Chief Judge Lipman |
| TENNESSEE BUREAU OF ) | Chief Magistrate Judge Pham |
| INVESTIGATION, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THE UNITED STATES' SUPERSEDING RESPONSE TO DEFENDANTS' FIRST REQUESTS FOR PRODUCTION AND INTERROGATORIES**

The United States responds as follows to Defendants State of Tennessee and Tennessee Bureau of Investigation's (TBI) (collectively, Defendants) First Requests for Production and Interrogatories, pursuant to Federal Rules of Civil Procedure 26, 33, and 34. This Response supplements and supersedes the United States's Response issued on September 5, 2024.

**GENERAL RESPONSES**

1.  The United States' review of the information and documents it has collected is continuing, as is fact discovery, and the United States reserves the right to revise, correct, supplement, clarify, and amend these responses as additional responsive information is identified. The United States' objections and responses are based on information and documents now known to the Department of Justice and its attorneys and are made without prejudice to the United States' right to assert additional objections, or to clarify, revise, correct, or supplement its responses or

1

and ordered by the Court in Section II.E of the Stipulation and Order Regarding Discovery and on the ground that it seeks to identify information privileged as attorney work product.

## OBJECTIONS TO DEFINITIONS

1. The United States objects to Definitions 1 and 2 on the ground that they have no time limitation and are therefore overly broad and unduly burdensome. The United States will produce non-privileged documents and communications in its possession, custody, or control after November 1, 2021. The United States will provide information about privileged documents and communications in its possession, custody, or control after November 1, 2021 on a privilege log consistent with the requirements of Section II.E of the Stipulation and Order Regarding Discovery.

2. The United States objects to Definition 3 on the ground that it exceeds the obligations imposed on the United States by Fed. R. Civ. P. 34 and requires a narrative response more appropriately sought under Fed. R. Civ. P. 33.

3. The United States objects to Definition 4 on the ground that it calls for the disclosure of information beyond the scope of the allegations here and is not relevant to either party's claim or defense. The United States further objects to the Definition as vague, as there are many ways one could interpret the meaning of "you." For example, it is unclear whether "you" refers to the Disability Rights Section of the U.S. Department of Justice's Civil Rights Division, the Civil Rights Division broadly, the U.S. Department of Justice, or the entire United States Government. In its Responses, the United States is responding on behalf of the Civil Rights Division because counsel from the Civil Rights Division are litigating this matter. The United States further objects to the Definition as overbroad and burdensome to the extent that Defendants seek documents beyond the custody of the U.S. Department of Justice, as these requests would

require a search of agencies and entities where documents or communications are likely to be non-responsive, objectionable, or privileged.

        4.       The United States objects to Definition 10 on the ground that it seeks information about the United States' legal strategy for how it will seek compensatory damages, by defining "Complainants" as those "for whom [the United States] seek[s] compensatory damages." It is premature to ask the United States to identify all individuals for whom it seeks compensatory damages when discovery is ongoing. At this stage, such information is protected by the work-product doctrine. Subject to and without waiving this objection, the United States will identify Complainant A in response to Interrogatory No. 2 and will provide documents and communications regarding Complainant A in response to requests about "Complainants" where appropriate, but the United States reserves the right to supplement its responses with information about other individuals for whom it seeks compensatory damages at such time that this information is available. This objection applies to every Request that seeks information about Complainants.

## OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST NO. 1: Produce all documents and communications you have reviewed or otherwise relied upon to file your complaint, including but not limited to the full text of any scholarly articles cited in the complaint.**

RESPONSE: The United States objects to this Request on the ground that it calls for production of documents and communications protected by the attorney-client privilege, work-product doctrine, investigative/law enforcement privilege, and/or deliberative-process privilege. In particular, the information gathered during an investigation – whether through documents or communications – are privileged from discovery under the law-enforcement or investigative file privileges. *See In re Sealed Case*, 856 F.2d 268, 271-72 (D.C. Cir. 1988). This privilege is necessary to protect government processes; absent such a privilege, disclosure could undermine the effectiveness of law enforcement by disclosing investigative techniques, deterring witness

4

**REQUEST NO. 22: Produce all documents and communications which you obtained pursuant to a subpoena in this action.**

RESPONSE: The United States does not possess any documents that respond to this Request. If the United States obtains any documents pursuant to a subpoena in this action, the United States will provide notice and a copy of the subpoena to Defendants consistent with Rule 45 and supplement its response to this Request as necessary.

**REQUEST NO. 23: Produce all documents and communications which you obtained pursuant to an open records request related to your claims and assertions in this action.**

RESPONSE: The United States does not possess any information that responds to this Request. If the United States obtains any records pursuant to an open records request related to its claims and assertions in this action, the United States intends to supplement its response to this Request as necessary.

**REQUEST NO. 24: Produce all pleadings, filings, and discovery from any prior lawsuit you have filed related to State statutes involving HIV-positive individuals.**

RESPONSE: The United States objects to this Request as duplicative of other requests, including Requests Nos. 8 and 20. Subject to and without waiving this objection, the United States does not possess and is unaware of any information that responds to this Request.

**REQUEST NO. 25: Produce all filings, including indictments, from any prosecution under 18 U.S.C. § 1122.**

RESPONSE: The United States objects to the Request as overly broad because it calls for information that is not relevant to any party's claim or defense in this litigation. 18 U.S.C. § 1122 criminalizes knowingly donating or selling, or attempting to donate or sell, organs, tissues, blood, or other bodily fluids after receiving actual notice of a positive HIV test. Prosecutions of this crime have no bearing on whether Defendants' enforcement of the aggravated prostitution statute violates the ADA, and as such, any attempt to seek documents on this issue exceeds the scope of

this litigation. The United States also objects to the Request as overly burdensome because it lacks any time limitation and would require a search likely spanning numerous custodians across 93 United States Attorneys' Offices, as well as other components of the Department of Justice which may have authority to prosecute offenses under this statute. Given that this Request exceeds the scope of the litigation, it is therefore also disproportionate to the needs of the case.

Subject to and without waiving these objections, and in accordance with its objection to Definition 4, the United States does not have in its custody or control any records responsive to this Request.

**REQUEST NO. 26: Produce documents sufficient to show the name, case number, and venue of every lawsuit or administrative proceeding challenging the validity or applicability of Department of Defense Instruction 6130.03 § 6.23(b), Instruction 6485.01, or any other directive, instruction, or policy of the Department of Defense or any department of the United States military which prohibits or restricts the enlistment of servicemembers based on infection with HIV.**

RESPONSE: The United States objects to the Request as overly broad because it calls for information that is not relevant to any party's claim or defense. Any directive, instruction, or policy of the Department of Defense or the U.S. military which prohibits or restricts the enlistment of servicemember based on HIV status is irrelevant to whether Defendants' enforcement of the aggravated prostitution statute violates the ADA, and as such, any attempt to seek documents on this issue exceeds the scope of this litigation. The United States also objects to the Request as overly burdensome because it lacks any time limitation and would require a search likely spanning numerous custodians and components of the U.S. Department of Justice outside the Civil Rights Division. This request is also overly burdensome to the extent it seeks "any other directive, instruction, or policy of the Department of Defense or any department of the United States military which prohibits or restricts the enlistment of servicemembers based on infection with HIV." The United States' armed forces consist of six service branches who may have responsive documents

21

relating to HIV, including pertaining to policies that are no longer operative. These branches consist of millions of active duty and civilian personnel who may have responsive documents. Given that this Request exceeds the scope of the litigation, it is therefore also disproportionate to the needs of the case.

Subject to and without waiving these objections, and in accordance with its objection to Definition 4, the United States does not have in its custody or control any records responsive to this Request.

**REQUEST NO. 27: With respect to any testifying expert witness, produce:**
- a. **The expert's current resume;**
- b. **Any relevant publications or prior testimony by the expert;**
- c. **All expert reports;**
- d. **Any and all documents on which the expert relied in reaching their opinion; and**
- e. **Any communications with your counsel relating to compensation for expert testimony or to facts, data, or assumptions that your counsel provided and that the expert considered or relied upon in forming his or her opinion, as required by Rule 26.**

RESPONSE: The United States objects to the Request on the grounds that it calls for the disclosure of expert testimony before it is required under the Court's Scheduling Order. Subject to and without waiving these objections, the United States will produce expert disclosures in accordance with the Court's Scheduling Order.

**REUQEST NO. 28: Produce all documents identified in your initial disclosures.**

RESPONSE: The United States will produce documents identified in its initial disclosures, including the documents that the State of Tennessee provided during the investigation that preceded the filing of this lawsuit. The United States makes no representations as to its intent to rely on any of the documents that the State of Tennessee previously provided, and it objects to the

22

**INTERROGATORY NO. 6: Identify, for each Complainant, the precise amount of compensatory damages sought and the amount, by category, of every fee, cost, fine, bond, or other expense paid by the Complainant that support the claim for damages.**

RESPONSE: As stated in its Objection to Definition 10 and its Response to Request No. 16, the United States objects to any request for information that prematurely asks the United States to identify those individuals for whom it seeks compensatory damages while discovery is ongoing and, as to Complainant A, the precise amount of damages the United States seeks.  At this premature stage, such information is protected by work-product doctrine.  The United States reserves the right to supplement its responses at such time that this information is available.

**INTERROGATORY NO. 7: For each Complainant who you allege has had difficulty finding employment or housing because of the challenge statutes, describe the efforts each Complainant made to secure employment or housing, including by identifying specific landlords or employers who denied housing or employment.**

RESPONSE: As explained in the United States' objection to Definition 10, the United States objects to this Interrogatory on the ground that Defendants' definition of "Complainants" seeks to prematurely require identification and designation of individuals for whom the United States intends to seek damages.  At this premature stage, such information is protected by work-product doctrine.  The United States also objects to this Interrogatory as it lacks this information as to Complainant A.  Defendants should contact counsel for Complainant A to obtain this information.

Subject to and without waiving these objections, the United States reserves the right to supplement its responses as additional information is identified or produced.

**INTERROGATORY NO. 8: Identify and describe all government purposes served by 18 U.S.C. § 1122.**

RESPONSE:  The United States objects to this Interrogatory as exceeding the scope of litigation on the ground that the statute and any purported purpose for it is not relevant to any

29

party's claim or defenses here. The cited statute criminalizes knowingly donating or selling, or attempting to donate or sell, organs, tissues, blood, or other bodily fluids after receiving actual notice of a positive HIV test. Prosecutions of this crime have no bearing on whether Defendants' enforcement of the aggravated prostitution statute violates the ADA. Moreover, as stated in its Response to Request No. 25, the United States also objects to the Interrogatory as overly burdensome because it lacks any time limitation and would require a search likely spanning numerous custodians across 93 United States Attorneys' Offices, as well as other components of the Department of Justice which may have authority to prosecute offenses under this statute. Subject to and without waiving these objections, and in accordance with its objection to Definition 4, the United States does not possess any records responsive to this Interrogatory.

**INTERROGATORY NO. 9: Identify and describe all government purposes served by Department of Defense Instruction 6130.03 § 6.23(b), Instruction 6485.01, and any other directive, instruction, or policy of the Department of Defense or any department of the United States military which prohibits or restricts the enlistment of servicemembers based on infection with HIV.**

RESPONSE: The United States objects to the Interrogatory as exceeding the scope of litigation. Any directive, instruction, or policy of the Department of Defense or the U.S. military which prohibits or restricts the enlistment of military servicemembers based on HIV status or the purposes these directives, instructions, or policies serve is irrelevant to whether Defendants' enforcement of the aggravated prostitution statute violates the ADA.

As further stated in its Response to Request No. 26, the United States also objects to the Interrogatory as overly burdensome because it lacks any time limitation and would require a search likely spanning numerous custodians and components of the Department of Justice outside the Civil Rights Division. The United States' armed forces consist of six service branches who may have responsive documents relating to HIV, including pertaining to policies that are no longer

30

operative. These branches consist of millions of active duty and civilian personnel who may have responsive documents. Given that this Interrogatory exceeds the scope of the litigation, it is therefore also disproportionate to the needs of the case. Subject to and without waiving these objections, and in accordance with its objection to Definition 4, the United States does not possess any records responsive to this Interrogatory.

Dated: September 27, 2024

REBECCA B. BOND
Chief

*/s/ Anna G. Bobrow*
KEVIN KIJEWSKI
Deputy Chief
STEPHANIE M. BERGER
NY Bar #5201439
ALI N. SZEMANSKI
PA Bar #327769
ANNA G. BOBROW
DC Bar #1743249
Trial Attorneys
Disability Rights Section
Civil Rights Division
U.S. Department of Justice
150 M Street NE
Washington, D.C. 20002
202-307-0663
Stephanie.Berger@usdoj.gov
Ali.Szemanski@usdoj.gov
Anna.Bobrow@usdoj.gov

*Counsel for United States*